IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> IQVIA HOLDINGS INC., <br><br> and <br><br> PROPEL MEDIA, INC., <br><br> Defendants. | Case. No.: 1:23-cv-06188-ER |

**[PROPOSED] ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER**

Pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), and upon consideration of Plaintiff Federal Trade Commission's Motion for Temporary Restraining Order and any opposition thereto, IT IS HEREBY ORDERED that the Motion is GRANTED.  WHEREAS:

1. On July 17, 2023, Plaintiff Federal Trade Commission began an administrative proceeding pursuant to Sections 7 and 11 of the Clayton Act, 15 U.S.C. §§ 18, 21, and Section 5 of the FTC Act, 15 U.S.C. § 45, captioned *In re IQVIA Holdings Inc., and Propel Media, Inc.*, FTC Docket No. 9416 (the "FTC Administrative Proceeding"), to determine the lawfulness of the proposed acquisition of Defendant Propel Media, Inc. by Defendant IQVIA Holdings Inc. (the "Acquisition").

2. On July __, 2023, Plaintiff filed in this Court a Complaint for Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act seeking, among

other relief, a preliminary injunction enjoining Defendants from completing the Acquisition while the FTC Administrative Proceeding is pending.

3. On July __, 2023, Plaintiff filed in this Court a Motion for Temporary Restraining Order, in which Plaintiff requested that the Court enjoin Defendants from completing the Acquisition before the Court decides whether Plaintiff is entitled to the relief requested in its Complaint.

4. Plaintiff served Defendants with, and thereby provided notice of, Plaintiff's Motion for Temporary Restraining Order on July __, 2023.

5. In the absence of temporary relief, Defendants can consummate the Acquisition after 11:59 PM Eastern Time on July 21, 2023.

6. Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), provides in relevant part:

> "Whenever the Commission has reason to believe—
>
> (1) that any person, partnership, or corporation is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission, and
>
> (2) that the enjoining thereof pending the issuance of a complaint by the Commission and until such complaint is dismissed by the Commission or set aside by the court on review, or until the order of the Commission made thereon has become final, would be in the interest of the public—
>
> the Commission by any of its attorneys designated by it for such purpose may bring suit in a district court of the United States to enjoin any such act or practice. Upon a proper showing that, weighing the equities and considering the

Commission's likelihood of ultimate success, such action would be in the public interest, and after notice to the defendant, a temporary restraining order or a preliminary injunction may be granted without bond."

7. Plaintiff has sufficiently demonstrated a likelihood of ultimate success.

8. The weight of the equities is in favor of issuing the requested temporary restraining order.

9. Entry of the requested temporary restraining order would be in the public interest.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), Defendants shall not consummate the Acquisition until after (a) 11:59 PM Eastern Time on the tenth business day after the Court rules on Plaintiff's Complaint for Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act, or (b) after the date set by this Court, whichever is later.

2. In connection with the paragraph immediately above, Defendants shall take any and all necessary steps to prevent any of their officers, directors, domestic or foreign agents, divisions, subsidiaries, affiliates, partnerships, or joint ventures from consummating, directly or indirectly, the Acquisition.

3. In computing any period of time specified in this Order, the day of the act, event, or default that triggers the period shall be excluded. The term "business day" as used in this Order refers to any day that is not a Saturday, Sunday, or federal holiday.

SO ORDERED, this _____ day of _____, 2023.

_____
United States District Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 17, 2023, I electronically filed a true and correct copy of the foregoing document using the United States District Court for the Southern District of New York CM/ECF System.

I FURTHER CERTIFY that I served the foregoing document on the following counsel via electronic mail:

Kenneth S. Reinker
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue Northwest
Washington, DC 20037
Tel.: (202) 974-1500
Email: kreinker@cgsh.com

*Counsel for Defendant IQVIA Holdings Inc.*

Alexander Okuliar
MORRISON FOERSTER
2100 L Street NW STE 900
Washington, DC 20037
Tel.: (202) 887-1500
Email: aokuliar@mofo.com

*Counsel for Defendant Propel Media, Inc.*

ANJELICA SARMIENTO
Bar No. 5636154
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: 202-725-3429
Email: asarmiento@ftc.gov

*Counsel for Plaintiff*
*Federal Trade Commission*