IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                        Plaintiff,<br><br>    v.<br><br>IQVIA HOLDINGS INC.,<br><br>    and<br><br>PROPEL MEDIA, INC.,<br><br>                        Defendants. | Case. No. 1:23-cv-06188-ER |

**[PROPOSED] PROTECTIVE ORDER**

Upon consideration of Plaintiffs Federal Trade Commission's Unopposed Motion for Entry of Protective Order Governing Confidential Information,

**IT IS HEREBY ORDERED THAT** for the purpose of protecting the interests of the parties and non-parties in the above-captioned matter against improper use and disclosure of confidential information produced in connection with this matter, this Protective Order ("Protective Order") shall govern the handling of all Confidential Information, as hereafter defined.

1.    As used in this Order, "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available, including sensitive personal information. "Sensitive personal information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial information, credit

1

card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records. "Document" shall refer to any discoverable writing, recording, transcript of oral testimony, or electronically stored information in the possession of a party or a non-party. "Commission" shall refer to the Federal Trade Commission ("FTC"), or any of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons retained as consultants or experts for purposes of this proceeding. In addition, a designating party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the designating party believes should receive confidential treatment. This includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations that might reveal Confidential Information.

2. Any Document or portion thereof produced by a Defendant or a non-party during Plaintiffs' investigation or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any other federal statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Information derived from a Document subject to this Order, shall be treated as Confidential Information for purposes of this Order. The identity of a non-party producing such Confidential Information shall also be treated as Confidential Information for the purposes of this Order where the producing party has requested such confidential treatment.

3. The parties and any non-parties, in complying with informal discovery requests, disclosure requirements, or discovery demands in this proceeding may designate any responsive

Document or portion thereof as Confidential Information, including Documents obtained by them from non-parties pursuant to discovery or as otherwise obtained.

4. The parties, in conducting discovery from non-parties, shall provide to each non-party a copy of this Order so as to inform each non-party of his, her, or its rights herein.

5. A designation of confidentiality shall constitute a representation in good faith, after careful determination that the material is not reasonably believed to be already in the public domain, that counsel believes the material so designated constitutes Confidential Information as defined in Paragraph 1 of this Order.

6. Material may be designated as Confidential by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or, if an entire folder or box of Documents is Confidential, by placing or affixing to that folder or box, the designation "CONFIDENTIAL – FTC V. IQVIA AND PMI," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or any other similar notice, together with an indication of the portion or portions of the Document considered to be Confidential Information.  Confidential Information contained in electronic data or Documents may also be designated as Confidential by placing the designation "CONFIDENTIAL – FTC V. IQVIA AND PMI," "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or any other similar notice, on the face of the CD or DVD or other medium on which the Document is produced.  Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

7. Confidential Information shall be disclosed only to: (a) the Court presiding over this proceeding, personnel assisting the Court, the Plaintiffs, Plaintiffs' employees, and personnel retained by Plaintiffs as experts or consultants for this proceeding; (b) judges and other court personnel of any court having jurisdiction of any appellate proceeding involving this matter; (c) outside counsel of record for any Defendant, their associated attorneys, and other employees of their law firm(s), provided they are not employees of a Defendant; (d) anyone retained to assist outside counsel in the preparation or hearing of this proceeding including consultants and testifying experts, provided they are not currently employed by a Defendant and have signed an agreement to abide by the terms of the protective order; and (e) any witness or deponent who may have authored or received the information in question, or otherwise would have had access to the Confidential Information in question in the ordinary course of business. Additionally, the parties are continuing to engage in good-faith discussions concerning access to Confidential Information by certain in-house counsel, and reserve the right to move to modify this Order at a later date to allow certain in-house counsel to have access to Confidential Information.

8. Disclosure of Confidential Information to any person described in Paragraph 7 of this Order shall be only for the purposes of the preparation and hearing of this proceeding and the related FTC administrative proceeding, and any appeals of either proceeding, and for no other purpose whatsoever.

9. Should any Confidential Information appear in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally produced by a non-party, the party including the materials in its papers shall immediately notify the producing party of such inclusion before the filing of such papers with

the Court.  Confidential Information contained in the papers shall remain under seal until further order of the Court, provided, however, that such papers may be furnished to persons or entities who may receive Confidential Information pursuant to Paragraph 7.  Upon or after filing any paper containing Confidential Information, the filing party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Information.  Further, if the protection for any such material expires, a party may file on the public record a duplicate copy which also contains the formerly protected material.

10. If counsel plans to introduce into evidence at the hearing any document or transcript containing Confidential Information produced by another party or by a non-party, counsel shall provide reasonable notice to the other party or non-party for purposes of allowing that party to seek an order that the document or transcript be granted *in camera* treatment.  If that party or non-party wants *in camera* treatment for the document or transcript, the party or non-party shall file an appropriate motion with the Court within five business days after it receives such notice.  Except when an order for *in camera* is issued, all documents and transcripts shall be part of the public record.  When *in camera* treatment is granted, a duplicate copy of such document or transcript with the Confidential Information deleted therefrom may be filed on the public record.

11. If any party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Information produced by another party or non-party in this action, the recipient of the discovery request shall promptly notify the producing party of receipt of such request.  Unless a shorter time is mandated by an order of a court of competent jurisdiction, such notification shall be in writing served on the producing party at least 10 business days before production and shall include a copy of this

Protective Order. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Order to challenge or appeal any discovery request requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any such request, or to seek any relief from the Court. The recipient shall not oppose the producing party's efforts to challenge the disclosure of Confidential Information. Nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

12. When any consultant or other person retained to assist counsel in this action concludes participation in the action, such person shall return to counsel or destroy all copies of Documents or portions thereof designated Confidential that are in the possession of such person, together with all notes, memoranda or other papers containing Confidential Information. At the conclusion of this proceeding, including the exhaustion of judicial review, the parties shall return or destroy documents obtained in this action to the producing parties, provided, however, that the Commission's obligation to return documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12.

13. All Documents produced will be treated as Confidential Information for ten (10) business days from the date this Protective Order is filed, even if not designated in accordance with this Protective Order. Any production of Documents not designated as Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential Information. If at any time prior to the conclusion of this litigation, a Party or non-party determines that it should have designated as Confidential Information any Documents that the Party previously produced, it may so designate

such Documents by notifying the parties in writing. The parties shall thereafter treat the Documents pursuant to the new designation under the terms of this Protective Order. No prior disclosure of newly designated Confidential Information shall violate this Protective Order, provided that the prior disclosure occurred more than ten (10) business days after the production of that previously non-designated Confidential Information. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent designation. Any Documents, data, or other information produced to the Federal Trade Commission during its investigation and designated at the time of production as confidential, highly confidential, proprietary, exempt from disclosure under the Freedom of Information Act, or submitted under the HSR Act shall be deemed Confidential Information for purposes of this litigation.

14. The provisions of this Protective Order, insofar as they restrict the communication and use of confidential discovery material, shall, without written permission of the producing party or further order of the Court, continue to be binding after the conclusion of this proceeding, and this Court retains jurisdiction over any disputes arising out of this Protective Order.

**SO ORDERED**, this _____ day of _____, 2023.

_____
United States District Judge