**MORRISON FOERSTER**

2100 L STREET, NW
SUITE 900
WASHINGTON
DC 20037

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

August 2, 2023

Writer's Direct Contact
+1 (202) 887-1679
AOkuliar@mofo.com

**VIA ECF**

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Tel (212) 805-0294
Courtroom 619

Re:   *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, 1:23-cv-06188-ER
      **Letter Motion to Seal Answer and Defenses of Defendant Propel Media, Inc.**

Dear Judge Ramos:

      Pursuant to this Court's Rule of Individual Practice 3(ii), Defendant Propel Media, Inc. ("Propel") respectfully submits this letter motion requesting the Court's approval to redact and seal certain limited portions of its Answer and Defenses ("Answer") to the Federal Trade Commission's (the "Commission") Complaint for Temporary Restraining Order and Preliminary Injunction ("Complaint") (ECF No. 1), and to file a redacted version for the public record.

      Propel has both good cause and a compelling reason to file its Answer under seal and has undertaken a careful review of its Answer to ensure that its sealing request is narrowly tailored to protect the public's interest in access to public records. In its response to the Commission's Complaint, Propel references information protected from disclosure under 15 U.S.C. §§ 18a(h); 46(f); 57b-2(b), (c); and 16 C.F.R §4.10(d), as the information was produced during the Commission's non-public investigation of Defendant IQVIA Holdings Inc.'s ("IQVIA") proposed acquisition of Propel (the "Acquisition") and was designated confidential by Propel, co-Defendant IQVIA, and/or third parties. In designating the information confidential, IQVIA, Propel, and/or third parties asserted that the information is commercially and competitively sensitive and that they will be harmed by its disclosure.

      Propel's limited proposed redactions are consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess

**MORRISON FOERSTER**

The Honorable Edgardo Ramos
August 2, 2023
Page Two

the weight of the presumption of public access to the documents, and then balance competing considerations.  *Id.* at 119–20.  Competing interests include "the privacy interests of those resisting disclosure."  *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, although the Answer is a judicial document, the presumption of public access is of less weight where Propel seeks only to seal information that has already been designated confidential.  Propel's proposed redactions relate to confidential business information gathered during the Commission's non-public investigation into the proposed Acquisition.  Courts in this District have granted motions to seal under similar circumstances, where parties "proposed redactions to protect any potentially sensitive information while leaving unobstructed the language relevant to the Court's decision."  *SEC v. Ripple Labs, Inc.*, No. 20-CV-10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022).  Moreover, some of the designated material includes the confidential and non-public information of third parties not affiliated with either party to this action.  *See, e.g.*, *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("[T]he privacy interests of third parties carry great weight in the balancing of interests.").  Finally, Propel's proposed redactions of the Answer are consistent with the confidential information already filed under seal in the Commission's Complaint.

For the reasons stated above, Propel's proposed redactions to its Answer are appropriate and narrowly tailored to protect the competing interests.  Accordingly, Propel respectfully moves this Court for an Order: (1) sealing the unredacted version of Propel's Answer and (2) maintaining the redactions of the publicly filed version of the document.

Respectfully submitted,

*/s/ Alexander Okuliar*

Alexander Okuliar

cc:  All Counsel of Record (via ECF)