

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

August 2, 2023

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: Federal Trade Commission v. IQVIA Holdings Inc. and Propel Media, Inc., 1:23-cv-06188-ER

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii) and Paragraph 9 of the Protective Order, Dkt No. 55 (the "Protective Order"), the Federal Trade Commission ("FTC") and Defendants IQVIA Holdings Inc. ("IQVIA") and Propel Media, Inc. respectfully submit this letter-motion seeking an Order sealing portions of the Joint Statement Regarding the Preliminary Injunction Hearing and Schedule ("Joint Statement").

The information the parties seek to redact in the Joint Statement references information protected from disclosure under 15 U.S.C. §§ 18a(h); 46(f); 57b-2(b), (c); and 16 C.F.R §4.10(d), as the information was produced during the Commission's non-public investigation of IQVIA's proposed acquisition of Propel Media, Inc. (the "Acquisition") and was designated confidential by IQVIA, co-Defendant Propel Media, Inc., and/or third parties. In designating the information confidential, IQVIA and/or third parties asserted that the information is commercially and competitively sensitive and that they will be harmed by its disclosure.

The limited proposed redactions are consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, while the Joint Statement is a judicial document, the presumption of public access is of less weight where the parties seek only to seal information that has already been designated confidential.  That is true here.  Paragraph 9 of the Protective Order requires that, when filing materials that contain Confidential Information, "the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal."  The Joint Statement contains non-public information such as quotes and cites to documents that have been designated as Confidential Information under the Protective Order.  Additionally, Exhibit D of the Joint Statement is a non-public court transcript filed under seal, with a slipsheet that will be filed publicly.  The parties have also prepared a redacted version of the Joint Statement, with redactions limited to the information designated as Confidential Information, which will be filed publicly.

To comply with the Protective Order, the parties respectfully request that this letter-motion be granted in its entirety and an Order be issued sealing portions of the Joint Statement.

Respectfully submitted,

*/s/ Jennifer Fleury*
Jennifer Fleury (*pro hac vice*)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-3805

*/s/ Chantale Fiebig*
Chantale Fiebig
Joshua M. Wesneski
Weil, Gotshal, & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Tel: (202) 682-700

cc: All Counsel of Record (via ECF)

2