**MEMO ENDORSED**

**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Chantale Fiebig
+1 (202) 682-7200
chantale.fiebig@weil.com

August 2, 2023

<u>VIA ECF</u>

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Tel (212) 805-0294
Courtroom 619

> The request to (1) seal the un-redacted version of IQVIA's answer and (2) maintain the redactions in the publicly-available version is GRANTED. SO ORDERED.
>
> _Edgardo Ramos, U.S.D.J._
> Dated: August 2, 2023
> New York, New York

Re:   *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, 1:23-cv-06188-ER
      **Letter Motion to Seal Answer and Defenses of Defendant IQVIA Holdings Inc.**

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii), Defendant IQVIA Holdings Inc. ("IQVIA") respectfully submits this letter motion requesting the Court's approval to redact and seal certain limited portions of its Answer and Defenses ("Answer") to the Federal Trade Commission's (the "Commission") Complaint for Temporary Restraining Order and Preliminary Injunction ("Complaint") (ECF No. 1), and to file a redacted version for the public record.

IQVIA has both good cause and a compelling reason to file its Answer under seal and has undertaken a careful review of its Answer to ensure that its sealing request is narrowly tailored to protect the public's interest in access to public records. In its response to the Commission's Complaint, IQVIA references information protected from disclosure under 15 U.S.C. §§ 18a(h); 46(f); 57b-2(b), (c); and 16 C.F.R §4.10(d), as the information was produced during the Commission's non-public investigation of IQVIA's proposed acquisition of Defendant Propel Media, Inc. (the "Acquisition") and was designated confidential by IQVIA, co-Defendant Propel Media, Inc., and/or third parties. In designating the information confidential, IQVIA and/or third parties asserted that the information is commercially and competitively sensitive and that they will be harmed by its disclosure.

IQVIA's limited proposed redactions are consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.

Honorable Edgardo Ramos

**Weil, Gotshal & Manges LLP**

Page 2

2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, although the Answer is a judicial document, the presumption of public access is of less weight where IQVIA seeks only to seal information that has already been designated confidential. IQVIA's proposed redactions relate to confidential business information gathered during the Commission's non-public investigation into the proposed merger. Courts in this District have granted motions to seal under similar circumstances, where parties "proposed redactions to protect any potentially sensitive information while leaving unobstructed the language relevant to the Court's decision." *SEC v. Ripple Labs, Inc.*, No. 20-CV-10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). Moreover, some of the designated material includes the confidential and non-public information of third parties not affiliated with either party to this action. *See, e.g.*, *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."). Finally, IQVIA's proposed redactions of the Answer are consistent with the confidential information already filed under seal in the Commission's Complaint.

For the reasons stated above, IQVIA's proposed redactions to its Answer are appropriate and narrowly tailored to protect the competing interests. Accordingly, Defendant respectfully moves this Court for an Order: (1) sealing the unredacted version of IQVIA's Answer and (2) maintaining the redactions of the publicly filed version of the document.

Respectfully submitted,

*/s/ Chantale Fiebig*

Chantale Fiebig

cc:  All Counsel of Record (via ECF)