UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff,<br><br>    v.<br><br>IQVIA HOLDINGS INC.,<br><br>and<br><br>PROPEL MEDIA, INC.<br><br>       Defendants. | Case No. 1:23-cv-06188-ER |

**JOINT STIPULATED
CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

  Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f)(3), the parties hereby agree and stipulate to the following Civil Case Management Plan and Scheduling Order.

**I.  AMENDMENT, JOINDER, AND DISCLOSURES**

  1.  <u>Joinder</u>.  Joinder of additional parties must be accomplished by August 15, 2023.

  2.  <u>Amendment</u>.  Amended pleadings may be filed until August 15, 2023.

  3.  <u>Initial Disclosures</u>.  The parties will serve the other side with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by August 4, 2023 at 5:00 p.m. Eastern time. The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).  For the avoidance of doubt, the

parties need not supplement their initial disclosures with non-party witnesses timely disclosed through the processes in this Civil Case Management Plan and Scheduling Order.

**II.     WITNESS LISTS**

1. <u>Preliminary Fact Witness Lists</u>.  Plaintiff shall serve its preliminary list of fact witnesses no later than 5:00 p.m. Eastern time on the date listed in Exhibit A.  Defendants shall serve their preliminary list of fact witnesses no later than 5:00 p.m. Eastern time on the date listed in Exhibit A.  Preliminary fact witness lists shall be limited to 15 party witnesses (current employees), and 30 total witnesses per side.  The lists shall summarize the general topics of each witness's anticipated testimony and include the name of the employer of each witness.

2. <u>Final Witness Lists</u>.  Final witness lists shall be exchanged on or before 5:00 p.m. Eastern time on the date listed in Exhibit A.  Final witness lists shall be limited to 20 per side and summarize the general topics of each witness's anticipated testimony.  Final witness lists shall include only witnesses who appear on that party's preliminary witness list or who have otherwise been deposed or who submitted a declaration or affidavit in connection with this federal court preliminary injunction proceeding.  The final witness lists shall represent a good faith effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment.  Additional witnesses may be added to the final witness list after the date for exchange of final witness lists in Exhibit A only by agreement of the parties or with leave of the Court for good cause shown.

### III.   FACT DISCOVERY

1.   <u>Schedule.</u>  The parties' stipulated discovery and briefing schedule is attached as **Exhibit A**.

2.   <u>Written Discovery</u>.

a.   **Requests for Production**.  No more than 35 requests for production shall be served on any party.  The Requests for Production that the FTC served on August 7, 2023 (the "August 7 RFPs") shall also be deemed served in the above-captioned litigation.  The parties agree to produce documents on a rolling basis, prioritizing data requests.  The parties shall serve any objections to requests for the production of documents no later than 7 calendar days after the date of service of the document requests to which they assert objections, except as to the August 7 RFPs for which objections shall be served no later than 7 calendar days after the date of the entry of this Order.  Within 3 calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties agree to make a good faith effort to produce documents on a rolling basis and prioritize data productions.  The parties also agree to make a good faith effort to substantially produce documents for a deponent 7 days before the deponent's deposition, provided that the party has sufficient time to comply with this deadline given the timing of the Requests for Production and the parties' agreement on the scope of the production; in the event that a party does not expect to be able to produce documents for a deponent

at least 7 days before a scheduled deposition, the party will inform the deposing counsel and provide a good faith estimate as to when the production is expected to be substantially completed.

      b.      In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of IQVIA's proposed acquisition of PMI related to this matter.

      c.      Document Productions shall be sent to the attention of:

    i.  <u>To the FTC</u>:

      Jennifer Fleury (jfleury@ftc.gov)
      Jessica Moy (jmoy@ftc.gov)
      Stephen Mohr (smohr@ftc.gov)
      Jordan Andrew (jandrew@ftc.gov)
      Wade Lippard (wlippard@ftc.gov)
      Michelle Seo (mseo@ftc.gov)
      Teresa Martin (tmartin@ftc.gov)
      Qing Yu Chen (qchen@ftc.gov)
      Kelly Luetkenhaus (kluetkenhaus@ftc.gov)

    ii.  <u>To IQVIA</u>:

      Chantale Fiebig
      Weil, Gotshal & Manges LLP
      2001 M Street NW, Suite 600
      Washington, DC 20036
      (202) 682-7200
      Chantale.fiebig@weil.com

      Kenneth Reinker
      Cleary Gottlieb Steen & Hamilton LLP
      2112 Pennsylvania Avenue, NW
      Washington, DC 20037
      Tel: (202) 974-1500
      kreinker@cgsh.com

    iii.  <u>To Propel Media</u>:

