

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Jennifer Fleury
Bureau of Competition
Litigation Group
Phone: (817) 914-1098
Email: jfleury@ftc.gov

August 16, 2023

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**RE:** FTC v. IQVIA Holdings Inc. and Propel Media, Inc., Case No.: 1:23-cv-6188-ER

Dear Judge Ramos:

      We write in response to Defendants' motion to amend the protective order in this case. The FTC opposes Defendants' request to permit three IQVIA employees to access the sensitive competitive information of third parties. Among other issues with their requested relief, most troublingly, Defendants refused to consider a temporary restriction on competitive decision-making for their proposed recipients of competitor confidential information.

**I. Background**

During its investigation of IQVIA's proposed acquisition of Propel, the FTC received commercially sensitive information from third parties, including competitors to IQVIA and Propel.



Additional third-party confidential information is likely to emerge during discovery in this case and the Part 3 proceeding as well.[1]

---

[1] The protective order for the Part 3 proceeding prohibits Defendants' in-house counsel from accessing confidential information. Exhibit A.

[REDACTED]

## II.  The Court Should Not Modify the Protective Order

***First***, Federal courts routinely enter protective orders restricting defendants—including their in-house counsel—from accessing confidential information[3] because third parties that provide sensitive competitive information to the FTC need that protection. *See United States v. Aetna Inc.*, 2016 WL 8738420, at *9 (D.D.C. Sept. 5, 2016) ("The Special Master finds persuasive Plaintiffs' argument that granting Defendants' in-house counsel access to the information at issue may deter non-parties from producing information to the government in future cases.").

[REDACTED] These third parties should not be put in a position where IQVIA's employees can access their sensitive competitive information merely because these third parties cooperated with the FTC's investigation. *See FTC v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 671–72 (N.D. Ill. 2016) (noting the enhanced sensitivities involved when the confidential information at issue comes from "a number of third parties, not targets of any FTC action, who had to give up exceedingly confidential information in response to a government subpoena"). To protect the sensitive information of third parties, this Court should not modify the protective order currently in effect.

***Second***, even if this Court was otherwise inclined to permit any of Defendants' in-house counsel to be exempted from the protective order, the FTC has grave concerns about the individuals IQVIA has proposed. When determining whether to grant in-house counsel access to confidential information, a court should consider "whether he or she has a part in the type of competitive decision-making that would involve the potential use of the confidential information." *Sullivan Mktg., Inc. v. Valassis Commc'ns, Inc.*, 1994 WL 177795, at *2 (S.D.N.Y. May 5, 1994). "Access to confidential information should be denied or granted on the basis of each individual counsel's actual activity and relationship with the party represented[.]" *Aetna Inc.*, 2016 WL 8738420, at *5

---

[2] Contrary to Defendants' assertion, courts routinely approve protective orders with restrictions on counsel's involvement in future competitive decision-making roles. *See, e.g., FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590, ECF No. 134 (D.D.C., Mar. 25, 2022) (restricting in-house counsel with access to confidential information from participating in competitive decision-making for two years) (Exhibit C); *Chan v. Intuit, Inc.*, 218 F.R.D. 659, 662 (N.D. Cal. 2003) ("As part of the protective order in this case, counsel who view confidential information shall be restricted from patenting for a party for the pendency of the trial and for two years after its conclusion.").

[3] *See, e.g., FTC v. Tronox Ltd.*, Prot. Order, ECF No. 77 Case No. 1:18-cv-01622 (D.D.C. July 25, 2018) ("Confidential material shall be disclosed only to: . . . (c) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), ***provided they are not employees of a Defendant***.") (emphasis added) (Exhibit D); *FTC v. Rag-Stiftung*, Prot. Order, ECF No. 10, Case No. 1:19-cv-02337 (D.D.C. Aug 5, 2019) (same) (Exhibit E).

Letter to Judge Ramos
August 16, 2023
Page 3

(cleaned up). "Relevant considerations in striking this balance include: 1) whether the person receiving the confidential information is involved in competitive decision making . . . , 2) the risk of inadvertent disclosure of proprietary information, 3) the hardship imposed by the restriction, 4) the timing of the remedy and, 5) the scope of the remedy." *Infosint S.A. v. H. Lundbeck A.S.*, 2007 WL 1467784, at *2 (S.D.N.Y. May 16, 2007) (quotation omitted).

<u>Harvey Ashman</u>: Mr. Ashman is a Senior Vice President and Deputy General Counsel at IQVIA. In addition to holding a significant non-legal role—Senior Vice President—Mr. Ashman heads the Third Party Access ("TPA") program at IQVIA. █████████

<u>Maureen Nakly</u>: Ms. Nakly is Associate General Counsel at IQVIA and IQVIA's lead M&A lawyer. As courts have noted, "[c]learly there is some risk of inadvertent use or disclosure of a competitor's confidential information when a lawyer's responsibilities include evaluating competitors for potential acquisition." *FTC v. Sysco Corp.*, 83 F. Supp. 3d 1, 4 (D.D.C. 2015). Defendants represent that Ms. Nakly has no competitive decision-making function, but they admit that she provides legal advice to competitive decision-makers, which can put in-house counsel in the "untenable position of having to refuse [her] employer legal advice on a host of contract, employment, and competitive marketing decisions[.]" *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992). █████████

<u>John O'Tuel</u>: Mr. O'Tuel joined IQVIA's legal department in December 2022. Defendants have provided only vague information about Mr. O'Tuel's role. Regardless, Mr. O'Tuel has spent less time working for IQVIA than has IQVIA's outside counsel, minimizing his value to the defense.



### III. Conclusion

For the foregoing reasons, this Court should not modify the protective order.

Letter to Judge Ramos
August 16, 2023
Page 4

                                                                   Sincerely,

                                                                   */s/ Jennifer Fleury*
                                                                   Jennifer Fleury
                                                                   *Counsel for Plaintiff Federal Trade Commission*