# Simpson Thacher & Bartlett LLP

900 G STREET, NW
WASHINGTON, D.C. 20001

———

TELEPHONE: +1-202-636-5500
FACSIMILE: +1-202-636-5502

August 16, 2023

Hon. Edgardo Ramos
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re: *Federal Trade Commission v. IQVIA Holdings Inc., et al.*, Case No. 1:23-cv-06188-E

Dear Judge Ramos:

  Pursuant to your Honor's Individual Practices Section 1.A. and Local Rule 7.1(d), Non-Party PulsePoint, Inc. ("PulsePoint"), respectfully asks the Court for leave to submit (1) this letter in response to the August 10, 2023 letter filed by IQVIA Holdings Inc. ("IQVIA") requesting a pre-motion discovery conference regarding a proposed amendment to the this Court's Protective Order entered on July 28, 2023 (the "Protective Order") in the above-captioned matter and (2) the Declaration of Susan Garcia, attached hereto as Exhibit A.

  By way of background, PulsePoint's parent company, Internet Brands, produced documents and provided information to the Federal Trade Commission ("FTC"). The highly sensitive and proprietary information provided to the FTC (collectively, the "PulsePoint Confidential Information") was produced with the expectation of confidentiality afforded by the Federal Trade Commission Act. PulsePoint understands that the information produced by PulsePoint to the FTC has been reproduced to IQVIA and has been designated as Confidential Information pursuant to the terms of the Protective Order. Dkt. 55.

  In its August 10, 2023 letter, IQVIA asserts that IQVIA and the FTC had not yet reached agreement on whether a small number of designated in-house counsel should have access to information designated as Confidential Information under the Protective Order. IQVIA further asserts its position is that a small number of in-house counsel at IQVIA should have access to such Confidential Information.

  For the reasons set forth herein, PulsePoint submits that IQVIA's position should be denied in whole or, in the alternative, denied in a manner that ensures that IQVIA, not PulsePoint, is required to petition the Court for relief from the Protective Order with respect to disclosure of any Confidential Information IQVIA believes need be shared with in-house counsel at IQVIA.

Simpson Thacher & Bartlett LLP

Hon. Edgardo Ramos -2- August 16, 2023

The in-house counsel to whom Defendants seek to provide access to Confidential Information have commercial roles. Those roles involve provision of counsel directly related to commercial and/or competitive decision-making, even if those lawyers themselves do not "participate in competitive decision-making," a phrase used by IQVIA that does not comport with the practical realities of the positions held by the lawyers in question. These lawyers also have close associations with commercial teams that engage in competitive decision-making, raising the risk of inadvertent disclosure to such IQVIA employees. *Koninklijke Philips N.V. v. Iguzzini Lighting USA, Ltd.*, 311 F.R.D. 80, 83 (S.D.N.Y. 2015) ("[T]he 'competitive decisionmaker' analysis hinges on the risk of inadvertent disclosure, because it is difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.") (citations omitted).

First, Ms. Nakly is a mergers and acquisitions lawyer ("M&A"). M&A attorneys typically work closely with corporate development teams and strategic decision-makers to achieve inorganic growth and attain competitive advantage through M&A. The disclosure of PulsePoint's Confidential Information to Ms. Nakly could enable IQVIA to engage in M&A strategies that put PulsePoint at a commercial disadvantage. In addition, the close associations with business development, corporate strategy, and other commercial teams that is demanded by the role of an M&A attorney puts Confidential Information disclosed to Ms. Nakly at substantial risk of inadvertent disclosure to others who are engaged in competitive decision-making. Therefore, contrary to Defendants' assertions, Ms. Nakly is in a position to participate in competitive decision-making at IQVIA.

Second, Mr. Ashman is IQVIA's sole in-house antitrust counsel. Antitrust counsel typically advise on a wide range of strategic and operational issues, including but not limited to corporate development, pricing policies, competitor collaborations, and supply and distribution agreements. The close associations with the commercial teams engaged in these sensitive areas that is demanded by the role of antitrust counsel puts Confidential Information disclosed to Mr. Ashman at substantial risk of inadvertent disclosure to others who are engaged in competitive decision-making.

Third, Mr. O'Tuel is described simply as an "in-house litigator" by the Defendants. Dkt. 96. Without more information, it is impossible for PulsePoint to assess the relationships and associations that Mr. O'Tuel has with competitive decision-makers at IQVIA. As explained above, both of Mr. O'Tuel's colleagues hold dual roles that involve litigation and counseling on commercial activity. PulsePoint should not be made to bear the risk at this stage of acceding to Mr. O'Tuel having access to its Confidential Information without greater assurance that he is not involved directly in or engaged in close association with others involved in competitive decision-making.

The Federal Rules of Civil Procedure provide qualified protection for "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Protective orders that limit access to certain documents to counsel and experts are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information. *Vesta Corset Co. v. Carmen Founds., Inc.*, 1999 U.S. Dist. LEXIS 124, at *7 (S.D.N.Y. 1999). This Court has previously included these exact

Simpson Thacher & Bartlett LLP

Hon. Edgardo Ramos -3- August 16, 2023

safeguards in antitrust merger litigation protective orders. *See,* Amended Interim Protective Order, 14, *State of New York, et al. v. Deutsche Telekom AG, et al.*, No. 1:19-cv-05434-VM-RWL, Dkt. 185 (denying defendant's in-house counsel access to non-party documents designated as Highly Confidentiality by the non-party, unless made subject to a Court order entered upon good cause shown by the defendant for disclosure of specifically identified information). As set forth in the Susan Garcia Declaration, the PulsePoint Confidential Information contains highly sensitive and proprietary information and data related to PulsePoint's prices, price structure, sales, product effectiveness, and profitability that is quintessential competitively sensitive information and worthy of such protection from competitors.

Additionally, to the extent PulsePoint or its affiliates are later the subject of third-party discovery in this action, PulsePoint respectfully submits that it should be allowed to designate, where appropriate, materials as "outside counsel only" and the burden should be upon IQVIA, not PulsePoint, to demonstrate why good cause exists for sharing such "outside counsel only" material with IQVIA in-house counsel. It is PulsePoint's expectation that most disputes about whether material can be shared with IQVIA in-house counsel can be avoided, but to the extent there is any disagreement about specific documents or testimony, those questions should be resolved in the other course and it should be IQVIA that bears the burden of moving the Court for relief.

\*   \*   \*   \*   \*

For the foregoing reasons, PulsePoint respectfully submits that this Court should not modify the Protective Order, that IQVIA's request for modification be denied or, in the alternative, that IQVIA be required to show good cause before any of PulsePoint's Confidential Information or any future discovery material designated by PulsePoint as "outside counsel only" be shared with in-house counsel at IQVIA.

Respectfully submitted,

*/s/ Abram J. Ellis*

Abram J. Ellis