# EXHIBIT C

# O'Tuel Declaration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

IQVIA HOLDINGS INC.,

and

PROPEL MEDIA, INC.

    Defendants.

Case No. 1:23-cv-06188-ER

**DECLARATION OF JOHN O'TUEL
IN SUPPORT OF IQVIA'S MOTION FOR AMENDED PROTECTIVE ORDER**

1. My name is John O'Tuel. I am over the age of twenty-one years and of sound mind. The statements set forth in this declaration are true and within my personal knowledge. If called as a witness, I would and could competently testify to the matters set forth herein.

2. I am assistant general counsel in the Global Legal Department of IQVIA Holdings Inc. ("IQVIA" or the "Company") and a member of IQVIA's in-house litigation team. I am a member of the Bar of the State of North Carolina. I have 25 years of experience as a lawyer, and I have been employed with IQVIA since December 2022.

3. My role at IQVIA includes supervising and directing the activities of outside counsel in IQVIA's litigation. Helping our outside counsel navigate the maze of IQVIA products, services and personnel, so that they can obtain the information and assistance necessary to protect and defend IQVIA's interests, is a vital role played by our Global Legal Department, and by me in particular. For me to play that role effectively, it is necessary for our outside counsel to be able to share with me the information they learn through discovery in our litigated matters. In turn, I

supervise our outside counsel in evaluating the strengths and weaknesses of claims and defenses, and formulating litigation strategies.

4. I also help make key strategic litigation decisions in this case, and I act as an interface between outside counsel and IQVIA personnel on identifying potential witnesses and data collection. Without my assistance and coordinating role, our outside counsel would be hamstrung in their ability to defend IQVIA's interests. That makes it essential for me to have access to the documents and materials produced in discovery in this matter.

5. In this matter, the external and in-house lawyers are working as one integrated team, so the inability to share information among all lawyers on the team slows down key work streams and causes undue cost and burden to IQVIA, as it necessitates multiple reviews of all communications and documents, as well as redacting of messages, drafts, and other documents.

6. I am not a decision-maker on competitive matters at IQVIA involving the design, development, pricing or offerings of IQVIA products and services, nor do I participate in competitive decision-making at IQVIA. I do not make any IQVIA decisions regarding business issues like pricing, product design or product development. My involvement in any such issues is limited to the provision of legal advice only.

7. I am not involved in any IQVIA assessments of competitive products or services, except in connection with providing legal advice.

8. I am not responsible for constructing go-to-market strategies as against IQVIA's competitors, except in connection with providing legal advice.

9. I am not responsible for pricing decisions at IQVIA.

10. My home office is private and secure. I maintain my confidential legal files in my secure home office or on restricted computer storage at all times.

11. I am aware of the nature and effect of a protective order in litigation generally. I have often assisted outside counsel in cases where there was a protective order in place. Under the umbrella of a protective order, I have been provided access to documents and information designated Confidential or Attorneys' Eyes Only. I am fully aware that such materials are for use

only in the case at hand, must be strictly safeguarded, and may not be disclosed to anyone other than the persons designated in the protective order.

12. It is essential that I be allowed access to Confidential Information in order to be an active member of the trial team, to direct our outside counsel, and to provide informed legal advice to the Company. Because I understand the Company, the industry, and the questions and concerns of IQVIA's leadership, I am more equipped than outside counsel to advise the Company about the claims being raised, the merits of the arguments, and the strength of the evidence in terms that IQVIA's business executives can understand. Of course, in providing that advice, I would not disclose the Confidential Information itself. IQVIA's defense of this case would be substantially prejudiced if I am denied access to materials designated Confidential in this case.

13. I have read the proposed Amended Protective Order—including the accompanying Appendix A containing the In-House Litigation Counsel Agreement Concerning Confidentiality—and agree to be bound by each and every obligation therein.

14. I acknowledge and agree that, in the event of a failure to abide by the terms of the proposed Protective Order, I am subject to the jurisdiction of this Court and to its contempt powers. I agree to remain subject to the Court's jurisdiction for the purpose of enforcing the terms of the proposed Amended Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

15. I further represent that I will not make use of any Confidential Information, directly or indirectly, for any purpose other than as explicitly provided in the proposed Amended Protective Order for the defense of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on August 10, 2023, in Chapel Hill, NC.

By: *(signature)*
John O'Tuel
IQVIA Holdings Inc.

*Counsel for IQVIA Holdings Inc.*