**MEMO ENDORSED**

**Weil, Gotshal & Manges LLP**

> The request is granted. The information listed herein may be redacted from the publicly-available version of its reply. And the un-redacted version may be filed under seal. The Clerk of Court is respectfully directed to seal the un-redacted reply, Doc. 115, as to the applicable parties: the FTC, IQVIA, and Propel. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: August 18, 2023
> New York, New York

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Chantale Fiebig**
+1 (202) 682-7200
chantale.fiebig@weil.com

August 17, 2023

**VIA ECF**

Honorable Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Tel (212) 805-0294
Courtroom 619

Re:   *Federal Trade Commission v. IQVIA Holdings Inc.*, 1:23-cv-06188-ER
      **Letter Motion to Seal Reply in Support of Letter Motion re Proposed Amendment to Protective Order**

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii), Defendant IQVIA Holdings Inc. ("IQVIA") respectfully submits this letter motion requesting the Court's approval to seal a limited portion of its Reply in Support of its August 10, 2023 Letter Motion re Proposed Amendment to Protective Order (ECF No. 96) ("Reply"), including Exhibit D in support, and to file a partially redacted version of the Reply for the public record and Exhibit D fully under seal.

IQVIA has both good cause and a compelling reason to file its Reply under seal and has undertaken a careful review of its Reply to ensure that its sealing requests are narrowly tailored to protect the public's interest in access to public records. In its Reply and the supporting Exhibit D, IQVIA references information that the FTC filed under seal and asserted protection from disclosure under 15 U.S.C. §§ 18a(h); 46(f); 57b-2(b), (c), and 16 C.F.R §4.10(d). *See* ECF No. 105.

IQVIA's limited proposed redaction and sealing are consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy

Honorable Edgardo Ramos

**Weil, Gotshal & Manges LLP**

Page 2

interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, although the Reply is a judicial document, the presumption of public access is of less weight where IQVIA seeks only to seal information that has already been designated confidential. IQVIA's proposed redactions relate to confidential business information gathered during the Commission's non-public investigation into the proposed merger. Courts in this District have granted motions to seal under similar circumstances, where parties "proposed redactions to protect any potentially sensitive information while leaving unobstructed the language relevant to the Court's decision." *SEC v. Ripple Labs, Inc.*, No. 20-CV-10832, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). Moreover, the designated material contains confidential and non-public information about third parties not affiliated with either party to this action. *See, e.g.*, *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y. 2011) ("the privacy interests of third parties carry great weight in the balancing of interests").

For the reasons stated above, IQVIA's proposed redaction to its Reply and sealing of Exhibit D are appropriate and narrowly tailored to protect the competing interests. Accordingly, Defendant respectfully moves this Court for an Order: (1) sealing the unredacted versions of the Reply and Exhibit D, (2) maintaining IQVIA's proposed redaction in the publicly filed version of the Reply, and (3) maintaining Exhibit D fully under seal.

Respectfully submitted,

*/s/ Chantale Fiebig*

Chantale Fiebig

cc: All Counsel of Record (via ECF)