UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

*Plaintiff,*

v.

IQVIA HOLDINGS INC. and PROPEL MEDIA, INC.,

*Defendants.*

Case No. 1:23-cv-06188-ER

**STIPULATION AND ORDER
REGARDING REMOTE DEPOSITIONS**

WHEREAS Plaintiff Federal Trade Commission ("Plaintiff") and Defendants IQVIA Holdings Inc. ("IQVIA") and Propel Media, Inc. ("PMI") (each a "Party," and collectively, the "Parties"), have agreed that the terms of this Remote Deposition Protocol shall apply to all remote fact (both Party and Non-party), 30(b)(6), and expert depositions in the above-captioned action.

WHEREAS the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

I.  **DEFINITIONS**

   1.  "Deposed Party Counsel" means the legal counsel, including in-house counsel, of the Witness whose deposition has been noticed pursuant to this Protocol.

   2.  "Deposing Party Counsel" means the legal counsel of the Party or Parties noticing the deposition pursuant to this Protocol.

3. "Deposition Participants" means one or more of Plaintiff's counsel, one or more of Defendants' counsel, the Witness, the Witness's counsel (if not represented by Plaintiff's or Defendants' counsel), the court reporter, the videographer, any officer as defined in Federal Rule of Civil Procedure 28(a)(1)(a), client representatives, technical specialists designated under Paragraph 24, and any other participant agreed upon in advance of the deposition by the Parties.

4. "Participating Counsel" means Deposed Party Counsel, Deposing Party Counsel, and any other counsel for a Party or non-Party, including in-house counsel, who are participating in a deposition. Defendants' in-house counsel will not participate in non-Party Witness depositions.

5. "Platform" means the video-conferencing or file sharing computer application that the Parties have agreed to utilize to enable a Remote Deposition in accord with this Protocol. The Parties agree that the video and audio feed for all Remote Depositions will be conducted through Zoom or a similar video-conferencing platform, if Zoom is not available.

6. "Primary Counsel" means counsel designated by the Parties and the Witness at the beginning of the Remote Deposition as provided in Paragraph 36.

7. "Remote Deposition" means a deposition conducted pursuant to Federal Rules of Civil Procedure 30 or 45 using a Platform as agreed to under this Protocol that allows for the Deposition Participants to participate in a deposition without attending the deposition in person.

8. "Witness" means the person, including non-Parties, whose Remote Deposition has been noticed in this litigation, or any person designated to appear to give testimony

on behalf of a Party or non-Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

## II. GENERAL GUIDELINES AND SCOPE

9. This Stipulated Order Governing Remote Deposition Practices and Protocols (the "Remote Deposition Protocol" or "Protocol") will govern, subject to Court approval, the taking of Remote Depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure, the Joint Stipulated Civil Case Management Plan and Scheduling Order ("Joint Scheduling Order"), and the Protective Order.

10. This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

11. A copy of this Protocol shall be provided to each Witness or their counsel. The requirements of Federal Rule of Civil Procedure 45(c)(1)(A) shall be waived for Remote Depositions of non-Parties conducted pursuant to Federal Rule of Civil Procedure 45.

12. The Parties agree that, as used in Rule 28(a)(1)(A) of the Federal Rules of Civil Procedure, the "place of examination" is the physical location of the Witness.

13. A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer (who may also be the court reporter) attends the deposition via the same Platform used to connect all other Deposition Participants, and so long as the Primary Counsel, the Witness, the court reporter, and the officer can clearly hear and be

heard by all other Deposition Participants.  An officer who is authorized to provide the oath in any state will be deemed authorized to administer the oath to the Witness remotely.

14. The Parties expressly waive all objections to the admissibility of any testimony given during a Remote Deposition based solely on the fact that it was given at a Remote Deposition.

