

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

August 22, 2023

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York

Re: <u>Federal Trade Commission v. IQVIA Holdings Inc. and Propel Media, Inc.</u>, 1:23-cv-06188-ER

Dear Judge Ramos:

  The Federal Trade Commission, under Rule 2(A)(ii) of Your Honor's Individual Practices, requests a pre-motion conference to discuss its proposed motion to strike Affirmative Defenses that Defendants IQVIA Holdings Inc. and Propel Media, Inc. ("Propel") have asserted in this case. Pursuant to the Federal Rule of Civil Procedure 12(f), the FTC respectfully asks this Court to strike Defendants' Tenth through Seventeenth Affirmative Defenses as well as IQVIA's Eighteenth Affirmative Defense. These Affirmative Defenses are immaterial, impertinent, legally insufficient, and inadequately pled and thus should be stricken to avoid undue delay, confusion of the issues, and expenditure of unnecessary resources.

**I. Background**

  The FTC brought this case to preliminarily enjoin IQVIA's proposed acquisition of DeepIntent, Inc., owned by Propel (the "Proposed Acquisition"), and preserve the FTC's ability to fashion effective relief should it prevail in a related administrative proceeding. The FTC filed its administrative complaint on July 17, 2023, alleging that the Proposed Acquisition may substantially lessen competition in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, and Section 5 of the FTC Act, 15 U.S.C. § 45. Compl., *In re IQVIA Holdings Inc.*, Dkt. No. 9416 (FTC). On July 18, 2023, the FTC filed a complaint in this Court requesting a preliminary injunction pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b). Compl., ECF No. 1. On August 2, 2023, Defendants filed their Answers and Affirmative Defenses. Some of those Affirmative Defenses raise constitutional arguments regarding the structure, processes, and authority of the FTC. IQVIA Answer, ECF No. 58, Defs. 10-15; Propel Answer, ECF No. 72, Defs. 10-14. Other Affirmative Defenses raise estoppel and laches challenges. IQVIA Answer, ECF No. 58, Defs. 17 & 18; Propel Answer, ECF No. 72, Defs. 16 & 17. Additionally, Defendants' Affirmative Defenses also challenge the scope of FTC Act Section 5. IQVIA Answer, ECF No. 58, Def. 16; Propel Answer, ECF No. 72, Def. 15.

  Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses should be stricken when their allegations cause delay, confuse the issues, or result in unnecessary resources spent

on litigating irrelevant issues. *See, e.g.*, *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 428-31 (S.D.N.Y. 2010). Defendants' Affirmative Defenses, identified above, should be stricken as insufficient, immaterial, and impertinent. These defenses will confuse the issues before the Court and complicate and delay the preliminary injunction proceedings.

## II.   Defendants' Defenses Alleging Constitutional Violations Are Immaterial and Impertinent

Defendants' constitutional defenses—IQVIA's defenses 10 through 15 and Propel's defenses 10 through 14—should be stricken because they are "immaterial" and "impertinent." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005). Under Section 13(b), the Court's inquiry is limited to (1) determining the likelihood that the FTC will ultimately succeed on the merits in the underlying administrative proceeding, and (2) balancing the equities. *See* 15 U.S.C. § 53(b); *FTC v. Lancaster Colony Corp.*, 434 F. Supp. 1088, 1090-91 (S.D.N.Y. 1977). In the context of this suit alleging that a transaction violates the Clayton Act, assessing the FTC's likelihood of success requires the Court only to consider whether the FTC has raised serious and substantial questions about the merger and to weigh the equities. *See, e.g.*, *FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714-15 (D.C. Cir. 2001). Constitutional defenses surrounding the FTC's structure, processes, and authority are not pertinent or material to that question and should be stricken.

The FTC has previously succeeded in striking similar constitutional defenses on the basis that they were "immaterial" and "impertinent" to an FTC action for a preliminary injunction under Section 13(b). *See FTC v. Meta Platforms, Inc.*, 2022 WL 16637996, at *6-7 (N.D. Cal. Nov. 2, 2022). The *Meta* court reasoned that the "likelihood of ultimate success" referenced in Section 13(b) refers simply to "the FTC's success on the merits in the underlying administrative proceedings, as opposed to success following a Commission hearing, the development of an administrative record, and appeal before an unspecified Court of Appeals." *Id.* at *6. The *Meta* defendants' affirmative defenses relating to bias and constitutional violations were "not pertinent to [the court's] consideration of the FTC's success on the merits or the balancing of equities," thus the court struck those defenses. *Id.* at *7.

The *Meta* court's reasoning applies here. Constitutional arguments relating to the FTC's procedures and structure do not bear on whether the FTC has shown likelihood of success at the administrative hearing by raising serious and substantial questions about the Proposed Acquisition. Further, once the FTC has shown a likelihood of success, private equities of the sort Defendants may assert here do not justify denying a preliminary injunction. *See FTC v. Weyerhaeuser Co.*, 665 F.2d 1072, 1083 (D.C. Cir. 1981). Defendants' constitutional defenses thus are outside the scope of issues necessary to decide whether to grant a preliminary injunction under Section 13(b), *see Lancaster Colony Corp.*, 434 F. Supp. at 1090-91, and should be stricken as impertinent and immaterial.

