

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Jennifer Fleury
Bureau of Competition
Litigation Group
Phone: (817) 914-1098
Email: jfleury@ftc.gov

August 23, 2023

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**RE:    FTC v. IQVIA Holdings Inc. and Propel Media, Inc., Case No.: 1:23-cv-6188-ER**

Dear Judge Ramos:

Pursuant to the Court's guidance, we write regarding an extension of the Temporary Restraining Order ("TRO Stipulation") currently in place (ECF No. 44). After meeting and conferring, the parties are at impasse and cannot reach agreement on the terms under which the TRO would expire. Defendants refused to consider extending the TRO deadline ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a date which would impose an artificial and unnecessarily constrained deadline upon this Court.

The FTC asks this Court to adopt the FTC's proposed extension of the current TRO (Ex. D) as it is consistent with past practice in other merger matters, will avoid subsequent disputes regarding additional extensions, and most importantly, will provide the Court with flexibility in making a determination on the FTC's request for a preliminary injunction. By contrast, Defendants' proposed extension of the TRO Stipulation (Ex. C) imposes a firm date by which the Court must rule, is not consistent with the Court's prior guidance, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

I.      **The Court Should Adopt the FTC's Proposed TRO Extension**

The FTC's proposed extension of the TRO Stipulation is in line with prior precedent and provides the Court with sufficient time and flexibility to issue a ruling. Defendants' proposal puts time pressure on the Court to digest information from a multi-day evidentiary hearing, review hundreds of pages of Findings of Fact and Conclusions of Law, and render a decision within eight days. *See* ECF No. 104, at 11, 17 (Case Management Order setting forth that the parties' findings of fact and conclusions of law (each up to 100 pages) are due December 7). As the FTC previously highlighted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. B (8/3/2023 Hearing Tr.), at 11:24-12:5; *see also CCC Holdings/Mitchell International,* 1:08-CV-02043 (45 days); *Sysco/USF,* 1:15-cv-00256 (40 days); *Advocate/North*

*Shore*, 1:15-cv-11473, (55 days); *Staples/Office Depot,* 1:15-cv-02115, (35 days); *Wilhelmsen/Drew Marine*, 1:18-cv-00414, (38 days); *Peabody/Arch Coal,* 20-cv-00317 (67 days).

The FTC's proposal, on the other hand, is consistent with other TROs entered pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), which provides the Court with authority to fashion a TRO beyond that set forth in Federal Rule of Civil Procedure 65. *See* Ex. D (FTC's Proposed Amended TRO); *see also FTC v. Lancaster Colony Corp. Inc.*, 434 F. Supp. 1088, 1097 (S.D.N.Y. 1977) (granting an opposed TRO keyed to the decision date: "[t]he temporary restraining order will remain in effect until the preliminary injunction is issued and filed"); *FTC v. City W. Advantage, Inc.*, 2008 WL 11450744, at *2 (D. Nev. May 21, 2008) (citing *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1233 (9th Cir. 1999) ("Unlike the traditional equity standard, which requires a litigant to show irreparable harm before a temporary restraining order or preliminary injunction issues, Section 13(b) provides that a federal district court may grant a temporary restraining order after (1) considering the likelihood that the Commission will succeed on the merits and (2) balancing the equities.")). The expiry of such TROs is commonly tied to a certain number of days after the court rules on the preliminary injunction (or a date that the court selects, or the day after dismissal of the action by the Commission) to provide the court with adequate time and flexibility to render a ruling. *See, e.g., Edgewell/Harry's*, 1:20-cv-00292, ECF No. 8; *Hackensack/Englewood*, 2:20-cv-18140-JMV-JBC, ECF No. 4; *Lifespan/CNE*, 1:22-cv-00081-WES-LDA, ECF No. 10; *RWJ/St Barnabas,* 2:22-cv-03416-JMV-ESK, ECF No. 25; *Peabody/ArchCoal*, 4:20-cv-00317-SEP, ECF No. 26. Finally, the FTC's proposal will eliminate the need to renegotiate the TRO Stipulation at a later time and expend additional resources to settle any subsequent disputes ▮

### II. Defendants' Claims That They Cannot Grant This Court Sufficient Time to Rule On The Preliminary Injunction Are Unavailing

The parties have previously appeared before the Court regarding the existing TRO Stipulation. *See generally,* Ex. A (7/20/2023 Hearing Tr.). There, ▮ *Id.* at 25:3-16, 33:15-35:13. In response to ▮ was ▮ Defendants' counsel represented to the Court that ▮ *Id.* at 33:15-34:2; *see also* 25:8-16 ▮ Based on these representations, the Court suggested that it could ▮ *Id.* at 35:6-19 ▮ Shortly thereafter, the parties negotiated a stipulated TRO with that timeline in mind, set to expire November 22, 2023. *See* ECF No. 44.



Subsequently, and  Ex. B (8/3/2023 Hearing Tr.) at 9:15-24. In this same hearing, the Court requested Id. at 12:6-19.

On August 15, 2023, the Court entered a Joint Stipulated Case Management Plan and Scheduling Order setting a December 7, 2023, deadline for the submission of post-hearing proposed findings of fact and conclusions of law. *See* ECF No. 104 at 17. The parties have subsequently exchanged draft proposals extending the TRO Stipulation to allow for the completion of the evidentiary hearing and a decision by the Court prior to the expiry of the TRO, and they met and conferred to discuss each party's proposal. Defendants' proposal terminates the TRO the earlier of (a) December 15, 2023 or (b) the third (3rd) business day after the Court rules on the FTC's request for a preliminary injunction. *See* Ex. C (Defendants' Proposed Amended TRO). Defendants have declined to extend the date certain in their proposed TRO Stipulation past December 15.

### III. Conclusion

For the foregoing reasons, the FTC respectfully requests that the Court grant a pre-motion conference in connection with its request to extend the TRO in this matter.

Sincerely,

/s/ Jennifer Fleury
Jennifer Fleury
*Counsel for Plaintiff Federal Trade Commission*