**MEMO ENDORSED**



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Jennifer Fleury
Bureau of Competition
Litigation Group
Phone: (817) 914-1098
Email: jfleury@ftc.gov

> The request is granted. The information listed herein may be redacted from the publicly-available available letter, Doc. 128. And the un-redacted version, Doc. 129, may be filed under seal. The Clerk of Court is respectfully directed to seal the un-redacted letter, Doc. 129, as to the applicable parties: the FTC, IQVIA, and Propel. The Court will hear the parties' pending requests in a telephonic conference on September 6, 2023, at 2:30 PM. The parties may dial 877-411-9748 and enter access code 3029857# when prompted. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: August 25, 2023
> New York, New York

August 23, 2023

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**RE:   FTC v. IQVIA Holdings Inc. and Propel Media, Inc., Case No.: 1:23-cv-6188-ER**

Dear Judge Ramos:

    Pursuant to this Court's Rule of Individual Practice 3(ii) and Paragraph 9 of the Protective Order, Dkt No. 55 (the "Protective Order"), the Federal Trade Commission ("FTC") respectfully submits this letter-motion seeking an Order sealing portions of the FTC's request for a pre-motion conference in connection with its request to extend the temporary restraining order currently in place (ECF No. 44).

    The limited proposed redactions are consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

    Here, while the FTC's letter is a judicial document, the presumption of public access is of less weight where the party seeks only to seal information that has already been designated confidential. That is true here. Paragraph 9 of the Protective Order requires that, when filing materials that contain Confidential Information, "the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal." The FTC's letter contains nonpublic information such as quotes and information that have been designated under seal. Additionally, Exhibit A and Exhibit B of the FTC's letter are non-public documents filed under seal, with a slipsheet that will be filed publicly.

    The FTC has also prepared a redacted version of its letter, with redactions limited to the information designated as Confidential Information, which will be filed publicly.
To comply with the Protective Order, the FTC respectfully requests that this letter-motion

Letter to Judge Ramos
August 23, 2023
Page 2

be granted in its entirety and an Order be issued sealing portions of its letter.

                Sincerely,

                /s/ Jennifer Fleury
                Jennifer Fleury
                *Counsel for Plaintiff Federal Trade Commission*