**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Chantale Fiebig**
+1 (202) 682-7200
Chantale.Fiebig@weil.com

August 25, 2023
VIA CM/ECF

Hon. Edgardo Ramos
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re: *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

Pursuant to Your Honor's Individual Practices Section 2.A.ii, Defendants respectfully submit this response to the FTC's August 22, 2023 letter requesting a pre-motion conference on its proposed motion to strike certain affirmative defenses (Dkt. No. 123).

There is no need for separate motion practice on the affirmative defenses. The FTC will have a full opportunity to brief the relevance (and merits) of Defendants' affirmative defenses in the preliminary injunction briefing or, in the alternative, a motion in limine. Separate briefing and argument now would unnecessarily disrupt the fast-paced proceedings in this case. Depositions are already being scheduled, preliminary injunction briefing will begin on October 25, motions in limine will follow shortly thereafter, and the hearing is set to begin on November 20. The FTC's proposal to insert into that agreed-upon schedule another round of briefing—to strike defenses that cause no prejudice to the FTC—would disrupt the parties' efforts in that regard and burden the Court with unnecessary motion practice.

In any event, the FTC's proposed motion lacks merit because the challenged defenses are appropriate.

### I.      The Affirmative Defenses Are Relevant and Legally Sufficient

The FTC's proposed motion is premised principally on its view that certain of Defendants' affirmative defenses are either irrelevant or legally insufficient. That is incorrect.

#### A.      The Constitutional Defenses Are Not "Immaterial" or "Impertinent"

The FTC first seeks to strike two affirmative defenses (IQVIA's Defenses #10–15 and Propel Media's Defenses #10–14) that challenge the constitutionality of the FTC's structure and the underlying administrative proceeding, on the ground that they are "immaterial" and "impertinent" to the FTC's request for a preliminary injunction under Section 13(b). Rule 12(f) motions are "highly disfavored," *Lee v. E*Trade Fin. Corp.*, 2013 WL 4016220, at *7 (S.D.N.Y. Aug. 6, 2013), and will be granted only where the pleading has "no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action," *VNB Realty,*

Hon. Edgardo Ramos　　　　　　　　　　　　　　　　　　　　　　　　　Weil, Gotshal & Manges LLP
August 25, 2023
Page 2

*Inc. v. Bank of Am. Corp.*, 2013 WL 5179197, at *3 (S.D.N.Y. Sept. 16, 2013) (quotation marks omitted). The FTC cannot meet that high bar: These defenses have clear merit, *see Seila Law LLC v. CFPB*, 140 S. Ct. 2183, 2200 (2020), and indeed are being litigated in another merger challenge, *see generally FTC v. Amgen Inc.*, No. 23-CV-3053 (N.D. Ill.).

Section 13(b) permits courts to issue a preliminary injunction only after "considering the Commission's likelihood of *ultimate success*." 15 U.S.C. § 53(b)(2) (emphasis added). Where "the statutory language is plain," courts "must enforce it according to its terms." *King v. Burwell*, 576 U.S. 473, 486 (2015). "Ultimate" in this sense means "arrived at as the last result." *Ultimate*, Webster's Third New International Dictionary (1986). The Court therefore may not issue a preliminary injunction without considering the likelihood that the "last result" of the FTC's challenge to the merger could be dismissal or reversal because of a holding that the agency's structure or procedures are unconstitutional.

The FTC urges the Court to instead consider only whether it has raised substantial questions "about the merger." Ltr. 2. That is not what the statute says, and the FTC's conclusory argument otherwise contradicts any ordinary meaning of the term "ultimate success." The FTC further contends that the Court should consider only the likelihood of success "in the underlying administrative proceeding," citing *FTC v. Lancaster Colony Corp.*, 434 F. Supp. 1088 (S.D.N.Y. 1977). But the statute's reference to "ultimate success" plainly does not mean interim success before an administrative tribunal, and *Lancaster Colony* actually says that courts should consider the likely determination of the merits "by [a] Court of Appeals." 434 F. Supp. at 1091; *see also FTC v. H.J. Heinz Co.*, 246 F.3d 708, 714–15 (D.C. Cir. 2001) (same). Moreover, the FTC's proposed limitation fails on its own terms. According to the FTC, the purpose of the preliminary injunction is to "preserve the status quo until the FTC can perform its adjudicatory function." Dkt. 88, at 2 (quotation marks omitted). But there is no need for a preliminary injunction if the FTC cannot constitutionally "perform its adjudicatory function."

