**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Chantale Fiebig**
+1 (202) 682-7200
Chantale.Fiebig@weil.com

August 28, 2023
VIA CM/ECF

Hon. Edgardo Ramos
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re: *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

Pursuant to your Honor's Individual Practices Section 2.A.ii, Defendants respectfully submit this response to the FTC's letter requesting a pre-motion conference on its proposed motion to modify the TRO. *See* Dkt. 128.

Defendants regret that the FTC saw fit to involve the Court in a dispute that should have been resolved by stipulation. All parties previously stipulated to a TRO that expires the earlier of November 22, 2023 or one business day after this Court's ruling on the FTC's forthcoming motion for preliminary injunction. In light of the Court's schedule, the merging parties negotiated ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. The Court then scheduled the preliminary injunction hearing to commence on November 20, and directed the parties to ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ Hr'g Tr. 10:25–11:3 (Aug. 3, 2023). Defendants have offered (and remain willing) to extend the existing TRO to December 15, 2023. The FTC has rejected that offer, seeking instead to renegotiate the entire TRO.

I. **The FTC Cannot Obtain a Contested, Indefinite TRO**

The FTC has failed to identify any authority that would allow the imposition of an indefinite TRO without the consent of Defendants. As Defendants previously pointed out, *see* Dkt. 34, at 4–6, Federal Rule of Civil Procedure 65(b) provides that a TRO issued without notice "expires at the time after entry—*not to exceed 14 days*—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2) (emphasis added). In the Second Circuit, "a temporary restraining order issued *with* notice is also subject to Rule 65(b)(2)'s time limitation." *MPD Accessories B.V. v. Urban Outfitters, Inc.*, 2013 WL 6869919, at *5 (S.D.N.Y. Dec. 23, 2013) (emphasis added) (citing *Pan Am. World Airways, Inc. v. Flight Eng'rs Int'l Ass'n*, 306 F.2d 840, 842–43 (2d Cir. 1962)). Under the plain terms of Rule 65(b) and binding Second Circuit precedent, the FTC cannot obtain an indefinite TRO without the consent of Defendants.

The FTC's response is the novel assertion that Section 13(b) exempts the FTC from the limitations of Rule 65. Ltr. 2. It cites no case adopting that position, or any case in which the FTC has received an indefinite TRO over the restrained party's objection. It points to *FTC v. Lancaster Colony Corp.*, 434 F.

Hon. Edgardo Ramos  
August 28, 2023  
Page 2

**Weil, Gotshal & Manges LLP**

Supp. 1088, 1097 (S.D.N.Y. 1977), *see* Ltr. 2, but there, the parties "agree[d] not to consummate the transaction pending argument" on the motion for preliminary injunction, 434 F. Supp. at 1092. The court extended the TRO at argument and issued the preliminary injunction decision 14 days later. *See id.* at 1092, 1097. Then, *after* making complete findings of fact and conclusions of law and holding that the FTC had satisfied the requirements of Section 13(b), the court extended the TRO for an additional four days to allow the FTC to submit a proposed preliminary injunction. *See id.* at 1097. All of that was fully consistent with Rule 65(b). All of the other TROs the FTC cites were entered on the parties' stipulation. *See FTC v. Edgewell Personal Care Co.*, No. 20-CV-292 (D.D.C.), ECF No. 5; *FTC v. Lifespan Corp.*, No. 22-CV-81 (D.R.I.), ECF No. 5; *FTC v. RWJ Barnabas Health, Inc.*, No. 22-CV-3416 (D.N.J.), ECF No. 25; *FTC v. Peabody Energy Corp.*, No. 20-CV-317 (E.D. Mo.), ECF No. 26; *see also FTC v. City West Advantage, Inc.*, 2008 WL 11450744, at *5 (D. Nev. May 21, 2008) (denying TRO).

The FTC therefore cannot obtain an indefinite TRO over Defendants' objection. To be clear, Defendants are willing to enter into a stipulated TRO that expires ▮▮▮▮▮▮, and indeed the Court already has entered such an order. Unfortunately, it is the FTC that is not willing to "▮▮▮▮▮▮▮▮▮▮," despite the Court's direction that the parties do so.

