**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600  
Washington, DC 20036  
+1 202 682 7000 tel  
+1 202 857 0940 fax

August 28, 2023  
VIA CM/ECF

**Chantale Fiebig**  
+1 (202) 682-7200  
Chantale.Fiebig@weil.com

Hon. Edgardo Ramos  
United States District Court, S.D.N.Y.  
40 Foley Square  
New York, NY 10007

Re:  *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii) and Paragraph 9 of the Protective Order, Dkt. No. 55 (the "Protective Order"), Defendants submit this letter motion to respectfully request that: (1) an unredacted copy of Defendants' response to the FTC's letter requesting a pre-motion conference on its proposed motion to modify the TRO be filed under seal; (2) Exhibit A to Defendants' response, the Declaration of Jon Resnick, be filed under seal; (3) Exhibit B to Defendants' response, the Declaration of Chris Paquette, be filed under seal; and (4) the redactions to the public versions of Defendants' response and the Declarations be maintained.

## Sealing Is Appropriate in This Action

While "[t]here is a common law presumption in favor of permitting public access to judicial documents," a "court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).  Competitively sensitive information, for example, should be protected against public disclosure if such disclosure would cause significant and irreparable competitive injury.  *See, e.g., Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage).

Here, Defendants seek to seal only limited portions of the Response and the corresponding Declarations of Jon Resnick and Chris Paquette that contain sensitive commercial information related to the confidential terms of Defendants' merger.  This information is Confidential pursuant to the parties' Protective Order.  *See* ECF No. 55 ¶ 1.   The redactions to Defendants' response and the Declarations are narrowly tailored to protect commercially sensitive and confidential information, including non-public, bargained-for terms.  Disclosure of these terms would likely result in competitive harm to IQVIA and DeepIntent in future negotiations of similar agreements with other parties.

Hon. Edgardo Ramos  
August 28, 2023  
Page 2

**Weil, Gotshal & Manges LLP**

Courts in this District routinely seal documents to prevent the disclosure of a party's confidential or competitively sensitive business information. *See, e.g., PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014) (granting motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales).

To protect parties from harm of this nature, courts in this Circuit have generally exercised their discretion to seal judicial records. Although Defendants' Response and the Declarations are judicial documents, the presumption of public access is of less weight where Defendants seek only to seal information that has been designated Confidential and protected by the Protective Order entered in this case. Defendants' proposed redactions relate to confidential commercial information regarding the parties' proposed merger. Courts in this District have granted motions to seal under similar circumstances, where parties "proposed redactions to protect any potentially sensitive information while leaving unobstructed the language relevant to the Court's decision." *SEC v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022). In contrast, there is no benefit to the public from disclosure of the confidential information sought to be sealed here. Thus, the competitive disadvantages that would flow to Defendants if such information was disclosed outweighs the interest of the public, including competitors, of viewing those specific terms. *See Lugosch*, 435 F.3d at 120.

**Conclusion**

For the reasons stated above, Defendants respectfully request that this Court enter an order: (1) sealing the unredacted versions of the Response to the FTC's pre-motion letter and the Declarations of Jon Resnick and Chris Paquette; and (2) maintain the redactions of the publicly filed versions of the same.

Respectfully submitted,

*/s/ Chantale Fiebig*

Chantale Fiebig