# Ex. A

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **DEFENDANT META PLATFORMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| META PLATFORMS, INC., et al., | Dept.: Courtroom 4 – 5th Floor |
| Defendants. | Judge: Honorable Edward J. Davila |

**ANSWER AND AFFIRMATIVE DEFENSES OF META PLATFORMS, INC.**

Defendant Meta Platforms, Inc. ("Meta"), by and through its undersigned attorneys, hereby answers Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Complaint for a Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act dated July 27, 2022 (the "Complaint") as follows:

## INTRODUCTION

Meta's proposed acquisition of Within Unlimited, Inc. ("Within") is good for consumers and for competition. Meta is investing billions of dollars in virtual reality ("VR") in order to grow the VR ecosystem. Meta's Quest headset is only one of many current and expected VR products, including those from global electronics leaders, such as Apple, ByteDance, Samsung, Sony, and others. Meta seeks to provide a robust, varied platform that appeals to a broad range of people, and to expand the platform beyond its initial focus on gaming. Its acquisition of Within will improve and expand fitness offerings, make the Quest headset more attractive to users, and increase opportunities for existing and new third-party developers, all to the benefit of consumers, developers, and the overall VR ecosystem. This is the kind of pro-competitive transaction that should be celebrated rather than challenged.

The acquisition has been challenged here for improper reasons. Federal Trade Commission Chair Lina Khan brought with her to the Commission a preset agenda; she has stated consistently and in blunt terms that Meta should *never* be allowed to acquire any other company, regardless of the facts as to any such transaction – and without regard to governing law. She has also made repeated and disparaging references to Meta and its CEO, Mark Zuckerberg (whom she derides as "Marta Zuckerberg" in some of her published commentary). Ignoring the FTC staff who conducted a review of this transaction and determined that no enforcement action was warranted, Chair Khan engineered a 3-2 Commission vote to overrule the staff and bring this case, with hers the decisive vote. She now sits as a judge in the administrative case – which she has prejudged and cannot fairly adjudicate. Those administrative proceedings are irrevocably tainted by due process and federal ethics violations, and can never result in a legally valid decision.

The FTC staff was entirely correct in finding no legitimate reason to bring this unprecedented action. The FTC's theories are legally suspect and factually meritless. Its principal claim is based on

"potential competition" – Meta should not be allowed to acquire Within because Meta *might* otherwise compete on its own with Within's product, Supernatural. The claim fails for numerous reasons. The alleged product market is artificial, excluding a wide range of competing fitness products on other platforms. Meta had no plan to create its own VR fitness product; indeed, it had rejected the idea as impractical, and Meta has no unique advantages in providing such a product – others are equally capable of doing so. And actual entry by strong competitors into the very markets the FTC alleges, as well as expected entry from others, precludes any colorable claim that Meta's decision to compete by acquiring a VR fitness app – rather than developing one from scratch – could harm consumers, even on the FTC's own suspect legal theory.

The FTC's backup theory – that combining Within's Supernatural with Meta's Beat Saber leads to too much power in an alleged "incidental fitness plus direct fitness" market – fails the straight-face test: Meta's Beat Saber game is quite different from Supernatural's fitness app, including in its product characteristics, pricing, audience, and just about any other aspect one could identify. Lumping them together and leaving out all the other games and other products on all the other platforms against which these two products compete makes no sense except as a thin rationalization for Chair Khan's determination to block Meta acquisitions irrespective of the facts or the law.

## ANSWER

Each paragraph below corresponds to the same-numbered paragraph in the Complaint. All allegations not expressly admitted are denied. Meta does not interpret the headings or preamble in the Complaint as well-pleaded allegations to which any response is required. To the extent a response is required to the headings or preamble, Meta denies all such allegations in the headings and preamble. Unless otherwise defined, capitalized terms refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization the FTC may ascribe to the terms.

1.     Meta admits that it is seeking to acquire Within, the maker of Supernatural. Meta denies the remaining allegations contained in Paragraph 1.

2.     Meta admits that the Facebook, Instagram, Messenger and WhatsApp applications are referred to collectively as Meta's "Family of Apps," and Meta reported in its Securities and Exchange

Commission ("SEC") annual filing for the year ending December 31, 2021, that the "[f]amily monthly active people (MAP) was 3.59 billion" as of December 31, 2021. Meta further admits that on June 9, 2022, the company formerly known as Facebook was renamed "Meta Platforms, Inc." Meta denies the remaining allegations contained in Paragraph 2.

