

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

October 25, 2023

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Federal Trade Commission v. IQVIA Holdings Inc. and Propel Media, Inc., 1:23-cv-06188-ER</u>

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii) and Paragraph 10 of the Protective Order, Dkt No. 153 (the "Amended Protective Order"), the Federal Trade Commission ("FTC") respectfully submits this letter-motion seeking an Order sealing portions of the Motion for Preliminary Injunction ("Motion").

The information the FTC seeks to redact in the Motion references information protected from disclosure under 15 U.S.C. §§ 18a(h); 46(f); 57b-2(b), (c); and 16 C.F.R §4.10(d), as the information was produced during the Commission's non-public investigation of IQVIA's proposed acquisition of Propel Media, Inc. (the "Acquisition") and this litigation and was designated confidential by IQVIA, co-Defendant Propel Media, Inc., and/or third parties. In designating the information confidential, IQVIA and/or third parties asserted that the information is commercially and competitively sensitive and that they will be harmed by its disclosure.

The limited proposed redactions are consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Here, while the Motion is a judicial document, the presumption of public access is of less

weight where the party seeks only to seal information that has already been designated confidential. That is true here. Paragraph 10 of the Amended Protective Order requires that, when filing materials that contain Confidential Information, "the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal." The Motion contains non-public information such as quotes and cites to documents that have been designated as Confidential Information under the Amended Protective Order. Additionally, certain Exhibits to the Motion are non-public documents filed under seal, with slipsheets that will be filed publicly. The FTC has also prepared a redacted version of the Motion, with redactions limited to the information designated as Confidential Information, which will be filed publicly.

To comply with the Amended Protective Order, the FTC respectfully request that this letter-motion be granted in its entirety and an Order be issued sealing portions of the Motion and accompanying Exhibits.

Respectfully submitted,

*/s/ Jennifer Fleury*
Jennifer Fleury (*pro hac vice*)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-3805

cc: All Counsel of Record (via ECF)