

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Jennifer Fleury
Bureau of Competition
Litigation Group
Phone: (817) 914-1098
Email: jfleury@ftc.gov

November 3, 2023

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

**RE: FTC v. IQVIA Holdings Inc. and Propel Media, Inc., Case No.: 1:23-cv-6188-ER**

Dear Judge Ramos:

We write in response to Defendants' Letter Motion for Conference re: Disclosure of Confidential Information to Designated In-House Counsel, dated October 30, 2023, ECF Nos. 180-182 (the "Letter Motion"). Defendants seek to remove the confidentiality of reams of third-party evidence from the FTC's Memorandum of Law in Support of its Motion for Preliminary Injunction and expert report *without even notifying those third parties*, much less obtaining their consent. This is flatly prohibited by the Amended Protective Order governing this case. ECF No. 153.[1]

Defendants seek to rehash a dispute already decided by this Court. On September 6, 2023, the Court directed the parties to submit an Amended Protective Order that comported with the recommendation of the third party PulsePoint's letter to the Court. *See* ECF No. 144 (Transcript for September 6, 2023 Hearing) at 20:15-20; *see also* ECF No. 109 (Letter Response by PulsePoint, Inc. dated August 16, 2023). Specifically, the Court ordered the parties to craft procedures for the disclosure of third-party confidential information to IQVIA's in-house counsel, with Defendants bearing the burden to prove the necessity of this disclosure. ECF No. 144 at 20:15-20. The parties negotiated, agreed to, and submitted an Amended Protective Order in accordance with the Court's instructions, in consultation with PulsePoint.[2] ECF No. 153. The Amended Protective Order requires Defendants to either (1) obtain the consent of the third parties whose confidential information they wish to disclose to in-house counsel, or (2) follow a well-defined procedure for petitioning this Court for leave to disclose the confidential information. ECF No. 153 ¶ 8. The issue was settled.

---

[1] The FTC and Defendants are negotiating a separate procedure that we will jointly submit for the Court's consideration governing the subset of information that is likely to be disclosed in open court and post-hearing findings to ensure efficient proceedings.

[2] With respect to the present dispute, PulsePoint has written to IQVIA's counsel objecting to IQVIA's proposed "blanket disclosure of PulsePoint Confidential Information," and noting that Defendants' Letter Motion "risks circumventing the requirements of the Amended Protective Order." A. Ellis (PulsePoint) Letter to R. Taylor (IQVIA) dated November 1, 2023 (Exhibit A).

Letter to Judge Ramos
November 3, 2023
Page 2

Now Defendants seek to revisit this Court's prior decision on the Amended Protective Order, complaining it is too "cumbersome and inefficient." ECF No. 180 at 1. With regard to the third-party confidential information cited by the FTC in its Motion for Preliminary Injunction, ECF No. 174, and associated expert report, Defendants demand "in-house counsel be permitted access to [confidential third party] documents immediately, without regard to whether third parties consent." ECF No. 180 at 2. But third parties were assured that any confidential information could only be disclosed to IQVIA's in-house counsel if Defendants demonstrate "good cause" to disclose the information after Defendants, the FTC, and the third parties brief the Court on the matter. See ECF No. 153 ¶ 8; see also State of New York v. Microsoft Corp., 2002 WL 31628220, at *2 (D.D.C. Nov. 18, 2002) ("The relevant third parties produced sensitive documents pursuant to the belief that Microsoft's in-house counsel would not have access to such documents. . . . The Court would regard the belated provision of access to information to Microsoft's in-house counsel as fundamentally unfair to those parties who produced information *in reliance* upon the fact that Microsoft's in-house counsel would not have access.") (emphasis in original). Defendants cannot bypass these carefully negotiated procedures simply because Defendants view them as "cumbersome." The Court should deny the Letter Motion.

