# EXHIBIT A

# Simpson Thacher & Bartlett LLP

900 G STREET, NW
WASHINGTON, D.C. 20001

---

TELEPHONE: +1-202-636-5500
FACSIMILE: +1-202-636-5502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-202-636-5579 | aellis@stblaw.com |

BY E-MAIL                                               November 1, 2023

        Re: *Federal Trade Commission v. IQVIA Holdings Inc., No. 1:23-cv-06188-ER (S.D.N.Y.)*; IQVIA Letter Motion for Conference re Disclosure of Confidential Information to Designated In-House Counsel

Robert W. Taylor
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Dear Counsel:

  We write on behalf of PulsePoint, Inc. ("PulsePoint") in connection with your Letter Motion for Conference re Disclosure of Confidential Information to Designated In-House Counsel dated October 30, 2023 (the "Letter Motion"), in which IQVIA seeks an order permitting three of its in-house attorneys to have access to unredacted versions of (1) the Memorandum of Law in Support of the FTC's Motion for Preliminary Injunction (Dkt. No. 174) (the "Preliminary Injunction Motion"), and (2) the supporting expert report of Kostis Hatzitaskos (the "Hatzitaskos Report"). If the unredacted versions of these documents contain PulsePoint Confidential Information (as defined in the Amended Protective Order (ECF No. 153), any such disclosure of PulsePoint Confidential Information without PulsePoint's consent would be in violation of the Amended Protective Order.

  Paragraph 8 of the Amended Protective Order requires IQVIA to notify and obtain the consent of any third-party whose Confidential Information is the subject of the requested in-house counsel disclosure. This requires you to, among other things, identify the PulsePoint Confidential Information to be disclosed and provide an explanation as to why in-house counsel need to review such PulsePoint Confidential Information. In our letter dated October 26, 2023, we rejected your request for blanket disclosure of PulsePoint Confidential Information to any of IQVIA's in-house counsel. We did not receive a response to that letter. Your Letter Motion risks circumventing PulsePoint's objections set

| | | |
|---|---|---|
| Robert W. Taylor | -2- | November 1, 2023 |

out in our letter dated October 26, 2023, and risks circumventing the requirements of the Amended Protective Order.

  In order to assist us in determining whether to move to intervene in connection with the Letter Motion, we ask that you please identify any PulsePoint Confidential Information in the Preliminary Injunction Motion and Hatzitaskos Report that you have requested to share with IQVIA in-house counsel. In the alternative, please provide valid notice to PulsePoint under Paragraph 8 of the Amended Protective Order requesting consent to disclose specific PulsePoint Confidential Information in the Preliminary Injunction Motion and Hatzitaskos Report to specified IQVIA in-house counsel.

  For the avoidance of doubt, we continue to reject your request to disclose PulsePoint Confidential Information to any of IQVIA's in-house counsel, and we reserve all rights with respect to your Letter Motion and any future requests for such disclosures.

            Sincerely,

            */s/ Abram J. Ellis*

            Abram J. Ellis

cc: Peter Guryan

cc: The FTC (Jennifer Fleury and Wade Lippard)