# EXHIBIT B



Stradley Ronon Stevens & Young, LLP
100 Park Avenue
Suite 2000
New York, NY 10017
Telephone 212.812.4124
Fax 646.682.7180
www.stradley.com

**Steven D. Feldman**
Partner
sfeldman@stradley.com
212.404.0659

October 26, 2023

<u>Via E-mail (robert.taylor@weil.com)</u>

Robert W. Taylor, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, N.Y. 10153-0119

Re: *Federal Trade Commission v. IQVIA Holdings, Inc.*, 23 Civ. 6188 (ER)

Dear Mr. Taylor:

We are counsel for Healio Strategic Solutions, LLC ("Healio"). We write to note our objections to your form letter providing notice that Weil, Gothshal & Manges LLP ("Weil Gotshal") intends to disclose materials produced by Healio marked "Confidential – Subject to Protective Order," to in-house counsel for IQVIA. Your letter indicates that the Confidential Information you intend to disclose "may include documents and data [Healio] produced" and that disclosure is "necessary for the Designated IQVIA Counsel to make informed decisions relating solely to the defense of this litigation." Weil Gotshal Ltr. at 2.

The Amended Protective Order applicable to this proceeding requires a party seeking to disclose information to in-house attorneys to provide a notice to the non-party "identify[ing] the non-party Confidential Information to be disclosed" and an "explanation as to why in-house counsel needs to review" such information. Am. Protective Order at ¶ 8. Here, you have failed to identify which specific documents produced by Healio that you intend to disclose to in-house counsel. In addition, you fail to offer any document-specific explanation as to why disclosure of any particular document to IQVIA's in-house counsel is necessary.

Paragraph 8 of the Amended Protective Order also requires in-house attorneys to first execute an "In-House Counsel Agreement Concerning Confidentiality" in the form of Appendix A ("Appendix A") before receiving confidential materials. Attached to your letter as Appendix B are three declarations of IQVIA's in-house attorneys in support of IQVIA's "motion for amended protective order." These declarations differ in material respects from Appendix A. Without engaging in a line-by-line comparison, it is notable that Appendix A ¶ 5 requires the

Philadelphia, PA • Malvern, PA • Cherry Hill, NJ • Newark, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL
A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

Robert W. Taylor, Esq.
October 26, 2023
Page 2

attorney to certify that he or she understands that failure to abide by the terms of the Protective Order "will subject me, without limitation, to civil and criminal penalties for contempt of Court." By contrast, the declarations at Appendix B only state that the attorney acknowledges and agrees "that, in the event of a failure to abide by the terms of the proposed Amended Protective Order, I am subject to the jurisdiction of this Court and to its contempt powers." M. Nakly Decl. ¶ 16. Please provide new certifications in the form required by paragraph 8 and Appendix A.

      In conclusion, please provide a document-by-document list of each specific Healio document you seek to disclose to in-house counsel along with a sufficient explanation to establish why each enumerated document must be reviewed by in-house counsel. Please also provide executed certifications in the form of Appendix A for each in-house attorney to whom you intend to disclose Healio's confidential information. Following receipt of these materials along with specific dates and times that you are available to meet and confer (as further required by paragraph 8), we will be in a position to consider your requests and subsequently meet and confer regarding your requests. Thank you.

                                          Very truly yours,

                                          Steven D. Feldman
                                          Partner