**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION,

               Plaintiff,

       v.

IQVIA HOLDINGS INC.,

and

PROPEL MEDIA, INC.

               Defendants.

Case No. 1:23-cv-06188-ER

**JOINT LIST OF STIPULATIONS AND ISSUES REGARDING**
**PLAN FOR PRELIMINARY INJUNCTION HEARING**

Pursuant to the Joint Stipulated Civil Case Management Plan and Scheduling Order ("CMO") (ECF No. 104) Section VI.1, Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") and Defendants IQVIA Holdings Inc. ("IQVIA") and Propel Media, Inc. ("PMI") jointly submit the below lists of stipulations and outstanding issues to be addressed by the Court. The parties jointly request a hearing on these issues no later than November 14, 2023, to ensure that all parties can plan accordingly in advance of the Pre-Hearing Conference on November 17 and the Preliminary Injunction Hearing on November 20.

I.     **STIPULATIONS**

     a.  **Opening Statement**: The parties agree to 60-minute openings per side. The FTC takes no position as to whether or how Defendants will allocate their time between each Defendant.

     b.  **Witness Sequestering**: Fact witnesses shall be sequestered and not listen to other fact testimony, except for one corporate designee per Defendant who may be a

fact witness and may attend the entire trial.  Expert witnesses will not be sequestered and may listen to fact witness testimony.

c. **Exhibit exchange:** The parties will exchange stamped versions of electronic exhibits Monday, November 13, 2023.  The parties will then coordinate sending hard copies to the court.

d. **Video Deposition Designations:** Each side will work in good faith to provide video deposition designations earlier for their witnesses that they do not intend to call live.

   i. Parties exchange initial designations – November 13
   ii. Parties exchange counter designations – November 18
   iii. Time after November 18 may be used for counter-counters (and counter-counter-counters, etc.) and any necessary meet and confers.

   The rest will be designated on the following process:  The side calling a witness by designation should provide initial designations by noon three days before the video is intended to be played; counters are due at noon the next day (i.e., two days before the video is intended to be played); leaving time for counter-counters (and counter-counter-counters, etc.) and any necessary meet and confers the day before.

## II.    OUTSTANDING ISSUES

### a.  Hearing Time

   i.  Plaintiff's Position

Given the number of live witnesses being called to testify, the FTC has consistently argued for as much time as possible to present its case. The FTC understands that the Court has reserved approximately 33 hours to hear testimony. The FTC proposes reserving 18 hours for the FTC's witnesses, exclusive of openings and any time slated for closings. The FTC requires this time— less than half of what it originally asked for in a live hearing, and a fraction of the 105 hours it would be entitled to in the merits trial—for several reasons: (a) the FTC has the burden of proof; (b) the FTC will present its case first, meaning that it will be responsible for establishing many of the common facts about both the horizontal and vertical competitive issues raised by the proposed acquisition; and (c) several of the witnesses that the FTC will call are shared by both the FTC and

Defendants, meaning that the FTC will again be responsible for establishing many of the common facts about those witnesses.

This division of time would not be prejudicial to Defendants. Defendants already recognized that the burden of proof entitles the FTC to additional argument when they agreed to the page limits for the preliminary injunction briefing: 75 total pages for the FTC, 50 for Defendants. The FTC's proposed time split is no different. Indeed, Defendants have consistently argued for less time to present their case, and represented to the Court that they would *conservatively* need closer to just 15 hours to do so. *See* Joint Statement at 16 (Aug. 2, 2023), ECF No. 88. Further, Defendants have included three experts on their witness list, compared to the FTC's one. An even time split would thus likely squeeze out live, third-party fact testimony—which can only be taken at the preliminary injunction hearing—in favor of expert testimony, which can be effectively conveyed to the Court through the parties' briefs and expert reports. *Cf. Zeneca Inc. v. Eli Lilly & Co.*, No. 99-cv-1452, 1999 WL 509471 (S.D.N.Y. July 19, 1999) ("[T]he Court is mindful of the fact that there is a preference for live testimony when the Court is called on to resolve disputed issues of fact.").

