**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION,

*Plaintiff*,

v.

IQVIA HOLDINGS, INC.; and PROPEL MEDIA, INC.,

*Defendants*.

Case No. 1:23-cv-06188-ER

**THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**

The Chamber of Commerce of the United States of America respectfully moves for leave to file the attached brief in support of Defendants. In support of this motion, the Chamber states as follows:

1. The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files amicus curiae briefs in cases, like this one, that raise issues of concern to the nation's business community.

2. The Chamber has a significant interest in preventing the government from adopting a novel and unlawfully aggressive approach to vertical mergers, which—if embraced by this Court—would greatly undermine countless transactions that benefit consumers. The Chamber is very familiar with the issues in this case. The Chamber has repeatedly called attention to the Federal Trade Commission's legally dubious approach to vertical mergers. *See, e.g.*, Heather, *The FTC's Objection to Microsoft-Activision Merger: A Bridge Too Far, Even for Europe*, Chamber of Com. (June 13, 2023),

bit.ly/3G79Ivb; Heather, *The FTC's Latest Merger Misadventure*, Chamber of Com. (May 30, 2023) (the Amgen-Horizon Therapeutics merger), bit.ly/3QLTtJN; Heather, *Inside the FTC's Ploy to Quash a BioTech Merger*, Chamber of Com. (Sept. 10, 2021) (the Illumina-Grail merger), bit.ly/3snFSz6.

3. The Chamber has similarly submitted amicus briefs in federal court cases involving the FTC's efforts to block vertical mergers. *See, e.g.*, Amicus Curiae Br. (Doc. 63), *FTC v. Microsoft Corp.* (9th Cir. Sept. 13, 2023); Amicus Curiae Br. (Doc. 118), *Illumina, Inc. v. FTC*, No. 23-60167 (5th Cir. June 12, 2023); Amicus Curiae Br. (Doc. 148-1), *FTC v. Amgen, Inc.*, No. 1:23-cv-3053 (N.D. Ill. Aug. 28, 2023). The Chamber thus has a significant interest in the proper resolution of this case.

4. This Court has "broad discretion" to allow third parties to file amicus curiae briefs. *Auto. Club of N.Y. v. Port Auth. of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22). "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 251 (S.D.N.Y. 1999). "A court may grant leave to appear as an amicus if the information offered is 'timely and useful.'" *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007); *see also Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011) (amicus participation is beneficial if the proposed amici have "relevant expertise and a stated concern for the issues at stake in [the] case").

5. The Chamber's proposed brief easily satisfies this standard. The Chamber seeks to explain the overarching principles governing the Clayton Act and the FTC Act. Namely, the Chamber seeks to explain the consensus among courts, scholars, and enforcement agencies that vertical mergers are presumptively procompetitive, beneficial to consumers, and thus lawful. The Chamber believes that its explanations regarding the evidentiary burden on the government and demand for real-world evidence will greatly assist this Court in resolving the FTC's motion for preliminary injunction.

6. This Court has previously granted leave for proposed amici to file briefs in other cases of great importance. *See, e.g.*, *335-7 LLC v. City of New York*, 524 F. Supp. 3d 316, 325 (S.D.N.Y. 2021);

Order (Doc. 83), *New York v. DOJ*, No. 18-cv-6471-ER (S.D.N.Y. Aug. 28, 2018); *C&A Carbone, Inc. v. Cnty. of Rockland, NY*, 2014 WL 1202699, at *1 (S.D.N.Y. Mar. 24). And so have other judges of this District. *See, e.g.*, *In re Bystolic Antitrust Litig.*, 2023 WL 2656357, at *8 n.9 & *26 (S.D.N.Y. Feb. 21); *In re Terrorist Attacks on September 11, 2001*, 2023 WL 2138691, at *1 & n.4 (S.D.N.Y. Feb. 21); *DJCV v. United States*, 2023 WL 5334367, at *8 (S.D.N.Y. Aug. 18); *Ctr. for Food Safety v. Becerra*, 565 F. Supp. 3d 519, 528 (S.D.N.Y. 2021). The Chamber respectfully requests that this Court likewise grant leave here.

7. The Chamber certifies that no counsel for any party authored this brief in whole or in part and no entity or person, aside from the amicus curiae, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

8. Defendants consent to the filing of the Chamber's amicus brief. The FTC's counsel indicated that the FTC cannot take a position without first reviewing the Chamber's proposed brief.

* * *

Based on the foregoing reasons, and other good cause found, the Chamber requests that the Court grant leave to file the attached amicus curiae brief.

Dated: November 13, 2023

Respectfully submitted,

*/s/ Daniel M. Vitagliano*

Jeffrey M. Harris (pro hac vice pending)
Frank H. Chang (pro hac vice pending)*
Daniel M. Vitagliano (SDNY No. 5856703)*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
frank@consovoymccarthy.com
dvitagliano@consovoymccarthy.com

**Supervised by principals of the firm admitted to practice in VA*

**CERTIFICATE OF SERVICE**

I filed the foregoing via ECF, which will electronically notify all counsel of record.

Dated: November 13, 2023 *_/s/ Daniel M. Vitagliano_*