**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Chantale Fiebig**
+1 (202) 682-7200
Chantale.Fiebig@weil.com

November 13, 2023

Hon. Edgardo Ramos
Courtroom 619
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

    Re: *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

Defendants write to bring to the Court's attention a scheduling issue regarding the testimony of non-party Jay Margolis—a former senior IQVIA executive who is now the CEO of another company called SPINS. During the week of November 27, Mr. Margolis will be in all-day meetings with senior executives in Chicago preparing for meetings with the SPINS Board of Directors. As a result, Mr. Margolis is unfortunately only available to testify on November 22, 2023. Defendants have asked the FTC to accommodate his schedule, but the FTC has not yet agreed to do so—and Defendants are concerned the FTC may not agree given that the FTC has reacted to Defendants' request by calling it "highly inappropriate" and an attempt "to unilaterally dictate . . . the FTC's hearing presentation."

Defendants are still conferring with the FTC on this issue and hope that the FTC will agree, but in light of these developments the Defendants wish to advise the Court of this important issue now. Defendants are prepared to discuss this issue at the Court's convenience with other pending issues. *See* Dkt. 204.

**I.      Background**

Jay Margolis is a former IQVIA senior executive. At IQVIA, his title was Senior Vice President & General Manager, Information Solutions. Mr. Margolis was intimately involved as one of the most senior executive sponsors of IQVIA's proposed transaction with DeepIntent. He was responsible for developing the business case and strategic rationale for the transaction.

Mr. Margolis also played a central role in securing the internal approvals for the proposed transaction, including developing and presenting the transaction to IQVIA's Board of Directors. Mr. Margolis also has played a central role in IQVIA's expansion into the digital advertising category more generally. He is an important fact witness for IQVIA and has unique testimony concerning IQVIA's evaluation of the proposed transaction and its expansion into the digital healthcare advertising space.

There is no dispute about Mr. Margolis's relevance to the key factual issues in this case, and the FTC sought and received his documents during their Second Request investigation and deposed him during

Hon. Edgardo Ramos  **Weil, Gotshal & Manges LLP**
November 13, 2023
Page 2

this litigation.  Defendants have included Mr. Margolis on their final witness list, but he is not on the FTC's final witness list.

Mr. Margolis left IQVIA in July 2023 to become the Chief Executive Officer at SPINS, a provider of data and analytics for the consumer-packaged goods industry.  SPINS is based in Chicago, where the senior executive team will be meeting the week of November 27.

## II.    Mr. Margolis's Scheduling Conflict and the FTC's Response

Defendants have been working to facilitate Mr. Margolis's in-person testimony during the preliminary injunction hearing.  On Thursday, November 9, Defendants learned that Mr. Margolis is not available the week of November 27.

Immediately after learning of Mr. Margolis's conflict, Defendants informed the FTC of it and requested that the FTC accommodate Mr. Margolis's scheduling request.  *See* Ex. A.  Defendants offered to meet and confer on this issue the next morning.  Given the trial date, Defendants requested that, if the FTC would not agree to accommodate Mr. Margolis's schedule, the parties include this issue in the joint statement the parties intended to file on November 10, 2023.

In response, the FTC stated it was unavailable to meet and confer on November 10 because it was a holiday.  As for Defendants' request that the parties include this issue in the joint statement, the FTC refused to do so and stated:  "Defendants cannot unilaterally insert new issues at the 11th hour."  Ex. A.  Nevertheless, as a compromise, Defendants agreed to submit a joint statement on November 10 without the issue of Mr. Margolis's availability.

Defendants then sought to meet and confer with the FTC on Mr. Margolis's availability on Monday morning, November 13.  In response, the FTC said that "Defendants' request to have their client, Mr. Margolis, testify during the FTC's case-in-chief is highly inappropriate," and the FTC was not available to meet and confer until Tuesday, November 14.  Ex. A.  The FTC also critiqued defense counsel for not raising this issue earlier, stating: "The FTC should not be forced to interrupt the presentation of our evidence to accommodate live testimony from Defendants' client simply because Defendants failed to abide their own demand to work with their own likely trial witnesses on scheduling sufficiently in advance of the hearing."  *Id*.  The FTC also stated that Defendants were trying to "unilaterally dictate the schedule not only of the FTC's hearing presentation, but of the timing of our negotiations of the schedule for the hearing."  *Id*.  Defendants have agreed to meet and confer with the FTC on Tuesday, November 14, since that is the first time the FTC will be available since Defendants' request on November 9.  *Id*.

Hon. Edgardo Ramos  **Weil, Gotshal & Manges LLP**
November 13, 2023
Page 3

### III.   Defendants' Request

Defendants request that, in the event the FTC will not accommodate Mr. Margolis's schedule, the Court permit Mr. Margolis to testify on Wednesday, November 22.  Defendants have agreed to complete their direct examination of Mr. Margolis in two hours.

Courts routinely require the parties to work together to accommodate witnesses' schedules, even when these witnesses appear out of turn.  *See Capak v. Smith*, No. 18-cv-4325 (KHP), Dkt. 181, at *3 (S.D.N.Y. May 26, 2023) ("The parties . . . should accommodate each other's witness schedules in the event a witness needs to be taken out of turn.");  *United States v. Jackson*, No. 21-CR-06119-FPG, Dkt. 61, at *8 (W.D.N.Y. May 16, 2023) ("The Court expects the parties to cooperate when scheduling witnesses. The Court is willing to take witnesses out of turn to accommodate experts and other non-party witnesses.")

IQVIA also would prefer to call Mr. Margolis the second week of trial, but Mr. Margolis is not available then.  IQVIA is open to finding any solution that will aid the Court in its analysis of this matter and allow both parties to present their cases to the Court.

Respectfully submitted,

*/s/ Chantale Fiebig*

Chantale Fiebig