# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

*Phone:* (212) 885-5154
*Fax:* (917) 332-3737
*Email:* john.kessler@blankrome.com

November 15, 2023

**VIA ECF**

Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Federal Trade Commission v. IQVIA Holdings Inc., et al.*,
              Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

      This firm represents non-parties HealthVerity, Inc. ("HealthVerity") and Andrew Kress, HealthVerity's CEO, in connection with the above-referenced matter. During discovery, HealthVerity and Mr. Kress produced information that they designated as "Confidential" pursuant to the Amended Protective Order. (Dkt. 153.) On November 9, 2023, counsel for the Plaintiff Federal Trade Commission ("FTC") and counsel for Defendant IQVIA Holdings, Inc. ("IQVIA") notified HealthVerity and Mr. Kress that they may seek to introduce portions of HealthVerity's confidential information at the preliminary injunction hearing scheduled to commence on November 20, 2023.

      Pursuant to Section 11 of the Amended Protective Order, we respectfully submit this letter-motion seeking *in camera* treatment of certain portions of HealthVerity's confidential information at the hearing, and at any subsequent proceedings in this matter. Specifically, HealthVerity requests *in camera* treatment of:

    (i)    an internal HealthVerity document that was Bates-numbered HealthVerity000001 and produced to the FTC; and

    (ii)    the following pages of Mr. Kress's October 18, 2023 deposition transcript: page 93, line 2 through page 96, line 20, as well as page 99, lines 9-13.

      HealthVerity000001 contains highly confidential information consisting of HealthVerity's

Hon. Edgardo Ramos, U.S.D.J.
November 15, 2023
Page 2

annual revenue and projected revenue for the years 2020 through 2023, as well as a breakdown of these figures across the various business segments in which HealthVerity operates. The document also contains bullet points reflecting HealthVerity's assessment of these figures. The related deposition testimony at issue arises from questions posed to Mr. Kress, who testified in his personal capacity and as HealthVerity's corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6). Mr. Kress testified about the contents of HealthVerity000001, including, *inter alia*, how HealthVerity's revenue is broken down, HealthVerity's total revenue in 2021, and what portions of HealthVerity's revenue is attributable to particular activities.

The document and limited testimony for which HealthVerity seeks *in camera* treatment is consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Additionally, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).

Here, while the subject document and testimony constitute "judicial documents," "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records which could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed). Public access to the document and testimony at issue would provide insight into HealthVerity's financial strength, competitive process, and mental impressions concerning its potential business. As a non-party, HealthVerity is entitled to the protection of this narrowly-tailored confidential information.

In addition, we have conferred with counsel for the FTC and IQVIA regarding this matter, and they have represented that they do not oppose HealthVerity's and Mr. Kress's request for *in camera* treatment of the information at issue.

For the foregoing reasons, HealthVerity and Mr. Kress respectfully request that this letter-motion be granted in its entirety and an Order be issued affording *in camera* treatment of the document and testimony discussed herein.

BLANKROME

Hon. Edgardo Ramos, U.S.D.J.
November 15, 2023
Page 3

                                        Respectfully submitted,

                                        */s/ John C. Kessler*

                                        John C. Kessler

cc:      All counsel Record