| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------<br>Federal Trade Commission,<br>Plaintiff,<br><br>v.<br><br><br>IQVIA Holdings Inc. and Propel Media, Inc.<br>Defendants. | Civil Action No.<br>1:23-CV-06188-ER<br><br>**LETTER MOTION REQUESTING THAT CERTAIN NON-PARTY MATERIAL BE ADMITTED UNDER SEAL** |

November 15, 2023

<u>By ECF Filing</u>

Hon. Edgardo Ramos
Justice, U.S. District Court for the Southern District of New York
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley square
New York, New York 10007

Re: *Proclivity Media Inc.: Motion to Designate Certain Materials to be Admitted under Seal*

Dear Justice Ramos:

I am corporate counsel to Proclivity Media Inc. ("Proclivity"), a non-party to this proceeding.

This letter is submitted pursuant to Section 11 of the Amended Protective Order, so ordered on September 26, 2023, in connection with the above-captioned matter, and Your Honor's Individual Practice Rules, Sections 1.A and 3.

We are responding to communications received, respectively, by Weil Gotshal & Manges LLP, counsel to the defendant, IQVIA Holding Inc., and Counsel to the Federal Trade Commission, designating certain materials produced by Proclivity as trial exhibits. These communications were served on the company by email transmission after 9pm on September 9, 2023. For the convenience of the Court, we attach hereto these communication, respectively, at **Exhibits A and B**.

As Your Honor is aware, we are a non-party to this proceeding. We have endeavored to cooperate with both parties to this litigation but have been compelled to expend time and financial resources in doing so. We have also been compelled to disclose information about our company's financial status and potential competitive direction in the marketplace. While Proclivity acknowledges its duty under the law to comply with subpoenas and court orders and to be cooperative and responsive to counsel, we are concerned that certain information will become part of the public record that could adversely impact upon our company's competitive position and so would request that these materials be admitted under seal.

For the benefit of the Court, I provide a summary of the materials purportedly on the parties' respective exhibit lists and why their being made a part of the public record gives us particular concern.[1]

- Bates Number Series 20001-20021 and 30001-30018 are Power Point presentations tendered in response to a Request for Proposal (RFP) advanced in 2022 by Proclivity's principal client. The Power Points delineate a custom-made project and identifies features of the marketplace that Proclivity believes are important for its client to consider. These document series also identify the company's financial and marketing datapoints that it used to support its argument that it has the capacity to implement such a project. Upon information and belief, none of the information provided in these materials is already in the public record. We consider these power point presentations strategic documents, which, if disclosed, could telegraph to competitors not only information about the company's strategic vision and capacities but implicitly information about the capacities of its client, which we consider confidential information under the terms of the RFP.
- The Amended Response to FTC's Subpoena Requesting Production of Documents involves the disclosure of non-public financial information concerning Proclivity, the disclosure of which likely could also affect the perceptions of competitors and potential clients.
- Deposition of Sheldon Gilbert and the Investigative Hearing Transcript of Lewis Pine constitute sworn testimony respectively of the company's CEO and CFO. Counsel has identified sections of Mr. Gilbert's deposition and Mr. Pine's IHT to be afforded confidential treatment. Our criterium in making these designations was that while information of a background and educational character did not specifically implicate the company's market position and potential future conduct, the designated testimony would and should not become part of the public record.

In sum, we submit that the information discussed above represents "commercial information" pertinent to understanding Proclivity's current strategic position and potential course of action. We would ask that such materials not become part of the public record and that they should, accordingly, be admitted at trial under seal.

Respectfully submitted,

Robert I. Goodman
Counsel
Proclivity Media Inc.

---

[1] Counsel for IQVIA has designated the following documents as trial exhibits: TPLIT-000000175, TPLIT-000000177, TPLIT-000000179, TPLIT-000000181, TPLIT-000000183, TPLIT-000000185, TPLIT-000000187, TPLIT-000000189, TPLIT-000000191, TPLIT-000000193, TPLIT-000000200, TPLIT-000000202, TPLIT-000000217, TPLIT-000000219, TPLIT-000000221, TPLIT-000000224, TPLIT-000000226. Proclivity does not object to these documents being admitted into the public record.

