**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IQVIA HOLDINGS INC.,<br><br>and<br><br>PROPEL MEDIA, INC.<br><br>Defendants. | Case No. 1:23-cv-06188-ER |

**[PROPOSED] PRE-HEARING ORDER**

Pursuant to the Joint Stipulated Civil Case Management Plan and Scheduling Order ("CMO") (ECF No. 104) Section VI.1, Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") and Defendants IQVIA Holdings Inc. ("IQVIA") and Propel Media, Inc. ("PMI") jointly submit , and stipulate to, this Proposed Pre-Hearing Order.

## I. STIPULATIONS

a. **Opening Statement**: The parties agree to 60-minute openings per side. The FTC takes no position as to whether or how Defendants will allocate their time between each Defendant.

b. **Closing Arguments**: Closing arguments will be held on December 8, 2023, at 2:00 PM ET. The arguments will be presented in person. Each side will have 60 minutes.

**Hearing Time**. Trial time will be split evenly, and each side will have at least sixteen hours to present testimony during the hearing. The parties will be responsible for timekeeping, and each party shall designate a point of contact responsible for timekeeping.

Time counts against the party questioning the witness at that time, exclusive of sidebars, and depositions designations count against the side that designated that testimony. The respective points of contact will meet and confer regarding used time at the end of each hearing day.

c. **Witness Sequestering**: Fact witnesses shall be sequestered and not listen to other fact testimony, except for one corporate designee per Defendant who may be a fact witness and may attend the entire hearing. Expert witnesses will not be sequestered and may listen to fact witness testimony.

d. **Exhibit exchange:** The parties will exchange stamped versions of electronic exhibits Monday, November 13, 2023. The parties will then coordinate sending hard copies to the court.

e. **Video Deposition Designations:** Each side will work in good faith to provide video deposition designations earlier for their witnesses that they do not intend to call live.

   i. Parties exchange initial designations – November 13
   ii. Parties exchange counter designations – November 18
   iii. Time after November 18 may be used for counter-counters (and counter-counter-counters, etc.) and any necessary meet and confers.

   <u>The rest will be designated on the following process</u>: The side calling a witness by designation should provide initial designations by noon three days before the video is intended to be played; counters are due at noon the next day (i.e., two days before the video is intended to be played); leaving time for counter-counters (and counter-counter-counters, etc.) and any necessary meet and confers the day before.

f. **Sealing of trial exhibits and the courtroom during the hearing:** The parties agree to the following process:

   i. Each party will identify the sequence of anticipated witnesses 48 hours before each hearing day at 9:00 AM ET.

   ii. Each party will identify the likely exhibits and demonstratives to be used with those witnesses 40 hours before each hearing day, at 5:00 PM ET two days before the witness's anticipated testimony day. If any exhibits containing Confidential Information of a non-party are identified, the party proposing to use the exhibit shall notify the non-party at the same time.

   iii. After these disclosures have been made, the parties and non-parties will meet and confer regarding the confidential nature of the information contained in the documents or related testimony, in an effort to reach

agreements that will minimize the burden on the court and the public with respect to sealing the courtroom and hearing exhibits.

1. Parties and non-parties will endeavor to address confidentiality in a narrowly tailored way to avoid sealing the courtroom, including by showing the public redacted documents, showing witnesses documents but not the public (in order to avoid sealing the courtroom), and structuring testimony to either avoid eliciting confidential information or addressing all confidential information at the start or end of an examination.

iv. If the parties and non-parties are not able to reach agreement during their meet and confer, the party seeking sealing will submit a formal request for sealing to the court, specifying the documents and/or testimony that warrants sealing, as well as the basis for the request, by 8:00 PM ET the day before the witness is anticipated to testify. The court can hear from counsel for both sides and the non-party to resolve these requests before witness testimony begins for each court day.

v. In the event that a party identifies additional exhibits that will likely be used with witnesses but which were not identified by the deadlines above, the parties agree to work in good faith to expeditiously confer on sealing issues with each other and with non-parties. Nevertheless, both parties shall work in good faith to identify all likely hearing exhibits by the deadlines set forth above.

vi. As of the date of this order, the sealing provisions set forth herein supplant the process for filing sealing motions for in camera treatment of documents and transcripts used during the hearing pursuant to Paragraph 11 of the Amended Protective Order. *See* Dkt. 153.

vii. For any documents or transcripts not used during the hearing, all other provisions of the Amended Protective Order remain in place, including Paragraph 7.

**SO ORDERED**, this ____ day of ____________, 2023.

______________________________

United States District Judge

Dated: November 15, 2023

Respectfully submitted,

/s/ *Chantale Fiebig*
Chantale Fiebig
Mark A. Perry
Joshua M. Wesneski
Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Chantale.fiebig@weil.com
Mark.perry@weil.com
Joshua.wesneski@weil.com

Kenneth Reinker
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 974-1500
kreinker@cgsh.com

Rahul Mukhi
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
rmukhi@cgsh.com

*Counsel for Defendant IQVIA Holdings, Inc.*

/s/ *Alexander Okuliar*
MORRISON & FOERSTER LLP
Alexander P. Okuliar (pro hac vice)
David J. Shaw (pro hac vice pending)
Alexa Rae DiCunzolo (pro hac vice)
Evan M. Harris (pro hac vice)
Andrew J. Molina (pro hac vice)
Kevin Wang (pro hac vice)
Richelle Gernan (pro hac vice)
2100 L Street, NW, Suite 900
Washington, DC 20037
Tel: (202) 887-1500
aokuliar@mofo.com

dshaw@mofo.com
adicunzolo@mofo.com
eharris@mofo.com
amolina@mofo.com
kwang@mofo.com
rgernan@mofo.com

Michael B. Miller
Mika M. Fitzgerald
250 West 55th Street
New York NY 10019
T: (212) 468-8000
mbmiller@mofo.com
mfitzgerald@mofo.com
*Counsel for Defendant Propel Media, Inc.*

/s/ *Jennifer Fleury*
Jennifer Fleury (*pro hac vice*)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
jfleury@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*