

faegredrinker.com

Marsha J. Indych
Partner
marsha.indych@faegredrinker.com
+1 212 248 3162 direct

Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas, 41st Floor
New York, New York  10036
+1 212 248 3140 main
+1 212 248 3141 fax

November 15, 2023

**VIA ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

   Re: *FTC v. IQVIA Holdings Inc. et al.*, No. 1:23-cv-06188-ER
     <u>Unopposed Motion to Seal Select Documents by Non-Party Throtle, Inc.</u>

Dear Judge Ramos:

  We write as counsel on behalf of non-party Throtle, Inc. ("Throtle") to respectfully request sealing and redacted treatment of certain Throtle documents and materials, previously designated as Confidential under ¶¶ 6-7 of the Court's Amended Protective Order [Dkt. 153], which the parties in this action have notified Throtle are on their respective trial exhibit lists, in accordance with this Court's Individual Practice Rule 3(ii).  The parties do not oppose Throtle's requested relief.

  As brief background, on October 5, 2023, non-party Throtle was served separate subpoenas from both Plaintiff and Defendants commanding the production of certain documents concerning Throtle's business operations, to which Throtle responded and produced documents between October 16, 2023 and October 24, 2023.  The parties likewise each served Throtle with a deposition subpoena on October 13, 2023, and that deposition of Throtle was conducted on October 24, 2023.

  By this motion, Throtle only seeks sealing and redacted treatment of five (5) exhibits identified by the parties, as well as to commercially sensitive information disclosed in Throtle's deposition.  A summary table is below.  Throtle seeks this sealing treatment for materials introduced as evidence at trial or referenced in a submission by the parties to the Court.  With respect to the deposition transcript, Throtle has endeavored to request sealing only those portions containing competitively sensitive information; in the event that the parties are able to provide more specificity about the portions of the deposition they intend to introduce as evidence, Throtle may be able to further narrow its request.

| Summary of Requested Relief | | | | |
|---|---|---|---|---|
| **Exhibit** | **Bates Number** | **Document** | **Page(s)** | **Requested Relief** |
| Ex. A | Throtle-0000001[1] | Convertible Note Purchase Agreement | 4,344 | Sealed |

---

[1] PX4160 is a three-page excerpt of Throtle-0000001, and Throtle seeks the same sealing treatment for this exhibit.

| Ex. B | Throtle-0004363 | Throtle Partnerships | 2 | Sealed |
| Ex. C | Throtle-0004374 | Throtle, Inc. Revenue by Healthcare Clients 2023-2024 | 1 | Sealed |
| Ex. D | Throtle-0004375 | Throtle, Inc. Revenue by Healthcare Clients 2023-2024 | 1 | Sealed |
| Ex. E | Throtle-0004376 | Throtle, Inc. Revenue by Healthcare Clients 2023-2024 | 1 | Sealed |
| Ex. F | N/A | Deposition Transcript of Paul Chachko (Throtle Inc.) | Portions of 34 | Redaction |

For the reasons explained below, Throtle's request for sealing and redacted treatment of this information is narrowly tailored and overcomes the presumption in favor of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

## I. Request to Seal Convertible Note Purchase Agreement (Ex. A)

Throtle is a non-party in this case, and it requests only a limited number of documents be sealed to protect sensitive commercial information about its business practices. The first document Throtle is requesting to have sealed is a Convertible Note Purchase Agreement. It contains highly sensitive and non-public business and competitive terms, the public disclosure of which would cause great harm to Throtle. Because of this potential for harm, the request to seal the document is appropriate under the standard for sealing in *Lugosch*.

*Lugosch* notes that while the general presumption favors public access to judicial documents, courts may seal materials when a request is "narrowly tailored" and "essential to preserve higher values." 435 F.3d at 120. One such higher value is the need to "prevent the unauthorized dissemination of confidential business information" like an operative contract. *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 2021 WL 2011914, at *1 (S.D.N.Y. May 20, 2021); *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022) (granting motion to seal the operative contracts because "disclosure of this confidential business information would subject [the parties] to a competitive disadvantage"). These factors are given ever greater weight when the party requesting the action is a non-party. *In re Newsday Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990) (quoting *In re New York Times*, 828 F.2d 110, 116 (2d Cir. 1987)) (holding that "the privacy interests of innocent third parties…should weigh heavily in a court's balancing equation…"). *See also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d 152, 154-55 (S.D.N.Y. 2015) (protecting third party investment strategies and proprietary modeling assumptions); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting third party internal pricing strategies and competitive pricing data).

Confidential business information, here in the form of a sensitive, non-public contract, is precisely what Throtle is seeking to protect by requesting that the Convertible Note Purchase Agreement be sealed. The contract contains terms that if disclosed or publicly available for review, would cause Throtle, as a non-party, serious competitive harm.

## II. Request to Seal Document Identifying Customers and Business Partnerships (Ex. B)

Furthermore, Throtle requests to seal Throtle Partnerships, a document identifying its various

"partnerships," *i.e.*, customers to which it provides services. This list of customers is highly sensitive from a competitive standpoint and confidential, and Throtle would be harmed in the event this information was publicly disclosed.

