**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Chantale Fiebig**
+1 (202) 682-7200
Chantale.Fiebig@weil.com

November 16, 2023
VIA CM/ECF

Honorable Edgardo Ramos
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Tel (212) 805-0294

      Re:   *FTC v. IQVIA Holdings Inc. and Propel Media, Inc.*, Case No.: 1:23-cv-6188 (S.D.N.Y.); Letter Motion to Partially Seal Opposition to Motion in Limine

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii), Defendant IQVIA Holdings Inc. ("IQVIA") respectfully submits this letter motion requesting that portions of its *Memorandum of Law in Opposition to the FTC's Motion* in Limine *To Exclude Certain Opinions of Dr. Anupam B. Jena* ("Opposition") and the *Declaration of Chantale Fiebig* ("Declaration") be sealed, as well as that certain exhibits attached to the Opposition be filed under seal. The portions to be sealed have been designated as Confidential Information under this Court's Amended Protective Order, Dkt. No. 153.

Filing these materials under seal is consistent with precedent in the Second Circuit and the District Court concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

While the Opposition and Declaration are judicial documents, the presumption of public access is of less weight where the party seeks to seal information that has already been designated confidential. Furthermore, under Paragraph 10 of the Amended Protective Order, Dkt. No. 153, when a party files materials that have been designated as Confidential Information, "the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal." IQVIA has prepared versions of the Opposition and Declaration with Confidential Information redacted, which will be filed publicly. In addition, certain exhibits to the Opposition are non-public documents filed under seal, with slipsheets that will be filed publicly.

For the reasons stated above, IQVIA respectfully moves this Court for an order permitting the relevant portions of the Opposition, the Declaration, and the exhibits attached to the Opposition to be filed under seal.

    Sincerely,

    */s/ Chantale Fiebig*

    Chantale Fiebig