

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019

212 468 4800
dglaw.com

November 17, 2023

**Via ECF**

**Jennifer Tafet Klausner**
d 212.468.4827
jklausner@dglaw.com

Honorable Edgardo Ramos, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Federal Trade Commission v. IQVIA Holdings Inc. and Propel Media, Inc.* Case No. 1:23-cv-6188-ER

Dear Judge Ramos:

This firm represents non-party CMI Media, LLC ("CMI" or the "Company") in connection with the non-party document and deposition subpoenas (the "Subpoenas") served upon CMI by Plaintiff the Federal Trade Commission ("FTC") and Defendant IQVIA Holdings Inc. ("IQVIA") (together, the "Parties") in the above-referenced action (the "Action").  On November 16, 2023, the FTC and IQVIA notified CMI of their intent to introduce as evidence at the preliminary injunction hearing (the "Hearing") in this Action certain documents and transcripts containing CMI's "Confidential Information".

On November 17, we met and conferred with counsel for the Parties regarding this matter. During the meet and confer, the Parties narrowed their list of evidence to three documents containing CMI's Confidential Information: (1) CMI000001; (2) CMI000009; and (3) portions of a transcript containing deposition testimony provided by a representative of CMI.  Pursuant to Rules 1.A and 3(ii) of Your Honor's Individual Practices and the Pre-Hearing Order, dated November 16, 2023, CMI respectfully submits this timely letter-motion requesting that the three documents listed above which the Parties intend to use at the Hearing be sealed and that any testimony concerning the topics discussed in these materials also proceed in a sealed courtroom. CMI also seeks sealing treatment of these documents and testimony to the extent they are referenced in submissions by the parties to the Court.

The FTC consents to CMI's motion and IQVIA consents to CMI's request subject to the presence of IQVIA's identified in-house counsel at the Hearing.[1]  CMI does not object to IQVIA's condition.

CMI and the Parties agree that the documents and testimony at issue contain CMI's "Confidential Information" pursuant to the Amended Protective Order as they contain "trade secret[s]", "confidential research, development, or commercial information" and/or "information that has not been published or otherwise made publicly available."  Amended Protective Order, at

---

[1] CMI and IQVIA have agreed that IQVIA's identified in-house counsel may not view the documents or transcript at issue, but may be present for testimony concerning the contents thereof.



Honorable Edgardo Ramos<br>
November 17, 2023<br>
Page 2

¶ 1. The documents are non-public internal business records of CMI which include confidential revenue figures, sensitive business analyses, and/or discussions thereof and disclosure of such documents or testimony related thereto would cause CMI irreparable harm.

Accordingly, CMI respectfully requests that the Court "So Order" this request so that documents produced by CMI and the portions of transcripts which CMI has designated as "Confidential Information" be sealed and given *in camera* treatment.

If the Court requires CMI to provide the documents or testimony at issue, it will do so under seal in a supplemental filing.

Respectfully submitted,<br><br>
/s/ Jennifer Tafet Klausner<br><br>
Jennifer Tafet Klausner

c:  All counsel of Record