      Alexander P. Okuliar
      Alfredo Chamorro
      Morrison & Foerster LLP
      2100 L Street, NW, Suite 900
      Washington, DC 20037

Tel: (202) 887-1500
aokuliar@mofo.com
achamorro@mofo.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

    d.  **Interrogatories**. The parties shall serve no more than 10 interrogatories per side, only 5 of which can be contention interrogatories, served later in the discovery period. The parties shall serve objections to interrogatories no later than 7 calendar days after the date of service. Within 3 calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections. The parties shall serve substantive responses no later than 20 days after service.

    e.  **Requests for Admission**. No party shall serve requests for admission. However, there shall be no limit on the number of requests for admission for purposes of authentication and admissibility of exhibits.

    f.  **Discovery uses.** All discovery taken in the above-captioned litigation can be used in connection with the Part 3 administrative proceeding and vice versa—provided, however, that the deadlines and limitations set forth in this Case Management Order shall exclusively govern written discovery and depositions in the above-captioned litigation, rather than the deadlines and limitations set forth in the Part 3 Scheduling Order. No individual or entity

deposed in one action may be re-deposed in the other, except as otherwise provided in the Part 3 Scheduling Order.

      3.      <u>Third-Party Discovery</u>.

            a.      **Subpoenas**. No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations, letters, or affidavits obtained from a third party, to the other party within 3 business days of receiving those materials. Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe. If a party serves a non-party with a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least five (5) calendar days after the original return date for the document subpoena. To the extent a non-party deposition is properly noticed in accordance with this Order and the non-party's schedule cannot accommodate a deposition before the close of non-party fact discovery, after consultation with all parties involved, despite good faith efforts for earlier scheduling, and for good cause, a later deposition may occur with the agreement of all sides. No party may unreasonably withhold agreement.

            b.      **Limitations on Party and Third-Party Declarations or Letters**. No party may submit as evidence a declaration, notes of support, or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than 4 business days prior to his or her agreed-to deposition date. In any event, no party or non-party declaration, notes of

support, or affidavit may be submitted as evidence if it was executed or served less than 14 calendar days before the close of non-party fact discovery. Declarations, notes of support, or affidavits produced after this date shall not be admitted into evidence or used at the preliminary injunction hearing.

    4.    <u>Depositions</u>.

        a.    **Number of Depositions**. The parties agree that relief from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and appropriate. Each side may depose a witness who (i) is listed on either side's preliminary witness list or final witness list or (ii) provides a declaration, note of support, or affidavit in connection with this matter. In addition, (a) one 30(b)(6) deposition notice of each party shall be permitted; (b) each side may depose up to twenty (20) non-party witnesses, including through 30(b)(6) depositions; and (c) the parties may depose any party or non-party who sat for an investigational hearing. Additionally, a party may depose a maximum of two additional witnesses beyond those listed on either side's preliminary witness list, who provided a declaration, notes of support, or affidavit, who sat for an investigational hearing. Cross-notices of depositions will not count against the above totals. No additional depositions of fact witnesses shall be permitted, except by agreement of the parties or by leave of the Court for good cause shown. The parties shall consult with each other prior to confirming any deposition to coordinate the date and time of the deposition, even if both parties notice a deposition for the same date and time.

        b.    **Notice.** The parties may not serve a deposition notice with fewer than 7 calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's

schedule. If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least 7 calendar days after the original return date for the document subpoena.

   c. **Remote Depositions**. The parties will negotiate a deposition protocol to govern remote depositions.

   d. **Allocation of Time**. All depositions, including depositions of fact and expert witnesses and 30(b)(6) depositions, shall last no more than 7 hours on the record. Additionally, if both Plaintiff and Defendants notice any non-party fact deposition (including any 30(b)(6)deposition), the deposition will be 7 hours and will be divided equally between the sides. Unused time in any side's allocation of deposition time shall not transfer to the other side.

   e. **Deposition Designations**. The parties agree to work in good faith to reach agreement on deposition designations by the close of non-party fact discovery.

   f. **Deadline to Serve Deposition Notices to Parties and Third-Parties**. The parties shall serve deposition notices to a party or non-party no later than 7 calendar days before the close of party and non-party fact discovery, respectively.

   5. Privilege Logs. The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation. Notwithstanding the foregoing, the parties shall log withheld materials that are: (1) authored by, addressed to, or received from any non-party; (2) internal to a party that are not authored by, sent to, or received from the party's attorneys; or (3) internal to a party authored by, addressed to, or received from the party's attorneys for purposes other than obtaining legal advice, which could potentially include, but not be limited to, communications regarding the

TPA program.  For purposes of this parapraph, a "non-party" excludes a party's retained expert and persons assisting the expert within the meaning of Federal Rule of Civil Procedure 26.  The parties shall maintain all documents responsive to a discovery request that they withold pursuant to a claim of privilege or protection.