15. The Deposing Party Counsel is responsible for retaining, and covering the cost of, the court reporter, videographer, and any other vendor retained to assist with the Remote Deposition and needed to comply with the terms of this Protocol.  For any non-Party depositions where both Plaintiff and Defendants have noticed the Remote Deposition for the same day, the Parties will meet and confer if necessary, regarding which vendor(s) to use and will split the costs evenly for the Remote Deposition services that they both request.

16. The parties agree that all Party and non-Party depositions in this matter will be Remote Depositions, with the following exceptions:

    a. Deposing Party Counsel may elect to conduct non-remote depositions of all expert witnesses;

    b. Collectively, Defendants IQVIA and PMI may elect to conduct up to five (5) non-Remote Depositions of fact witnesses (Party or non-Party); and

    c. In the event a Party, Deposed Party Counsel, or non-Party Witness raises a reasonable objection to an in-person deposition, the Deposing Party Counsel and the Deposed Party Counsel and/or non-Party Witness shall negotiate in good faith about the format of the deposition.

17. Nothing in this protocol shall prohibit Deposed Party Counsel from being physically present with a Witness during a Remote Deposition.

18. To the extent that the Parties and/or non-Party have any disputes related to the Remote Deposition during a deposition, they will arrange a joint call with the Court's Chambers at 212-805-0294.  To the extent that the Parties and/or non-Party have any other disputes related to a Remote Deposition, they will meet and confer, and if they cannot reach agreement, present it to the Court as soon as practicable through a joint letter briefing.  The deposition may not take place until the Court resolves such dispute(s).

### III. DEPOSITION TECHNOLOGY

19. The court reporter will make a real-time live feed of the deposition transcript available to all Deposition Participants other than the Witness, who is not permitted to use a real-time live feed, with each Deposition Participant bearing its own costs for its use of any real-time live feed.  The court reporter may participate in the Remote Deposition remotely and will not be required to be physically present in the same room as the Witness.

20. All Deposition Participants will use secure, end-to-end encryption videoconferencing.  Audio dial-in through the Platform will be available for Deposition Participants unable to participate via videoconferencing, provided that the Witness and Primary Counsel must participate with their video feed switched on.  Deposition Participants will be provided virtual break-out rooms that may be utilized during breaks, only if the vendor providing the videoconferencing services can provide them at no extra cost.

21. The secure videoconferencing Platform will be hosted by the court reporting service. Hosting or co-hosting privileges will not be given to the other Deposition Participants.

22. Deposition Participants are responsible for ensuring that they have the proper hardware, software, and other equipment to participate in the Remote Deposition.

23. The Deposed Party Counsel, the Witness (or his/her designee), and/or Deposing Party Counsel may participate in a scheduled technology "test run" on the business day prior to each scheduled deposition (or at a mutually agreed upon date prior to the Remote Deposition) to ensure that the videoconferencing software functions properly. The Deposed Party Counsel, the Witness (or his/her designee), and Deposing Party Counsel may schedule test runs at different times. The Deposed Party Counsel and Deposing Party Counsel will notify the other of any technological issues that arise during the test run so that they can be remedied in advance of the Remote Deposition.

24. The only recording of the Remote Deposition, whether audio or visual, will be through the court reporting service, and the Parties will instruct the court reporter to record only when the Remote Deposition is on the record. The court reporter will disable any other "record" function in the secure videoconferencing Platform, and the Parties will not use any other means to record the Remote Deposition.

## IV. TECHNICAL DIFFICULTY

25. The court reporter will provide a telephone number for the Primary Counsel to use in the event that any of them become disconnected or are otherwise experiencing technical difficulties during the Remote Deposition. The Parties and/or Primary

Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

26. If technical difficulties result in the inability of any Primary Counsel or the Witness to receive either the audio or video feed of a Remote Deposition or to share exhibits electronically during the Remote Deposition, the Remote Deposition shall be suspended. Any remaining Deposition Participant(s) shall note any such disconnection on the record as soon as they become aware of it. The suspended time will not count against the hours allowed for a deposition under the Federal Rules of Civil Procedure or the Scheduling Order. The Remote Deposition must immediately be suspended until all disconnected Primary Counsel and the Witness have re-joined the Remote Deposition and have full access to both audio and video. Any portion of the Remote Deposition that has been transcribed while a Primary Counsel was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence. If the technical difficulties cannot be resolved, then the Remote Deposition shall be suspended until the concerns are resolved by the Parties or, if necessary, by order of the Court.