## III.   Defendants' Affirmative Defenses of Estoppel and Laches Are Legally Insufficient

Defendants also allege in their defenses that the doctrines of estoppel and laches bar the FTC from making claims or assertions regarding IQVIA's prior acquisitions, and the doctrine of equitable estoppel binds the FTC to the claims, assertions, and admissions made by the DOJ in a suit brought against Google in the Eastern District of Virginia. IQVIA Answer ECF No. 58, Defs. 17 & 18; Propel Answer ECF No. 72, Defs. 16 & 17.

It is well established that "laches is not available against the federal government when it undertakes

to enforce a public right or protect the public interest." *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002) (citing *United States v. Summerlin*, 310 U.S. 414, 416 (1940)). Here, the FTC has brought an action to protect the public interest in effective enforcement of the antitrust laws. *See FTC v. H.J. Heinz Co.*, 246 F.3d 708, 726 (D.C. Cir. 2001). Courts in this Circuit routinely grant motions to strike laches defense asserted against the FTC or other federal agencies seeking to enforce federal laws in furtherance of a public interest. *See, e.g.*, *SEC v. Rayat*, 2021 WL 4868590, at *2 (S.D.N.Y. Oct. 18, 2021); *FTC v. Consumer Health Benefits Ass'n*, 2011 WL 13295634, at *6-7 (E.D.N.Y. Oct. 5, 2011); *SEC v. Laura*, 2020 WL 8772252, at *3 (E.D.N.Y. Dec. 30, 2020); *FTC v. Bronson Partners, LLC*, 2006 WL 197357, at *1 (D. Conn. Jan. 25, 2006). Defendants' laches defenses—IQVIA's defense 17 and Propel's defense 16—should similarly be stricken in this case.

Likewise, "where a defendant seeks to assert the [estoppel] defense against the government, estoppel will only be applied upon a showing of affirmative misconduct." *Rayat*, 2021 WL 4868590, at *2 (internal quotations and citations omitted). Defendants' allegations offer nothing more than conclusory statements that the FTC must be barred from making claims or assertions regarding IQVIA's past acquisitions and must be bound by claims or assertions made in a DOJ litigation against Google to which the FTC is not a party. Defendants make no allegation of wrongdoing on the part of the FTC, and thus their estoppel defenses are insufficient as a matter of law. *Rayat*, 2021 WL 4868590, at *3 (striking estoppel defense absent allegation of affirmative misconduct by government). Defendants' estoppel defenses—IQVIA's defenses 16 and 17, and Propel's defenses 17 and 18—thus should be stricken.

## IV. The FTC Will Suffer Prejudice If Defendants' Affirmative Defenses Are Not Stricken

Allowing Defendants to maintain immaterial, impertinent, and legally insufficient defenses would lead to "irrelevant, prolonged, and intrusive discovery" that would prejudice the FTC. *See, e.g., SEC v. Am. Growth Funding II, LLC*, 2016 WL 8314623, at *7 (S.D.N.Y. Dec. 30, 2016) (finding that the SEC would be prejudiced by the inclusion of defenses that "would force the SEC to give attention to matters collateral to its securities claims against Defendants"). Rather than litigating whether the FTC is entitled to a preliminary injunction, the Affirmative Defenses would shift focus to the FTC's intent and decision-making process. The scope of discovery would be significantly expanded and intrude into FTC's internal deliberations and privileged work product. The Affirmative Defenses would not only distract from the FTC's antitrust claims against Defendants but also lead to the expending of resources and time litigating issues that do not bear on the questions before the Court.

## V. Defendants' Defenses Alleging Unlawful Application of Section 5 Are Insufficiently Pled

Defendants' defense challenging the scope of Section 5 of the FTC Act is insufficiently pled. This Court has very clearly stated "affirmative defenses that are merely conclusory assertions, absent any supporting factual allegations[,] are insufficient as a matter of law…." *Shaub and Williams, L.L.P. v. Augme Techs., Inc.*, 2014 WL 625390, at *7 (S.D.N.Y. Feb. 14, 2014) (internal quotations and citations omitted). IQVIA's defense 16 and Propel's defense 15 fall squarely within this category as they are one-sentence assertions that attempt to limit the application of Section 5 without any basis or reasoning.

Based on the foregoing, the FTC respectfully requests that the Court grant a pre-motion conference in connection with its request to file a motion to strike various Affirmative Defenses that Defendants have asserted in this case.

Respectfully submitted,

/s/ Jennifer Fleury
Jennifer Fleury (*pro hac vice*)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
jfleury@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

4