The FTC bases its proposed motion to strike principally on a misreading of *FTC v. Meta Platforms*, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022). In that case, Judge Davila struck *with prejudice* certain affirmative defenses regarding Chair Khan's alleged bias against one of the defendants. *See id.* at *6. Notably, however, the court struck other constitutional defenses—including some of those asserted here—*without prejudice* for failure to meet the applicable pleading standard, allowing the defendants to replead those defenses with more factual detail. *See id.* at *7. Judge Davila did *not* rule that the defenses at issue here were immaterial or pertinent, and the FTC does not dispute that Defendants here have easily met the applicable pleading standard. *See* IQVIA Answer, Affirmative Defenses ¶¶ 10–15; Propel Media Answer, Affirmative Defenses ¶¶ 10–14. *Meta Platforms* is thus inapposite.

　　　　B.　　　**Defendants' Estoppel Defenses Are Legally Cognizable**

The FTC separately seeks leave to strike Defendants' affirmative defenses related to laches and equitable estoppel, Ltr. 2–3, which are based on the government's inaction with respect to IQVIA's prior acquisitions and the positions taken by the government in pending litigation against Google alleging that

Hon. Edgardo Ramos
August 25, 2023
Page 3

**Weil, Gotshal & Manges LLP**

as of 2017, Google held "a nearly 30% share of gross digital advertising revenue flowing through demand side platforms." Complaint, *United States v. Google LLC*, No. 23-CV-108 (E.D. Va.). Where a party seeks to strike an affirmative defense as insufficiently pleaded, "the moving party must satisfy a stringent three-pronged test: (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 355 (S.D.N.Y. 2016) (quotation marks omitted).

With respect to laches, the FTC's own case recognizes that there is disagreement as to its availability against the government. *See SEC v. Rayat*, 2021 WL 4868590, at *2 n.1 (S.D.N.Y. Oct. 18, 2021) (citing *United States v. Admin. Enters., Inc.*, 46 F.3d 670, 672–73 (7th Cir. 1995)). Defendants are entitled to preserve and litigate that defense. As for estoppel, the FTC's supposed "affirmative misconduct" element attaches only when a party invokes estoppel to bind the government to the *un*authorized acts of its agents. *See Schweiker v. Hansen*, 450 U.S. 785, 788 (1981); *INS v. Hibi*, 414 U.S. 5, 8 (1973). It has never been seriously doubted that the government may be bound by the *authorized* conduct of its agents. *See Hollerbach v. United States*, 233 U.S. 165, 171–72 (1914). At the very least, there are serious questions regarding the merits and applicability of the defense here that make a motion to strike inappropriate.

## II.     There Is No Prejudice to the FTC

There is no prejudice to the FTC from the challenged affirmative defenses. The FTC urges that allowing the affirmative defenses to remain in the case would "significantly expand[]" discovery. Ltr. 3. It cites no support for this assertion and there is none: Defendants have served their initial interrogatories and document requests, and not a single one touches on these affirmative defenses. That is because there are no disputed factual issues with respect to those defenses. The FTC's suggestion that the constitutional defenses would "distract" from its antitrust claims, Ltr. 3, again ignores that it has sought the preliminary injunction purportedly to allow it to "perform its adjudicatory function." Dkt. 88, at 2. There is nothing "distract[ing]" about litigating whether the FTC is competent to perform that function.

## III.    Defendants Will Agree to Withdraw IQVIA Defense #16 and Propel Media Defense #15

In the interest of minimizing motion practice and any burden on the Court, Defendants are willing to agree to withdraw their affirmative defenses regarding the scope of Section 5 of the FTC Act if the motion proceeds. *See* IQVIA Answer ¶ 16; Propel Media Answer ¶ 15. This defense raises a legal issue regarding the scope of the FTC's authority that can be adequately litigated in opposition to the FTC's preliminary injunction motion, without the need for a separate affirmative defense.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny the FTC's request for a pre-motion conference related to its proposed motion to strike.

Hon. Edgardo Ramos  **Weil, Gotshal & Manges LLP**
August 25, 2023
Page 4

Respectfully submitted,

/s/ *Chantale Fiebig*                                              /s/ *Alexander Okuliar*

Chantale Fiebig                                                   Alexander Okuliar
WEIL, GOTSHAL & MANGES LLP                                        MORRISON & FOERSTER LLP
Counsel for IQVIA Holding, Inc.                                   Counsel for Propel Media, Inc.