## II.   There Is No Justification for an Indefinite TRO

Even were the FTC's requested TRO available, the FTC has not justified it here. In its first-day filings, the FTC requested a TRO with no end date. *See* Dkt. 5. The parties thereafter conferred prior to the TRO hearing, but the FTC continued to insist that the TRO have no expiration date. *See* Hr'g Tr. 32:3–33:14 (July 20, 2023). At the hearing, the Court asked ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 35:6–19. The FTC's counsel responded: ▮▮▮▮▮▮▮▮ *Id.* at 35:20. The Court ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 41:9–12. We understand the Court to have meant that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. A TRO that expires on December 15 will therefore protect the interests of all parties.

As it did at the prior hearing before the Court, the FTC references statistics suggesting that decisions on Section 13(b) motions typically take around 35 days to issue. Ltr. 1–2. Those statistics of course say nothing about how long *this* Court will take to issue a decision: That will be determined by the circumstances of the case and the Court's own schedule. But even if those statistics were probative of the likely time to rule, that would not justify the FTC's request for an *indefinite* TRO. If, after taking evidence at the hearing, the Court does not believe it will be feasible to issue a decision by December 15, the Court and the parties can reassess whether a modest extension—though not an indefinite one—of the TRO might be appropriate to accommodate the Court's schedule and capacity. The FTC's immediate request for an indefinite TRO is thus both premature and overbroad.

Hon. Edgardo Ramos  
August 28, 2023  
Page 3

**Weil, Gotshal & Manges LLP**

The FTC's reference to the current deadline for the parties to submit their post-hearing findings of fact and conclusions of law—December 7 at 5:00 PM ET—is misleading. *See* Ltr. 3. The FTC omits that Defendants suggested in the parties' meet-and-confers that the post-hearing briefing be submitted three days *earlier*, on December 4 at 5:00 PM ET. It was *the FTC* that insisted on a later deadline. Having negotiated a longer time to file post-hearing briefing, the FTC cannot use that timing to justify the indefinite TRO it seeks. Defendants remain ready, willing, and able to submit their post-hearing briefs on December 4 to maximize the Court's time to render a decision by December 15.

### III. An Indefinite TRO Would Prejudice Defendants

Finally, the FTC greatly understates the prejudice to Defendants of its requested TRO. IQVIA and Propel Media look forward to working collaboratively after the merger closes, but as of now, they remain commercial counterparties. Any modification of ▮▮▮▮▮▮ requires negotiations and, often, an exchange of consideration. As set forth in the declaration of the President of IQVIA's United States and Canada regional business unit (Jon Resnick), ▮▮▮▮▮▮. *See* Ex. A. For Propel Media, ▮▮▮▮▮▮. *See* Ex. B.

In arguing otherwise, the FTC points to Defendants' ▮▮▮▮▮▮. *See* Ltr. 2–3. As IQVIA has explained, ▮▮▮▮▮▮ Hr'g Tr. 9:15–24 (Aug. 3, 2023). ▮▮▮▮▮▮. *See* Ex. A ¶¶ 8–10. It is thus inaccurate for the FTC to claim that an indefinite TRO works no substantial prejudice to Defendants.

Additionally, the Part 3 administrative proceeding is scheduled to begin on December 20, 2023. As the FTC itself acknowledges, "[i]n the competition context, the Commission has used Section 13(b) primarily to obtain preliminary injunctive relief against corporate mergers or acquisitions *pending* completion of an FTC administrative proceeding." FTC, *A Brief Overview of the Federal Trade Commission's Investigative, Law Enforcement, and Rulemaking Authority* (2021), https://tinyurl.com/2nbs6apc (emphasis added). Accordingly, the time pressure here is largely if not entirely of the FTC's own making.

### Conclusion

Defendants have offered to extend the existing TRO to ▮▮▮▮▮▮ December 15. The FTC's effort to renegotiate the structural terms of the TRO is inappropriate and inconsistent with this Court's direction, and the FTC's request for an open-ended TRO is unauthorized. Defendants respectfully request that the Court deny the FTC's request to modify the TRO, and instead extend the existing TRO ▮▮▮▮▮▮. *See* Dkt. 128-3.

Hon. Edgardo Ramos  **Weil, Gotshal & Manges LLP**
August 28, 2023
Page 4

Respectfully submitted,

*/s/ Chantale Fiebig*  */s/ Alexander Okuliar*

Chantale Fiebig  Alexander Okuliar
WEIL, GOTSHAL & MANGES LLP  MORRISON & FOERSTER LLP
Counsel for IQVIA Holding, Inc.  Counsel for Propel Media, Inc.