3.     Meta admits that it acquired Oculus VR, Inc. in 2014. Meta further admits that the Quest 2 has been available for sale in the United States and worldwide since its launch in 2020. To the extent Plaintiff is quoting documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 3.

4.     Meta admits that the Quest Store is a distribution platform for VR software apps. Meta further admits that it acquired Beat Games, the developer of Beat Saber, in November 2019; that Beat Saber is the highest earning app on Meta's Quest Store to date by revenue; and that Beat Saber's revenue in 2021 was greater than the next five highest-grossing apps combined. Meta further admits that it owns other VR apps. Meta denies the remaining allegations contained in Paragraph 4.

5.     Meta denies the allegations contained in Paragraph 5.

6.     Meta denies the allegations contained in Paragraph 6.

7.     To the extent Plaintiff is quoting documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 7.

8.     To the extent Plaintiff is quoting documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 8.

9.     Meta denies the allegations contained in Paragraph 9.

10.    Meta denies the allegations contained in Paragraph 10.

11.    Meta denies the allegations contained in Paragraph 11.

12.    Meta denies the allegations contained in Paragraph 12.

13.    Meta denies the allegations contained in Paragraph 13.

14.    Paragraph 14 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta denies the allegations contained in Paragraph 14.

15.     Paragraph 15 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta denies the allegations contained in Paragraph 15.

16.     Paragraph 16 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta denies the allegations contained in Paragraph 16.

17.     Paragraph 17 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta denies the allegations contained in Paragraph 17.

18.     Paragraph 18 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta respectfully refers the Court to 15 USC § 53(b) for an accurate and complete statement of its text.

19.     Paragraph 19 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta denies the allegations contained in Paragraph 19.

20.     Paragraph 20 purports to state conclusions of law to which no response is required. To the extent a response is required, for purposes of this current action, Meta does not contest that venue in this district is proper.

21.     Paragraph 21 purports to state conclusions of law to which no response is required. To the extent a response is required, for purposes of this current action, Meta does not contest that assignment to the San Jose Division is proper.

22.     Paragraph 22 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta admits the allegations contained in Paragraph 22 but denies that the FTC is authorized under Section 7 of the Clayton Act, 15 U.S.C. § 18, or Section 5 of the FTC Act, 15 U.S.C. § 45, to proceed in this case.

23.     Meta admits that it is a publicly traded company organized under the laws of Delaware with headquarters in Menlo Park, California; that it develops and sells VR and other extended reality hardware and software through its Reality Labs division; and that Meta reported its Reality Labs division generated $2,274 million in revenue in 2021 and $1,139 million in revenue in 2020, which it recorded in its SEC annual filing for the year ending December 31, 2021. Meta also admits that it offers for sale the Quest 2 VR headset, which is Meta's best-selling VR hardware product to date by units sold, and

that it acquired Beat Games, the creator of Beat Saber, in 2019, which is Meta's best-selling VR software product to date by revenue. Meta denies the remaining allegations contained in Paragraph 23.

24.     Meta admits that Mark Zuckerberg is the founder, Chairman, CEO and controlling shareholder of Meta and that Mr. Zuckerberg maintains an office at 1601 Willow Road, Menlo Park, California, 94025. Meta denies the remaining allegations contained in Paragraph 24.

25.     Paragraph 25 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies the same.

26.     Meta admits that on October 22, 2021, Meta and Within entered into an agreement and plan of merger, pursuant to which Meta would acquire all shares of Within.

27.     Meta denies the allegations contained in Paragraph 27.

28.     Meta admits that the VR industry is currently characterized by a high degree of innovation and growth. Meta denies the remaining allegations contained in Paragraph 28.

29.     Meta admits that users may experience VR through a headset with displays in front of each eye. To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 29.

30.     Meta admits that its best-selling VR headset to date by unit measurement is the Quest 2. Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the purported industry source estimates, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 30.

31.     Meta admits that the Meta Quest Store, App Lab, Valve's Steam Store, and SideQuest are application stores where users can download applications and content. Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning how users get apps for VR headsets, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 31.

32.     Meta admits that VR software and studio companies, including Within, develop apps that run on VR headsets. Meta denies the remaining allegations contained in Paragraph 32.