### I. The Court Should Instruct Defendants to Comply with the Amended Protective Order If They Wish to Disclose Confidential Third-Party Information to In-House Counsel

During discovery, Defendants issued over sixty document subpoenas to third parties demanding voluminous, burdensome, and sensitive document productions.[3] Defendants also issued dozens of third-party deposition subpoenas. Appended to each of these subpoenas was the Amended Protective Order, which detailed the protections afforded to the confidential information Defendants sought to discover. These third parties were understandably wary of having their confidential competitive information shared with the largest firm in the industry. The Amended Protective Order stated they could (1) designate their documents/testimony as confidential, ECF No. 153 ¶ 3, (2) withhold or grant consent for Defendants to divulge their confidential information to IQVIA's in-house counsel, *id.* ¶ 8, and (3) if Defendants moved the Court to disclose the confidential information, have an opportunity to petition the Court in writing to oppose the disclosure, *id.*

To reiterate, this was the procedure ordered by the Court and agreed to by Defendants. See ECF No. 144 at 20:15-20 (The Court: "I'm going to adopt the alternative recommendation of [PulsePoint's attorney] Mr. Ellis and amend the protective order to allow IQVIA to request that the designations for attorneys' eyes only be removed and *put the burden on IQVIA to litigate those particular documents* with respect to whether particular parties have been subpoenaed. So that takes care of that.") (emphasis added); *see also id.* at 18:20-25 (Defense counsel: "Now, to the extent that the parties are not able to reach an agreement, if the Court's preference is to have IQVIA bring that dispute to the Court, as opposed to having the third party bring that dispute to the Court,

---

[3] In many cases, Defendants offered to withdraw the document subpoenas in exchange for declarations ███████████████████████████████████████

*then IQVIA is willing to agree to that, we can accept that today, and I think that this would be resolved*.") (emphasis added).  Defendants' turnabout is even more striking given that when they previously sought to amend the Protective Order, they assured the Court that the FTC's concerns were unfounded because they offered to "notify each third party before their information is shared with IQVIA's in-house counsel and give them an opportunity to object."—the opposite of what is being requested today.  ECF No. 113 at 3.

Defendants now seek to change the procedures governing confidentiality after third parties have produced information in reliance on them.  Defendants assert, with scant evidence, that the FTC and third parties have designated "clearly innocuous" information as confidential.  ECF No. 180 at 2.  Defendants provide only one example of information supposedly mislabeled as confidential, stating that the "names of many of the companies that compete to provide digital healthcare advertising services to pharmaceutical companies" should not be confidential.  ECF No. 180 at 2.  However, this information is explicitly deemed confidential in the Amended Protective Order.  ECF No. 153 ¶ 2 ("The identity of a non-party producing such Confidential Information shall also be treated as Confidential Information for the purposes of this Order where the producing party has requested such confidential treatment."); *see also* ECF No. 153 ¶ 3 ("The parties and any non-parties, in complying with . . . discovery demands in this proceeding may designate any responsive Document or portion thereof as Confidential Information.")

Complying with the Amended Protective Order does not prejudice Defendants.  **First**, if Defendants are correct that some of the confidential information is "innocuous," then in-house counsel has no need to review it.  **Second**, Defendants are represented by highly sophisticated outside counsel who are fully capable of evaluating the confidential information provided by third parties.  *See FTC v. Advocate Health Care Network*, 162 F. Supp. 3d 666, 672 (N.D. Ill. 2016) ("[G]iven the extraordinarily sophisticated, experienced and talented counsel in this case, the critical question is: why is it 'essential,' as the defendants put it, that in-house counsel, as opposed to outside counsel, review [confidential third-party information]?").  **Third**, given that a stated purpose of the Amended Protective Order was to place the burden of proving the need to disclose confidential information on Defendants, they cannot now argue that they are overburdened.  **Fourth**, Defendants created this so-called burden themselves by issuing over sixty document subpoenas and deposing dozens of third parties, which turned up documents and testimony supporting the FTC's case and thus were included in the FTC's advocacy.

In sum, Defendants seek to de-designate vast swaths of the FTC's Memorandum of Law in Support of its Motion for Preliminary Injunction and expert report, without obtaining third party consent or even having notified third parties of their Letter Motion.[4]  This action plainly is prejudicial to third parties and is not permitted under the Amended Protective Order.  The Court should deny Defendants' request.

---

[4] Even when Defendants did notify third parties that they intended to disclose confidential materials, at least two third parties have suggested that they did not follow the basic procedures in the Amended Protective Order.  *See* Exhibit B (S. Feldman (Healio), Letter to R. Taylor (IQVIA) dated October 26, 2023) (complaining of various notice deficiencies); Exhibit C (A. Ellis (PulsePoint) email to J. Ehrenkrantz (IQVIA) dated November 3, 2023 (same)).

Letter to Judge Ramos
November 3, 2023
Page 4

          Sincerely,

          /s/ Jennifer Fleury
          Jennifer Fleury
          *Counsel for Plaintiff Federal Trade Commission*