## ii.  Defendants' Position

The Court should evenly split trial time between the parties.  This is the ordinary practice in civil cases in federal court, including Section 13(b) cases, and it will ensure both sides have a fair opportunity to present their case.  Granting the FTC's request for asymmetric trial time would substantially disadvantage and prejudice the Defendants.  It would also be fundamentally unfair by giving one party more time to present its case than the other party.

The FTC proposal for uneven trial time departs from the ordinary practice in Section 13(b) cases.  Defendants are aware of no Section 13(b) case in the past decade in which the FTC received

more trial time than the Defendants.  To the contrary, in every case in which the allotment of trial

time was indicated on the docket, the time was split evenly.

| Case | Hearing Time Allocation | Support |
|------|------------------------|---------|
| *FTC v. Meta Platforms, Inc., Mark Zuckerberg, and Within Unlimited, Inc.*, 3:22-CV-04325 (N.D. Cal. 2022) | Even split | "The parties propose an evidentiary hearing of **approximately fifteen (15) hours per side** commencing on or around December 5, 2022, if convenient for the Court. **Plaintiff and Defendants shall split the time available at the hearing evenly**, with both direct examination and cross-examination of witnesses counting against the party conducting the examination."  (ECF No. 69, at Section R). |
| *FTC v. Hackensack Meridian Health and Englewood Healthcare Foundation*, 2:20-cv-18140 (D.N.J. 2021) | Even split | "The parties propose an evidentiary hearing on Plaintiff's motion for a preliminary injunction of no more than six (6) full days (inclusive of opening statements) **with eighteen (18) hours allotted to each side** to take place on or around May 10, 2021 if convenient for the Court." (ECF No. 61, at Section D.20) |
| *FTC v. Thomas Jefferson University*, 2:20-cv-01113 (E.D. Pa. 2020) | Even split | "**Defendants and Plaintiffs shall split the time available at the hearing evenly**, with direct examination of witnesses counting against the party conducting the direct examination and cross-examination of witnesses counting against the party conducting the cross-examination." (ECF No. 66, at Section B.11). |
| *FTC v. Rag-Stiftung, Evonik Industries and PeroxyChem Holding Co.*, 1:19-cv-02337 (D.D.C. 2019) | Even split | "**Each side will have up to 25 hours of total time** to present its case, including opening statements and closing statements." (ECF No. 24, at Section E.24). |
| *FTC v. Tronox Limited and Cristal USA*, 1:18-cv-01622 (D.D.C. 2018) | Even split | "**Each side may present up to 9 hours of testimony**, including direct and cross-examination. Unused time does not revert to the opposing side." (ECF No. 45, at Section B(b)). |

| Case | Hearing Time Allocation | Support |
|---|---|---|
| *FTC v. Wilhelmson Maritime Services and Drew Marine Group*, 1:18-cv-00414 (D.D.C. 2018) | Even split | "Opening and closing statements shall be limited to 45 minutes per party. **The hearing time is to be divided equally between Plaintiff and Defendants**, but it will be the responsibility of the parties to police division of hearing time."  (ECF No. 21, at para. E). |
| *FTC v. Sanford Health and Mid Dakota Clinic*, 1:17-cv-00133 (D.N.D. 2017) | Even split | "**Plaintiffs and Defendants shall split the time available at the evidentiary hearing evenly**, with direct examination and cross-examination of witnesses, as well as opening or closing statements, counting against the party conducting the examination or presenting such statements. Should the Court augment the time available for this proceeding, any additional time shall be divided equally between Plaintiffs and Defendants." (ECF No. 58, at Section E.20). |
| *FTC v. Penn State Hershey Med. Ctr. and Pinnacle Health System*, 1:15-cv-2362 (M.D. Pa. 2016) | Even split | "The parties will meet and confer in good faith to discuss the length of the hearing in advance of the first hearing date. **Plaintiffs and Defendants will split the hearing time equally between the sides**." (ECF No. 44, at Section 6(b)). |
| *FTC v. Advocate Health Care Network and North Shore University Healthcare System*, 1:15-cv-11473 (N.D. Ill. 2016) | Even split | "The evidentiary hearing will last no longer than six (6) days. **Defendants and Plaintiffs shall split the time evenly**, with cross-examination counting against the party conducting the cross-examination."  (ECF No. 39, at Section D.25). |
| *FTC v. Steris Corp. and Synergy Health*, 1:15-cv-1080 (N.D. Ohio 2015) | Even split | "**Each side will have equal time available** to present their arguments, direct examinations and cross examinations, using a 'chess clock' system." (ECF No. 24, at Section D.1). |