**EXHIBIT A**

**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

Luke Sullivan
+1 202 682 7006
Luke.Sullivan@weil.com

November 9, 2023

Robert I. Goodman, Esq.
Goodman Law
6 Legendary Circle
Rye Brook, NY 10573
+1 (914) 935-0015
rig@rigoodmanlaw.com

Re: *Federal Trade Commission v. IQVIA Holdings Inc.*, No. 1:23-cv-06188-ER (S.D.N.Y.)

Dear Counsel:

I write on behalf of the Defendants in the above-captioned matter. Your client Proclivity has produced information to counsel for Defendants and the FTC during discovery in the above-referenced matter that has been designated as "Confidential" pursuant to the Amended Protective Order. I write to provide notice that counsel for Defendants intends to introduce portions of this Confidential Information as exhibits at trial. The materials Defendants may introduce at trial are listed below. Defendants may also question Proclivity on the topics discussed in these materials during Defendants' examination of them at trial (live or by video deposition designation).

- FTC-PROCLIVITY-000001
- 200001
- 300001
- TPLIT-000000175
- TPLIT-000000177
- TPLIT-000000179
- TPLIT-000000181
- TPLIT-000000183
- TPLIT-000000185
- TPLIT-000000187
- TPLIT-000000189
- TPLIT-000000191
- TPLIT-000000193
- TPLIT-000000200
- TPLIT-000000202

Robert I. Goodman, Esq.  
November 9, 2023  
Page 2

**Weil, Gotshal & Manges LLP**

- TPLIT-000000217
- TPLIT-000000219
- TPLIT-000000221
- TPLIT-000000224
- TPLIT-000000226
- 2023-10-18 Deposition transcript of Sheldon Gilbert 30(b)(6) (Proclivity)
- 2023-04-13 Investigational Hearing Transcript of Lewis Pine

Pursuant to Paragraph 11 of the Amended Protective Order,[1] if you would like any documents, transcripts, or testimony to be granted *in camera* treatment, you shall "file an appropriate motion with the Court within five business days" of receiving this letter. Any documents or transcripts that are not granted *in camera* treatment by the Court shall become part of the public record. Likewise, any testimony for which you do not seek to have presented in a sealed courtroom may be presented in open court.

We request that you notify us in advance of (1) any documents or other materials you intend to move to seal, and (2) any topics that you believe should not be discussed in open court and require courtroom sealing, so we can meet and confer to provide Defendants' position on these items and negotiate the logistics of any sealed testimony.

Thank you, and please let me know if you have any questions.

Sincerely,

/s/

Luke Sullivan

Enclosures

---

[1] The Amended Protective Order is enclosed herein as Appendix A.

**EXHIBIT B**

## rig rigoodmanlaw.com

| | |
|---|---|
| **From:** | Seo, Michelle <mseo@ftc.gov> |
| **Sent:** | Thursday, November 9, 2023 9:18 PM |
| **To:** | rig rigoodmanlaw.com |
| **Subject:** | FTC v. IQVIA Holdings Inc., 1:23-cv-06188-ER |
| **Attachments:** | 153 2023 09 26 Amended Protective Order (signed).pdf |

Hi Robert,

As earlier previewed, this email is to inform you of Proclivity's documents on the FTC's exhibit list. We have already identified for you the transcripts and exhibits we are likely to use, but as both sides' exhibit lists were due today, I wanted to write to confirm the specific small list of documents related to Proclivity that appear on the FTC's exhibit list:

- Investigational Hearing transcript of Lewis Pine (Proclivity) (April 13, 2023)
- Deposition transcript of Sheldon Gilbert (Proclivity) (Oct. 18, 2023)
- Proclivity Bates 200001-200021
- Proclivity Bates 300001-300018
- Amended Response to Subpoena Requesting Production of Documents (Oct. 10, 2023)

We imagine the Defendants will be in touch separately with any documents from Proclivity that appear on their exhibit list.

Under paragraph 11 of the Amended Protective Order (re-attached here for your convenience), third parties have five business days from receiving notice that their confidential materials may be introduced at the hearing to file a motion for in camera treatment with the court. Pursuant to this provision of the Amended Protective Order, any motions for in camera treatment related to the above list would be due at the latest on November 16th.

Please don't hesitate to reach out with any questions. I am available to discuss and will continue to be in touch as additional events in this litigation continue to unfold.

Regards,

Michelle


**Michelle J. Seo**
Attorney | Federal Trade Commission
Bureau of Competition | Mergers I
400 7th Street SW, Washington, DC 20024
T: (202) 326-2875 | mseo@ftc.gov

1