The information in this document is of a similar kind to what courts have protected in the past. "Sensitive commercial information affecting [a party's] ongoing relationship" with the third party is information that courts regularly protect. *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014). Courts also protect confidential business information. *Allianz Glob. Invs. GmbH,* 2021 WL 2011914, at *1. Given the confidential nature of this information and the threat that it would impact Throtle's business relationships, this information should be protected. Additionally, as discussed previously, because Throtle is a non-party, the analysis weighs even more strongly in Throtle's favor for sealing the information. *See In re Newsday Inc.*, 895 F.2d at 79-80; *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d at 154-55; *In re Digital Music Antitrust Litig.*, 321 F.R.D at 81.

The list of customers contained in this document is confidential business information of a nature that would cause great competitive harm to Throtle if it were made public. Given their strong interest in protecting it, the agreement of both parties, and the heightened privacy rights that Throtle has as a non-party, the request to seal the Throtle Partnerships exhibit should be granted.

**III.     Request to Seal Financial Projections and Customer Information (Exs. C, D, E)**

Throtle additionally requests the sealing of three exhibits that contain highly sensitive revenue projections and customer information. All three exhibits contain detailed, confidential information about Throtle's business—specifically its current and prospective healthcare customers and sensitive revenue projections and growth estimates through the end of 2023 and into 2024.

This information is highly sensitive and warrants being sealed based on the same analysis discussed above to "prevent the unauthorized dissemination of confidential business information." *Allianz Glob. Invs. GmbH,* 2021 WL 2011914, at *1.  Additionally, courts have held that granting a motion to seal is warranted where sealing would protect the "sensitive commercial information affecting [a party's] ongoing relationship" with a third party. *See PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014); *Hesse v. SunGard Sys. Intern.*, 2013 WL 174403, at *2-3 (S.D.N.Y. 2013) (permitting the sealing of "billing rates and project pricing, as well as details of specific projects completed for several clients").  Courts have also recognized that where a party seeks only to redact financial information, the request is considered sufficiently narrowly tailored and "the [party's] privacy interests outweigh the public's interest in the redacted material." *Graczyk*, 2020 WL 1435031, at *9; *see also McCracken v. Verisma Sys., Inc.*, 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017). As discussed above, non-parties to the case, like Throtle, have a particularly acute interest in the protection of their competitively sensitive information from public disclosure. *See In re Newsday Inc*, 895 F.2d at 79-80; *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d at 154-55; *In re Digital Music Antitrust Litig.*, 321 F.R.D. at 81.

The information that Throtle is requesting be sealed is narrowly tailored here, and pertains only to forward-looking confidential business, financial, and customer information.  Based on the narrow nature of the request, the agreement of both parties, and the potential harm to a non-party that these documents pose, Throtle's request to seal the identified exhibits should be granted.

3

IV.  **Request for Redacted Treatment for Portions of Deposition Transcript of Paul Chachko, Throtle Rule 30(b)(6) Representation (Ex. F)**

Finally, Throtle requests modest redactions to the deposition transcript of its corporate representative, Mr. Paul Chachko. Specifically, Throtle only seeks to redact testimony from the deposition that is duplicative of the information discussed above, or similarly discusses other competitively sensitive business information: Tr. at 11:19-12:15; 13:16-14:10; 22:24-23:17; 25:5-27:7; 32:19-23; 34:9-24; 35:16-20; 36:20-37:24; 47:10-16; 54:15-55:11; 58:5-8; 59:21-62:20; 63:17-68:8; 70:3-71:6; 75:20-79:6; 79:15-80:6; 80:13-81:9. The parties were unable to provide Throtle with certainty about which specific portions of Mr. Chachko's deposition may be used as evidence in these proceedings; accordingly, Throtle has designated portions of the transcript that are business sensitive, as appropriate.

These redactions are necessary to save a non-party from harm by disclosing sensitive commercial, competitive, and financial information. Under *Lugosch*, courts should weigh the presumption of public access against competing considerations when deciding if redaction is appropriate. 435 F.3d 110 at 119. "[T]he privacy interest of those resisting disclosure" is one such competing interest. *Id*. (citing U.S. v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). Disclosing any of this information would cause Throtle serious competitive harm given its private, confidential nature and its importance to Throtle as a market participant. Thus, Throtle has strong privacy interests in protecting this information, outweighing any presumption of public access. These privacy interests are made stronger by the fact that non-parties receive greater privacy protection from courts. *See In re Newsday Inc.*, 895 F.2d at 79-80; *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.Supp.3d at 154-55; *In re Digital Music Antitrust Litig.*, 321 F.R.D. at 81.

Given the importance of this testimonial information to Throtle, Throtle's status in this case as a non-party, and the agreement of the parties in this case to redaction, a narrow redaction of the same types of information discussed above would meet this Court's standard for ordering a redaction. As a result, the redactions should be granted.

\* \* \* \* \*

For these reasons, Throtle respectfully requests that the documents and testimony identified above be sealed and accorded confidential treatment for use at trial or in briefing.

Respectfully submitted,

*/s/ Marsha J. Indych*

Marsha J. Indych

cc:   All counsel of record (via ECF)
      Kenneth M. Vorrasi, counsel to Throtle, Inc.
      Jonathan H. Todt, counsel to Throtle, Inc.