6. <u>Newly-Available Information</u>. Discovery in this matter will take place on an accelerated basis. This order does not preclude any party from subsequently relying on evidence, including in court filings, arguments, and expert reports, that was not produced at the time of initial expert reports or briefs.  Further, if the schedule in Exhibit A contemplates briefs and expert reports submitted before the close of fact discovery, this Order does not limit either party to simply responding to previously raised arguments or evidence in any rebuttal or sur-rebuttal reports or reply or sur-reply briefs. For avoidance of doubt, this Order does not permit either party to submit additional expert reports or briefs not provided in Exhibit A.  Each party reserves the right to object to the admissibility of such evidence.

**IV.   EXPERT DISCOVERY**

1. <u>Expert Reports</u>.  Expert reports shall be filed in accordance with the deadlines in Exhibit A.

2. <u>Expert Depositions.</u>  One seven-hour deposition of each expert shall be allowed. Expert depositions must be completed on or before the date listed as the Close of Expert Discovery date listed in Exhibit A.

3. <u>Expert Materials Not Subject to Discovery</u>. Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

a. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

  i. any form of communication or work product shared between any of the parties' counsel and their expert(s), persons assisting the expert(s), or consultants, or between any of the experts or consultants themselves;

  ii. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

  iii. expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case;

  iv. drafts of expert reports, analyses, or other work product; or

  v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 2(b).

b. The parties agree that they will disclose the following materials with all expert reports:

  i. a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

  ii. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

4. <u>Expert Disclosures</u>. The parties shall provide the name and place of employment of each retained testifying expert witness by the date in Exhibit A, as well as a brief summary of

their anticipated testimony. Only experts disclosed by the date in Exhibit A shall be allowed to testify in this proceeding.

5. <u>Disclosure of Expert Materials</u>. At the time an expert is first disclosed by a party, that party shall provide to the other party: (i) materials fully describing or identifying the background and qualifications of the expert, all publications authored by the expert within the preceding ten years, and all prior cases in which the expert has testified or has been deposed within the preceding four years; and (ii) transcripts of such testimony in the possession, custody, or control of the producing party or the expert, except that transcript sections that are under seal in a separate proceeding need not be produced.

6. <u>Limitation on Experts</u>. Each side may disclose no more than three (3) expert witnesses.

V. **MOTIONS AND BRIEFING**

1. Plaintiff's memorandum in support of its motion for a preliminary injunction will be filed by the date in Exhibit A and will not to exceed 50 pages.

2. Defendants' oppositions to Plaintiff's motion for a preliminary injunction will be filed by the date in Exhibit A and will not to exceed 50 pages.

7. Plaintiff's reply memorandum in support of its motion for a preliminary injunction will be filed by the date in Exhibit A and will not to exceed 25 pages.

3. Any briefs in support of, or oppositions to, and replies to motions in limine, including any Daubert motions, shall not exceed 10 pages.

4. The parties' post-trial proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 100 pages.

VI. **OTHER ISSUES**

1. <u>Trial Plan</u>.  After the close of non-party fact discovery, the parties shall meet and confer in good faith regarding trial logistics to propose to the Court.  These discussions shall include, but not be limited to, any additional pre-trial briefing, designations, a process for lodging objections to trial exhibits, a process for sealing and redacting trial exhibits, a process for presenting witness testimony that requires sealing the courtroom, a process for witness disclosure, a process for exchanging demonstrative exhibits, and scheduling the pre-trial conference.

2. <u>Service</u>.  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

   i. For Plaintiffs:

      1. For Federal Trade Commission:

         Jennifer Fleury (jfleury@ftc.gov)
         Jessica Moy (jmoy@ftc.gov)
         Stephen Mohr (smohr@ftc.gov)
         Jordan Andrew (jandrew@ftc.gov)
         Wade Lippard (wlippard@ftc.gov)
         Michelle Seo (mseo@ftc.gov)
         Teresa Martin (tmartin@ftc.gov)
         Qing Yu Chen (qchen@ftc.gov)
         Kelly Luetkenhaus (kluetkenhaus@ftc.gov)

   ii. For Defendants:

      1. For IQVIA:

         Chantale Fiebig
         Weil, Gotshal & Manges LLP
         2001 M Street NW, Suite 600
         Washington, DC 20036
         (202) 682-7200
         Chantale.fiebig@weil.com

         Kenneth Reinker

        Cleary Gottlieb Steen & Hamilton LLP
        2112 Pennsylvania Avenue, NW
        Washington, DC 20037
        Tel:  (202) 974-1500
        kreinker@cgsh.com