27. If at any time the court reporter indicates that he or she is unable to transcribe the Remote Deposition due to technical difficulties, the Remote Deposition shall be suspended and the Parties shall attempt to resolve those issues. The suspended time will not count against the hours allowed for a deposition under the Federal Rules of Civil Procedure or the Scheduling Order. If the technical difficulties

cannot be resolved to the satisfaction of the court reporter, the Remote Deposition shall be suspended.

28. Each Primary Counsel reserves the right to halt the deposition due to technical issues or disruption and, after making a good faith effort to resolve the issue or disruption, continue the deposition at a later date or time, subject to the requirements of the Joint Scheduling Order.

29. If technical difficulties arise during the taking of a Remote Deposition, Primary Counsel for the Parties and the Witness must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties arise which make the completion of a Remote Deposition impracticable, Participating Counsel and the Witness shall resume the Remote Deposition at the earliest mutually convenient opportunity.

## V.  EXHIBITS

30. The Parties agree that the method of marking and using exhibits for a Remote Deposition is through the Platform enabled for Remote Depositions, which shall enable the Deposing Party Counsel to share exhibits electronically with the Witness, court reporter, and Deposition Participants.

31. Any exhibits used during the examination of the Witness are to be introduced and viewed digitally using the Platform. In the event the exhibits are not pre-marked for identification, the preferred method of marking any exhibits is through the Platform.

32. The Parties intend to use a Platform that will allow the Witness and Primary Counsel to have a complete electronic copy and personal control of each exhibit when it is introduced remotely via the Platform.  Further, the Parties agree that any objections that could have been made during the Remote Deposition had Primary Counsel had a complete copy and personal control of an exhibit are preserved and may be asserted by serving notice of such objections within 24 hours of receiving the complete exhibit from the Deposing Party Counsel as set forth in Paragraph 30 above.

33. If a Witness is unable to open or access the document shared through the Platform, or if the Witness states that a document is best viewed in hard copy, the Deposed Party Counsel may pause the deposition to print a physical copy of a document before the document is introduced on the record ("Printing Break").  Witnesses shall request printing breaks in good faith.  Printing Breaks will be off the record and will not count toward the 7-hour time limit for the deposition.  During a Printing Break, the Witness must remain visible on camera with the microphone unmuted at all times.  The Witness may not engage in any electronic communications (email, chat, instant message, text message, etc.) during a Printing Break.

## VI. DEPOSITION CONDUCT

34. The Parties agree to meet and confer in good faith regarding the start times for any Remote Depositions.

35. The Deposed Party Counsel will provide the Deposing Party Counsel the following information at least three (3) business days prior to the date on which the Remote

> Deposition is scheduled: (1) name of the Witness if the Witness is scheduled to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); (2) the location of the Witness during the deposition; (3) the deposition start time; and (4) names and email addresses of any Participating Counsel.  Deposing Party Counsel will be provided the names and email addresses of any other counsel who plan to attend the Remote Deposition at least three (3) business days prior to the date on which the Remote Deposition is scheduled.

36. The Deposing Party Counsel will instruct the court reporting service to contact the Deposition Participants in advance of the deposition, and provide the secure videoconferencing login information and audio dial-in.  Only registered Deposition Participants will be permitted to enter the secure videoconference, which will require a unique code comprised of alphanumeric characters.  The Witness and/or his or her counsel will promptly notify the Deposing Party Counsel of any revisions to the participating counsel list.