33.     To the extent Plaintiff is quoting documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta admits that it acquired Beat Games, the developer of Beat Saber, in November 2019, and that since 2019 Beat Saber has been the top-grossing app on Meta's Quest Store by revenue. Meta denies the remaining allegations contained in Paragraph 33.

34.     Meta admits that it has acquired the studios cited in Paragraph 34. Meta denies the remaining allegations contained in Paragraph 34.

35.     Meta admits that it has developed and released Horizon Worlds, Horizon Workrooms, Horizon Venues, and Horizon Home. Meta denies the remaining allegations contained in Paragraph 35.

36.     To the extent Plaintiff is quoting documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 36.

37.     Meta denies the allegations contained in Paragraph 37.

38.     Meta denies the allegations contained in Paragraph 38.

39.     Meta denies the allegations contained in Paragraph 39.

40.     Meta denies the allegations contained in Paragraph 40.

41.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the purported rankings by third parties, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 41.

42.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning industry participants, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 42.

43.     Meta denies the allegations contained in Paragraph 43.

44.     Meta denies the allegations contained in Paragraph 44.

45.     Meta denies the allegations contained in Paragraph 45.

46.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 46.

47.     Meta admits that as of August 26, 2022, consumers can purchase a Supernatural Annual Membership for $179.99/year or a Supernatural Monthly Membership for $18.99/month on Meta's Quest Store. Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning third parties contained in Paragraph 47, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 47.

48.     Meta denies the allegations contained in Paragraph 48.

49.     Meta denies the allegations contained in Paragraph 49.

50.     Meta denies the allegations contained in Paragraph 50.

51.     Meta denies the allegations contained in Paragraph 51.

52.     Meta denies the allegations contained in Paragraph 52.

53.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 53.

54.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and therefore denies the same.

55.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 55.

56.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 56.

57.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 57.

58.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified studies, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 58.

59.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified industry participants, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 59.

60.     Meta denies the allegations contained in Paragraph 60.

61.     Paragraph 61 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta respectfully refers the Court to the 2010 U.S. Department of Justice and Federal Trade Commission Horizontal Merger Guidelines for an accurate and complete statement of its contents.

62.     Paragraph 62 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta respectfully refers the Court to the 2010 U.S. Department of Justice and Federal Trade Commission Horizontal Merger Guidelines for an accurate and complete statement of its contents.

63.     Paragraph 63 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta respectfully refers the Court to the 2010 U.S. Department of Justice and Federal Trade Commission Horizontal Merger Guidelines for an accurate and complete statement of its contents.

64.     Meta denies the allegations contained in Paragraph 64.

65.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 65.

66.     Meta denies the allegations contained in Paragraph 66.

67.     Meta denies the allegations contained in Paragraph 67.

68.     Meta denies the allegations contained in Paragraph 68.

69.     Meta denies the allegations contained in Paragraph 69.

70.     To the extent that Plaintiff is quoting from the 2010 U.S. Department of Justice and Federal Trade Commission Horizontal Merger Guidelines, Meta respectfully refers the Court to the same for an accurate and complete statement of its contents. Meta denies the remaining allegations contained in Paragraph 70.

71.     Meta denies the allegations contained in Paragraph 71.

72.     Meta admits that it reported in Meta's SEC annual filing for the year ending December 31, 2021, that its costs and expenses relating to Reality Labs were $12,467 million for the year ending December 31, 2021, and $7,762 million for the year ending December 31, 2020. Meta further admits that it reported in Meta's SEC quarterly filing for the three months ending March 31, 2022, that its costs and expenses relating to Reality Labs were $3,655 million. Meta denies the remaining allegations contained in Paragraph 72.

73.     Meta denies the allegations contained in Paragraph 73.

74.     Meta admits that it reported in Meta's SEC annual filing for the year ending December 31, 2021, that its total income from operations for the year ending December 31, 2021 was $46,753 million, and that the costs and expenses relating to Reality Labs for the year ending December 31, 2021 were $12,467 million.

75.     Meta admits that it continues to add features and content to the apps it has already released; that it continues to develop and release new apps; and that Meta has previously developed VR apps. Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning third parties, and therefore denies the same. The remaining allegations contained in Paragraph 75 are vague and imprecise, and Meta therefore denies them on that basis.

76.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 76.

77.     Meta admits that it has previously developed VR apps. Meta denies the remaining allegations contained in Paragraph 77.