The FTC has identified no compelling reason to deviate from this settled practice.  The FTC argues that it should receive more trial time because it bears the burden of proof.  But that is true in every Section 13(b) case, and as established above, trial time is consistently split evenly.

The FTC also argues that it is entitled to more trial time because it intends to call many live witnesses.  But Defendants do as well, and in any event, the strategic choices each party makes regarding its presentation of evidence (calling witnesses live or by deposition designation, calling expert or party witnesses, and so forth) should have no bearing on their trial time.  Finally, the FTC says it should receive more trial time than Defendants because the FTC will present testimony on the industry background.  Again, Defendants will present background on the industry as well. In addition, the FTC elected to sue two Defendants, both of whom are entitled to present their positions to the Court.

Simply put, there is no merit to the FTC's proposal to divide trial time in an asymmetric and inequitable manner.

**b.  Closing Statements**

i.  <u>Plaintiff's Position</u>

The FTC submits that as much hearing time should be allotted for live witness testimony and that hearing such evidence will be most helpful to the Court in resolving the critical issues in this case. In light of the number of witnesses to be called in this complex matter, the FTC requests that closing arguments occur after December 1 – preferably on December 8, either telephonically or in person, after post-hearing findings of fact and conclusions of law have been submitted. *See, e.g.*, *Chill, et al. v. Calamos Advisors LLC, et al.*, No. 15-cv-1014-ER (S.D.N.Y. Oct. 15, 2018), ECF No. 177 (granting joint request to hold closing arguments "at a later date" after post-trial submissions); *see also State of New York, et al. v. U.S. Dep't of Commerce, et al.*, No. 18-cv-2921-JMF (S.D.N.Y. Jan 15, 2019), ECF No. 574 at 30 (noting the court heard closing arguments after submission of post-trial briefing). Pursuant to the Joint Stipulated Civil Case Management and Scheduling Order, the parties shall submit proposed findings of finding and conclusions of law on

December 7, with each side limited to 100 pages. ECF No. 104 at 11, 17. Scheduling closing arguments after these submissions, rather than before they are due, will give the Court an opportunity to review the parties' evidence before hearing their respective summations.

Defendants assert that closing statements should take place on Friday, December 1, given a purported need for an expeditious decision from the Court. However, it is not necessary to hold closing arguments on December 1 in order for the Court to reach an expeditious decision. Closing arguments can be held on December 8 or a date of the Court's choosing without delaying the Court's decision while allowing more time for actual witness testimony. Defendants appear to seek the opposite: even with an already short hearing, Defendants have repeatedly come to the FTC with proposals that would effectively shorten the available time for live witnesses, including longer opening statements, scheduling closing arguments on December 1 or earlier, and dispensing with all live third-party witnesses. Email from Counsel for IQVIA dated Oct. 26, 2023 (proposing that "all third party testimony [ ] be presented by deposition designation"); Email from Counsel for FTC dated Oct. 27, 2023 ("While we are willing to compromise on many issues to reach agreement, we are not willing to entertain your suggestion to further limit the testimony this Court will hear to only witnesses under Defendants' control."); Email from Counsel for IQVIA on Oct. 29, 2023 ("The FTC has rejected Defendants' proposal that all third parties testify by deposition designation . . . . [g]iven the FTC's position that third parties should [be able to] testify live[.]") (also maintaining proposal for closing arguments on December 1).