2. <u>For PMI:</u>

        Alexander P. Okuliar
        Alfredo Chamorro
        Morrison & Foerster LLP
        2100 L Street, NW, Suite 900
        Washington, DC 20037
        Tel: (202) 887-1500
        aokuliar@mofo.com
        achamorro@mofo.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

3.    <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

4.      Third Party Confidential Information. A Protective Order Governing Confidential Material, entered by the Court, shall govern discovery and production of Confidential Information. Any Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

5.      Inadvertent Production of Privileged Material. In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three (3) business days of learning of the inadvertent production. When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems. Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a revised privilege log for the identified information or documents. A Party may move the Court for an order compelling production of the material, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party asserting the privilege must file its opposition under seal and submit a copy of the material in question for in camera review.

6.      Attorney Work-Product. Nothing in this Order requires the production of any party's attorney work-product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process privilege or any other privilege.

7. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

    a. All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

    b. All parties agree that the use of Technology Assisted Review tools, including search terms, may assist in the efficient production of ESI.  However, if a party desires to use such technologies that materially differ from the technologies used in connection with Defendants' response to the Second Request, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology or terms.

    c. All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation, and pdfs will be produced as colored copies when specifically requested, within 24 hours upon receiving a reasonable request.

8. <u>Evidentiary Presumptions</u>.

    a. Documents produced by non-parties from the non-parties' files shall be presumed to be authentic.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.

The Court will resolve any objections that are not resolved through this means or through the discovery process.

      b.    All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, or any prior FTC investigation, are presumed to be authentic.

      c.    Any party may challenge the authenticity or admissibility of a document, and if necessary may take discovery related solely to authenticity or admissibility of documents.

9.    <u>Magistrate Consent</u>.  The parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636.

10.    <u>Jury Trial.</u>  The case is not to be tried by a jury.

11.    <u>Modification of Civil Case Management and Scheduling Order</u>. Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert deadlines by agreement.  Any such modifications must be in writing.

12.    <u>Reservation of Rights</u>. Nothing in this Civil Case Management and Scheduling Order shall limit the parties' ability to object to, move to quash, or otherwise challenge any request for discovery or deposition notice under the Federal Rules of Civil Procedure.

**EXHIBIT A: DEADLINES**

| Event | Federal Court Deadline |
|---|---|
| Discovery Commences | July 27, 2023 |
| Parties serve initial disclosures | August 4, 2023 |
| Plaintiff's Preliminary Fact Witness List | August 15, 2023 |
| Defendants' Preliminary Fact Witness List | August 21, 2023 |
| Plaintiff Serves Expert Disclosures | September 6, 2023 |
| Defendants Serve Expert Disclosures | September 13, 2023 |
| Plaintiff Serves Initial Expert Report(s) | October 11, 2023 |
| Close of Party Fact Discovery | October 11, 2023 |
| Close of Non-Party Fact Discovery | October 20, 2023 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | October 25, 2023 |
| Defendants Serve Expert Report(s) | October 25, 2023 |
| Plaintiff Serves Rebuttal Expert Report(s) | November 3, 2023 |
| Exchange of Final Witness Lists | November 3, 2023 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | November 9, 2023 |
| Close of Expert Discovery | November 9, 2023 |
| Exchange of Exhibit Lists | November 9, 2023 |
| Motions *In Limine* Deadline | November 13, 2023 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | November 16, 2023 |
| Motions *In Limine* Response Deadline | November 16, 2023 |
| Pre-Hearing Conference | November 17, 2023 |
| Hearing Begins | November 20, 2023 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | December 7, 2023 at 5:00 PM ET |


Dated: August 14, 2023

*/s/ Jennifer Fleury*

Jennifer Fleury *(pro hac vice)*
Jessica Moy *(pro hac vice)*
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
jmoy@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

*/s/ Chantale Fiebig*

Chantale Fiebig
Mark A. Perry (*pro hac vice*)
Joshua M. Wesneski
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Chantale.fiebig@weil.com
Mark.perry@weil.com
Joshua.wesneski@weil.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Kenneth Reinker
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 974-1500
kreinker@cgsh.com

Rahul Mukhi
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
rmukhi@cgsh.com

*Counsel for Defendant IQVIA Holdings Inc*

MORRISON & FOERSTER LLP
Alexander P. Okuliar  (*pro hac vice*)
David J. Shaw (*pro hac vice*)
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
aokuliar@mofo.com

David J. Fioccola
Mika M. Fitzgerald
250 West 55th Street
New York, NY 10019
Tel: (212) 468-8000

dfioccola@mofo.com
mfitzgerald@mofo.com

*Counsel for Defendant Propel Media, Inc.*

SO ORDERED:

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

August 15, 2023