37. On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each to serve as Primary Counsel.  Similarly, if the Witness is a non-Party, then the Witness shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition.  All Primary Counsel and the Witness will be individually logged onto the Platform with their cameras on and visible at all times during the Remote Deposition.

38. Deposed Party Counsel may be in the same location as the Witness and each is required to state on the record that he or she is in the same location as the Witness.

       The Witness and anyone who is in the room with the Witness (including for technical support) and Primary Counsel will be individually logged onto the Platform during the deposition with a camera (or cameras) capturing both the Witness and Primary Counsel, on and visible at all times through video feed during the Remote Deposition except during breaks.  If the Primary Counsel for the Witness is not visible on the same camera along with the Witness, the Primary Counsel for the Witness is required to be visible on a different camera.  All other Deposed Party Counsel in the room with the Witness, aside from any court reporter that may be in the room as needed, will turn off their cameras and set their audio to "mute" when the deposition is on the record.

39.    At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Remote Deposition, including any person receiving a live feed or live transcript of the Remote Deposition, must be identified for the record.  Any person joining or leaving the Remote Deposition after its beginning must be identified at the time of his or her arrival or departure.

40.    The Witness will not communicate with the Witness's counsel or any other person by chat, email, text message, or any other means while the Remote Deposition is on the record.  When the Remote Deposition is off the record, including during breaks, the Witness and the Deposed Party Counsel may communicate by any means as they would be permitted during an in-person deposition.

41.    With the exception of hardware necessary to view exhibits introduced during the Remote Deposition, the Witness will not have before her or him any hardware, such as a mobile phone or tablet, that is not required to participate in the Remote

>Deposition, and will close all other windows and programs on her or his computer other than software required to participate in the Remote Deposition.

42. The Witness may not, without the express consent of counsel for all Parties, review, read, have before them, or otherwise access any document, including handwritten notes, email, text messages, web pages, apps, video, audio, or other material, except (i) expert Witnesses may have copies of their expert submissions; (ii) corporate designees may have copies of materials used to prepare them on the noticed topics, provided that copies of any such materials that the corporate designee may refer to are provided to counsel for all Parties no later than 48 hours prior to the Remote Deposition (if there are a small number of additional document updates prior to the deposition, they should be provided to counsel for all Parties as soon as possible); and (iii) documents presented to the Witness as exhibits during the Remote Deposition.

43. During the Remote Deposition, the Witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites to obtain information in connection with his or her testimony without the express consent of counsel for all Parties.

## VII. MISCELLANEOUS PROVISIONS

44. Based on their experience under this Protocol and the needs of Witnesses, (a) the Parties, or the Parties and any non-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol

applicable to all Remote Depositions.

45. All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending Remote Depositions taken pursuant to this Order shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the Remote Deposition.

46. If a Party or Deposed Party Counsel for a non-Party Witness learns that a Witness violated this Protocol during the course of the Remote Deposition by either (a) communicating with any counsel or other person in violation of this Protocol; or (b) consulting non-exhibit sources during the Remote Deposition in violation of this Protocol, any counsel aware of the violation agrees to notify all Primary Counsel and to re-open the Remote Deposition. The Parties, as well as Deposed Party Counsel for the Witness, shall produce to the Parties any communications with the Witness in violation of this Protocol or sources the Witness consulted in violation of this Protocol. For the avoidance of doubt, communications otherwise abiding by the Federal Rules of Civil Procedure and any applicable ethical rules between the Witness and Deposed Party Counsel during breaks do not violate this Protocol.

47. By entering into this stipulation and agreement the Parties do not intend to limit their rights to seek relief from the Court if, at any time, any one or all of them determine that Remote Depositions are or have become impractical or prejudicial.

SO ORDERED THIS <u>18th</u> DAY OF <u>August</u>, 2023

_____
Honorable Edgardo Ramos
United States District Judge