78.     Meta admits that it developed Oculus Move, which among other things allows users to track certain fitness-related metrics while using the Quest 2.

79.     Meta admits that it owns seven VR development studios and that it employed approximately 10,000 employees within its Reality Labs division as of March 2021. Meta denies the remaining allegations contained in Paragraph 79.

80.     Meta denies the allegations contained in Paragraph 80.

81.     Meta admits that it determines what content is featured on Meta's Quest Store. Meta denies the remaining allegations contained in Paragraph 81.

82.     Meta admits that the company name changed to "Meta Platforms, Inc." in October 2021. Meta denies the remaining allegations contained in Paragraph 82.

83.     Meta denies the allegations contained in Paragraph 83.

84.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 84.

85.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 85.

86.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 86.

87.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 87.

88.     Meta denies the allegations contained in Paragraph 88.

89.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 89.

90.     Meta denies the allegations contained in Paragraph 90.

91.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 91.

92.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 92.

93.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta admits that Meta developed "FitBeat" as a track for Beat Saber. Meta denies the remaining allegations contained in Paragraph 93.

94.     Meta admits that Beat Saber includes a 360-degree mode where targets come from all sides and a no-fail mode that allows users to complete tracks despite missing blocks. To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 94.

95.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 95.

96.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 96.

97.     Meta admits that the internal codename for the proposed acquisition of Within was "Project Eden." Meta denies the remaining allegations contained in Paragraph 97.

98.     Meta admits that the former head of product for Supernatural is currently employed by Meta. Meta denies the remaining allegations contained in Paragraph 98.

99.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 99.

100.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 100.

101.     Meta denies the allegations contained in Paragraph 101.

102.     Meta denies the allegations contained in Paragraph 102.

103.     Meta denies the allegations contained in Paragraph 103.

1    104.    Meta denies the allegations contained in Paragraph 104.

2    105.    Meta denies the allegations contained in Paragraph 105.

3    106.    Meta denies the allegations contained in Paragraph 106.

4    107.    To the extent Plaintiff is referring to Meta's earnings report, Meta respectfully refers the

5    Court to the earnings report for an accurate statement of its contents. Meta denies the remaining

6    allegations contained in Paragraph 107.

7    108.    Meta avers that it lacks knowledge or information sufficient to form a belief as to the

8    truth of the allegations contained in Paragraph 108, and therefore denies the same.

9    109.    To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court

10   to the documents for an accurate and complete statement of their contents. Meta denies the remaining

11   allegations contained in Paragraph 109.

12   110.    Meta admits that the former head of product for Supernatural is currently employed by

13   Meta. Meta denies the remaining allegations contained in Paragraph 110.

14   111.    Meta avers that it lacks knowledge or information sufficient to form a belief as to the

15   truth of the allegations concerning Within's view of competition, and therefore denies the same. Meta

16   denies the remaining allegations contained in Paragraph 111.

17   112.    To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court

18   to the documents for an accurate and complete statement of their contents. Meta denies the remaining

19   allegations contained in Paragraph 112.

20   113.    To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court

21   to the documents for an accurate and complete statement of their contents. Meta denies the remaining

22   allegations contained in Paragraph 113.

23   114.    To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court

24   to the documents for an accurate and complete statement of their contents. Meta denies the remaining

25   allegations contained in Paragraph 114.

26   115.    To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court

27   to the documents for an accurate and complete statement of their contents. Meta denies the remaining

28   allegations contained in Paragraph 115.

116.    Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Within's development strategy, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 116.

117.    Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Within's view of competition, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 117.

118.    Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Within's view of competition, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 118.

119.    To the extent that Plaintiff is relying on public webpage(s), Meta respectfully refers the Court to the webpage(s) for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 119.

120.    Meta admits that the Quest Store has a search functionality that allows users to find apps. Meta denies the remaining allegations contained in Paragraph 120.

121.    Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of what Within views as Supernatural's target market, and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 121.

122.    To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 122.

123.    Meta denies the allegations contained in Paragraph 123.

124.    Meta admits that it launched "FitBeat" in April 2022. Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of how media coverage has attributed "FitBeat," and therefore denies the same. Meta denies the remaining allegations contained in Paragraph 124.

125.    To the extent Plaintiff is quoting documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 125.

126.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126, and therefore denies the same.

127.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127, and therefore denies the same.

128.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128, and therefore denies the same.