Furthermore, the TRO is not set to expire until after 11:59 p.m. Eastern Time on (a) December 29, 2023, or (b) the third business day the Court's ruling on the motion for preliminary injunction, whichever occurs earlier in time. *See* Stipulated Amended Temporary Restraining

Order (Sept. 26, 2023), ECF No. 154. Accordingly, the FTC requests that the Court hear closing arguments after December 1, preferably on a date after post-hearing submissions.

ii.   Defendants' Position

Defendants respectfully request that the Court permit the parties to present closing arguments on December 1, 2023.  The Court has carved out substantial time on its calendar for the hearing on the FTC's preliminary injunction motion.  The parties should use a small portion of that time for closing arguments, which the Court previously indicated was its preference.  *See* Aug. 8, 2023 Tr. At 10:13-24 ("I don't know that you'll need seven and a half or eight days, and I would rather that you do it in less time than that and maybe save some time for closing argument.").

Holding closing arguments immediately after the presentation of evidence is particularly appropriate in the context of this case.  It will help streamline the Court's review of the evidence presented at trial.  It will also enable the parties to (a) explain how the governing legal framework applies to the evidence presented during the two-week hearing, and (b) answer any questions the Court has.  In short, holding closing arguments on December 1 is the most streamlined and efficient path forward.

The FTC argues there is insufficient trial time to hold closing arguments on December 1. But the Court has given the parties over seven trial days—a substantial amount of time, particularly given the FTC's decision to file this suit in late July after nearly a year-long, one-sided investigation.  Moreover, Defendants have proposed that closing arguments count against each side's trial time.  As a result, if the FTC believes its trial time is better spent on witness testimony, the FTC is free to make that strategic decision and summarize its position in its post-trial brief.

### c.  Amended Protective Order / Sealing

#### i.  Plaintiff's Position

Defendants have yet again asked the FTC to agree to amend the protective order so that Defendants' in-house counsel may view all sealed exhibits and sealed third-party testimony during the hearing. The third time is not the charm. This request is no different in principle from Defendants' previous requests to give their in-house counsel unfettered access to third-party confidential documents in the parties' expert reports—requests which the FTC objected to, the parties briefed, and the Court denied just a few days ago on November 7. *See* Letter Motion for Conference re: Disclosure of Confidential Information to Designated In-House Counsel (Oct. 30, 2023), ECF Nos. 180-182; Plaintiff's Letter Response (Nov. 3, 2023), ECF No. 193. The FTC previously objected to Defendants' request because the confidentiality of third-party documents belongs to the third parties and is governed by the Protective Order which Defendants negotiated; the FTC objected to Defendants' most recent request for the same reason. Defendants have proffered no reason to think these situations are different from one another. As such, there is no reason to deviate from the disclosure procedures agreed to by the parties in the Protective Order, much less this Court's earlier ruling.

That said, on the morning of November 9, Defendants suggested for the first time that, instead of following the terms of the Protective Order, the parties should meet and confer shortly before any third-party testimony to determine which third-party materials "actually" warrant in camera treatment, and which only nominally warrant in camera treatment and so could be sealed to the public but *not* Defendants' in-house counsel. Setting aside the logistical difficulties of scheduling meet and confers in the middle of a hearing with third parties on short notice around Thanksgiving, this last-minute attempt to circumvent the Protective Order is unavailing. First, the

distinction Defendants are attempting to draw inverts whom third parties want to protect their confidential information from—the concern is not random members of the public, but their competitors and business counterparts, *i.e.*, Defendants. *See* Letter Response by PulsePoint, Inc. (Aug. 16, 2023), ECF No. 109. Second, the FTC is aware of no easily applicable standard for determining when a business document is confidential to some, but not to others. Finally, third parties already have an obligation to narrowly designate their materials for in camera treatment; if they do not, this Court may alter the scope of the proposed limitation or deny the third party's motion to seal entirely. *See, e.g.*, *Turick by Turick v. Yamaha Motor Corp., USA*, 121 F.R.D. 32, 35 (S.D.N.Y. 1988). Indeed, whether to seal the courtroom is not something the parties (or third parties) can decide amongst themselves without a proper motion to and decision by the Court, because "the First Amendment guarantees a qualified right of access . . . to civil trials." *See N.Y.C.L. Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012).