129.     Meta avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129, and therefore denies the same.

130.     Meta denies the allegations contained in Paragraph 130.

131.     Meta denies the allegations contained in Paragraph 131.

132.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. Meta denies the remaining allegations contained in Paragraph 132.

133.     To the extent that Plaintiff is quoting from documents, Meta respectfully refers the Court to the documents for an accurate and complete statement of their contents. The remaining allegations contained in Paragraph 133 are vague and imprecise, and Meta therefore denies them on that basis.

134.     Meta denies the allegations contained in Paragraph 134.

135.     Meta denies the allegations contained in Paragraph 135.

136.     Meta denies the allegations contained in Paragraph 136.

137.     Paragraph 137 purports to state conclusions of law to which no response is required. To the extent a response is required, Meta denies the allegations contained in Paragraph 137.

138.     Meta denies the allegations contained in Paragraph 138.

139.     Meta denies the allegations contained in Paragraph 139.

140.     Meta denies that the FTC is entitled to any relief. To the extent Meta has not specially admitted any allegation herein, it is denied. Further, Meta states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

141.     Meta denies that the FTC is entitled to the relief requested.

142.     Meta denies that the FTC is entitled to the relief requested.

143.    Meta denies that the FTC is entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Meta reasserts, without limitation, all defenses raised in its other filings, whether or not separately re-pleaded herein. Meta also asserts the following affirmative and other defenses. In listing the defenses below, Meta does not knowingly or intentionally waive any defenses, including arguments about which issues fall within the FTC's burden of proof. Meta also reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses or claims.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Granting the relief sought is inequitable and contrary to the public interest.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to allege a plausible relevant product market.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to allege a plausible relevant geographic market.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to allege undue share in any plausibly defined relevant market.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to allege any plausible harm to competition.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege any plausible harm to consumers.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to allege any plausible harm to consumer welfare.

### NINTH AFFIRMATIVE DEFENSE

There will be no harm to competition, consumers, or consumer welfare because there is, and will continue to be, entry and expansion by competitors, which is timely, likely, and sufficient.

1                              TENTH AFFIRMATIVE DEFENSE

2         The combination of the Defendants' businesses will be procompetitive. The transaction will

3 result in substantial acquisition-specific efficiencies, cost synergies, and other procompetitive effects

4 that will directly benefit consumers. These benefits will greatly outweigh any and all proffered

5 anticompetitive effects.

6                         ELEVENTH AFFIRMATIVE DEFENSE

7        The alleged harm to potential competition is not actionable.

8                         TWELFTH AFFIRMATIVE DEFENSE

9         The FTC cannot provide clear proof that Meta would provide VR fitness services but for the

10 acquisition of Within.

11                   THIRTEENTH AFFIRMATIVE DEFENSE

12         The FTC has failed to establish that Defendants exercise market power with respect to any

13 relevant market.

14                 FOURTEENTH AFFIRMATIVE DEFENSE

15        The Complaint reflects improper selective enforcement of the antitrust laws.

16                   FIFTEENTH AFFIRMATIVE DEFENSE

17         The combination of Defendants' businesses is not likely to substantially lessen competition

18 applying the analytical framework set forth in the Merger Guidelines promulgated by the FTC and

19 Department of Justice.

20                   SIXTEENTH AFFIRMATIVE DEFENSE

21         The FTC is not entitled to relief because none of Meta's conduct identified in the Complaint is

22 actionable – either independently or in the aggregate – under the antitrust laws.

23                SEVENTEENTH AFFIRMATIVE DEFENSE

24         The FTC cannot proceed because it purports to exercise executive authority in violation of Article

25 II of the United States Constitution.

26                EIGHTEENTH AFFIRMATIVE DEFENSE

27         The FTC is not entitled to relief because the Chair of the FTC is disqualified and her participation

28 in adjudicating the related FTC administrative complaint irreparably taints both this action and the

administrative proceeding. Chair Khan has made numerous public statements that demonstrate her bias against Meta, and in particular its acquisitions, demonstrating her lack of impartiality with respect to Meta's proposed acquisition. She is not an impartial, unbiased Commissioner, but rather has prejudged Meta's conduct, as Meta explained in its Petition for Recusal filed with the FTC on July 25, 2022. Chair Khan's participation irrevocably taints the FTC's claim, including because its initiation and maintenance violates the Due Process Clause, U.S. Const. amend. V; the Federal Trade Commission Act, 5 U.S.C. §§ 41 et seq.; the Administrative Procedure Act, 5 U.S.C. §§ 1001 et seq.; FTC internal regulations, *see*, *e.g.*, 16 C.F.R. § 4.17; and federal ethics laws and regulations, *see*, *e.g.*, 5 C.F.R. § 2635.501(a); 5 C.F.R. § 2635.101(b)(14).