To be clear, the FTC is willing to work with Defendants and third parties, with deference to the Court's preferences, to ensure that the hearing proceeds as smoothly as possible while protecting third parties' legitimate interests in confidentiality. To that end, last week the FTC began informing third parties of their materials on the FTC's exhibit list—even while the parties were still meeting and conferring on sealing procedures—to afford them as much notice as possible, and the FTC has been diligently working with the third parties to schedule their appearances for the hearing.[1] But understanding what materials are or are not subject to in camera review is logically antecedent to any discussion about how those materials should be presented,

---

[1] The FTC also gave Defendants an early preview of their materials on its exhibits list and has identified which party witnesses it wants to schedule for weeks one and two. Scheduling discussions with the parties and third parties are still ongoing.

and Defendants' proposal is no substitute for the procedures in the Protective Order already negotiated by the parties and approved by the Court.

ii.  <u>Defendants' Position</u>

Defendants respectfully submit that the pre-trial order should address sealing issues that will inevitably arise during trial but which are not specifically addressed in the Amended Protective Order. These include whether and under what circumstances the courtroom will be sealed, and whether and when in-house counsel will be able to attend testimony presented in sealed courtroom sessions.  Defendants have made several concrete proposals to the FTC on all of these issues, seeking to agree on an orderly process for resolving these disputes between the parties and non-parties before trial.  But the FTC has refused to engage on this issue.  The FTC has taken the position that the parties should follow the Amended Protective Order, but that order does not speak to the ultimate question of whether and how the courtroom may be sealed.  Rather, the Amended Protective Order sets forth a process for the "introduc[tion] into evidence" of "any document or transcript" produced during the discovery phase.  Dkt. 153, ¶ 8.  The parties are following that process in advance of the hearing, including by giving written notice to third parties regarding exhibits on the parties' respective exhibit lists.  Defendants will work with the third parties before the hearing begins to determine what if any information may be elicited that could be the subject of a courtroom sealing request.

Defendants respectfully submit that the parties, third parties, the press, and the public would benefit from the Court's advance guidance on these sealing issues, including regarding how any requests to seal the courtroom should be handled during the hearing.

Dated: November 10, 2023                    Respectfully submitted,

/s/ Chantale Fiebig
Chantale Fiebig
Mark A. Perry
Joshua M. Wesneski
Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Chantale.fiebig@weil.com
Mark.perry@weil.com
Joshua.wesneski@weil.com

Kenneth Reinker
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 974-1500
kreinker@cgsh.com

Rahul Mukhi
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
rmukhi@cgsh.com

*Counsel for Defendant IQVIA Holdings, Inc.*

/s/ Alexander Okuliar
MORRISON & FOERSTER LLP
Alexander P. Okuliar (pro hac vice)
David J. Shaw (pro hac vice pending)
Alexa Rae DiCunzolo (pro hac vice)
Evan M. Harris (pro hac vice)
Andrew J. Molina (pro hac vice)
Kevin Wang (pro hac vice)
Richelle Gernan (pro hac vice)
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
aokuliar@mofo.com
dshaw@mofo.com
adicunzolo@mofo.com
eharris@mofo.com

amolina@mofo.com
kwang@mofo.com
rgernan@mofo.com

Michael B. Miller
Mika M. Fitzgerald
250 West 55th Street
New York NY 10019
T: (212) 468-8000
mbmiller@mofo.com
mfitzgerald@mofo.com
*Counsel for Defendant Propel Media, Inc.*

/s/ Jennifer Fleury
Jennifer Fleury (*pro hac vice*)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
jfleury@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*