## NINETEENTH AFFIRMATIVE DEFENSE

The FTC cannot proceed because it cannot demonstrate likelihood of success on the merits or that the balance of equities favors an injunction, as Chair Khan is disqualified. The FTC seeks to obtain a preliminary injunction while it pursues its administrative case. To do so, it must demonstrate likelihood of success on the merits. That means not simply success in its own home court, where it always succeeds, *see Axon Enter., Inc. v. FTC*, 986 F.3d 1173, 1187 (9th Cir. 2021), but success through appeal to a federal appellate court, *see FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 715-16 (9th Cir. 1976). Chair Khan's participation necessarily makes any result in the administrative case she engineered and will judge invalid as a matter of law. *See Cinderella Career & Finishing Sch., Inc. v. FTC*, 425 F.2d 583, 591-92 (D.C. Cir. 1970); *Am. Cyanamid Co. v. FTC*, 363 F.2d 757, 763-68 (6th Cir. 1966). Only by violating due process and federal ethics rules can the FTC ever obtain an agency decision against the transaction.

## TWENTIETH AFFIRMATIVE DEFENSE

Because Chair Khan is disqualified, the FTC cannot seek, obtain, or enforce any equitable remedy under the doctrines of unclean hands, estoppel, or other equitable doctrines.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Due Process Clause of the United States Constitution barred the FTC from commencing this action against Meta and bars the FTC from continuing this action against Meta and from seeking a claim for relief.

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2      The FTC is not entitled to relief as a matter of law.

3                                   **PRAYER FOR RELIEF**

4      WHEREFORE, Meta respectfully requests that the Court enter judgment:

5      1.      Denying the FTC's requested relief;

6      2.      Dismissing the Complaint in its entirety, with prejudice;

7      3.      Awarding Meta the costs it has incurred in defending this action and expenses; and

8      4.      Awarding such other and further relief to Meta as the Court may deem just and proper.

9

10     Dated: August 26, 2022                       Respectfully submitted,

11                                                  WEIL, GOTSHAL & MANGES LLP

12                                                  By:  _/s/ Bambo Obaro_

13                                                  BAMBO OBARO (Bar No. 267683)
                                                    bambo.obaro@weil.com
14                                                  WEIL, GOTSHAL & MANGES LLP
                                                    201 Redwood Shores Parkway, 6th Floor
15                                                  Redwood Shores, CA 94065-1134
                                                    Telephone: (650) 802-3000
16                                                  Facsimile: (650) 802-3100

17
                                                    MICHAEL MOISEYEV (*pro hac vice*)
18                                                  michael.moiseyev@weil.com
                                                    CHANTALE FIEBIG (*pro hac vice*)
19                                                  chantale.fiebig@weil.com
                                                    JEFFREY H. PERRY (*pro hac vice*)
20                                                  jeffrey.perry@weil.com
                                                    WEIL, GOTSHAL & MANGES LLP
21                                                  2001 M Street, NW, Suite 600
                                                    Washington, DC 20036
22                                                  Telephone: (202) 682-7000
                                                    Facsimile: (202) 857-0940
23

24                                                  DIANE P. SULLIVAN (*pro hac vice*)
25                                                  diane.sullivan@weil.com
                                                    WEIL, GOTSHAL & MANGES LLP
26                                                  17 Hulfish Street, Suite 201
                                                    Princeton, NJ  08542
27                                                  Telephone: (609) 986-1100
                                                    Facsimile: (609) 986-1199
28

1

2   ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
3   WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
4   New York, NY 10153
Telephone: (212) 310-8000
5   Facsimile: (212) 310-8007

6   MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
7   GEOFFREY M. KLINEBERG (*pro hac vice*)
gklineberg@kellogghansen.com
8   AARON M. PANNER (*pro hac vice*)
apanner@kellogghansen.com
9   KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
10   1615 M Street, N.W., Suite 400
Washington, D.C. 20036
11   Telephone: (202) 326-7900
Facsimile: (202) 326-7999
12

13   Attorneys for Defendant META PLATFORMS,
INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28