# Simpson Thacher & Bartlett LLP

900 G STREET, NW
WASHINGTON, D.C. 20001

———

TELEPHONE: +1-202-636-5500
FACSIMILE: +1-202-636-5502

November 19, 2023

Via ECF

Hon. Edgardo Ramos
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

        Re:    *Federal Trade Commission v. IQVIA Holdings, Inc. et al.*, Case No. 1:23-cv-06188-ER (S.D.N.Y.)

Dear Judge Ramos:

       This firm represents non-party PulsePoint, Inc. ("PulsePoint") in connection with the above-referenced matter. Pursuant to this Court's Rule of Individual Practice 3(ii), Section 11 of the Amended Protective Order (Dkt. 153) and Section I(f) of the Court's November 16, 2023 Pre-Hearing Order (Dkt. 230), PulsePoint respectfully submits this letter-motion seeking an Order granting *in camera* treatment for documents and portions of testimony transcripts containing PulsePoint's Confidential Information that the Federal Trade Commission ("FTC") and/or IQVIA Holdings, Inc. ("IQVIA") have informed PulsePoint they intend to use as exhibits at trial (the "Hearing Exhibits").[1] PulsePoint also requests that any trial testimony related to the Hearing Exhibits be granted *in camera* treatment pending further discussions between PulsePoint and the parties.

       As background, we understand that the FTC intends to call Konrad Gerszke to testify at the hearing on November 20, 2023. In anticipation of Mr. Gerszke's anticipated trial testimony, on November 18, 2023, the Federal Trade Commission ("FTC") and IQVIA Holdings Inc. ("IQVIA) (together, the "Parties") informed PulsePoint of the documents the Parties intend to use at the hearing that contain PulsePoint's Confidential Information. Between November 18, and 19, 2023, counsel for the FTC, Defendants and PulsePoint met and conferred regarding appropriate steps to ensure the proper treatment of PulsePoint's Confidential Information.

       While neither the FTC nor Defendants object to granting *in camera* treatment of the Hearing Exhibits that contain PulsePoint Confidential Information, the parties have been unable to reach agreement on whether IQVIA in-house counsel or the general public would be allowed to

---

[1]    Appendix A to this letter identifies the documents and testimony transcripts to be treated *in camera*.

Simpson Thacher & Bartlett LLP

-2-                                                                                                  November 19, 2023

hear testimony relating to, containing, referencing or regarding the Hearing Exhibits and/or PulsePoint's Confidential Information ("Confidential Trial Testimony").

PulsePoint and the Parties have agreed on a framework for resolving any disputes. Specifically, PulsePoint and the Parties have agreed that if the Court is willing to allow Mr. Gerszke to testify in a closed session, then within a reasonable amount of time after receiving any transcripts of the Confidential Trial Testimony, PulsePoint will propose redactions to the Confidential Trial Testimony sufficient to protect PulsePoint's Confidential Information expeditiously. To the extent that the FTC and/or Defendants disagree with those proposed redactions, after meeting and conferring in good faith, the Parties and/or PulsePoint may present any disputes to the Court as soon as reasonably practicable. PulsePoint and the Parties have agreed to act expeditiously in recognition of the fast-moving nature of this matter. Indeed, to the extent convenient to the Court, PulsePoint and the Parties have agreed to work in good faith to present any disputes about the *in camera* treatment of Mr. Gerszke's Confidential Trial Testimony no later than the morning of Wednesday, November 22 and any other trial testimony as soon as reasonably practicable in light of all the circumstances.

To be sure, it is possible that Mr. Gerske's trial testimony regarding PulsePoint Confidential Information will not reveal or disclose any PulsePoint Confidential Information, but PulsePoint cannot know that in advance. Therefore, PulsePoint is of the view that the protocol proposed herein will afford PulsePoint and the Parties adequate time to address any confidentiality concerns arising from Mr. Gerszke's trial testimony.

**Conclusion**

For the reasons discussed above, PulsePoint respectfully requests the Court grant its motion to provide *in camera* treatment to the Hearing Exhibits and Mr. Gerszke's testimony featuring PulsePoint's Confidential Information. PulsePoint requests, to the extent these exhibits and testimony are discussed in court, that the Court seal the courtroom and any related trial testimony until such time as PulsePoint shall have had a reasonable opportunity to propose appropriate redactions to protect against the disclosure of PulsePoint's Confidential Information.

Respectfully submitted,

*/s/ Abram J. Ellis*
Abram J. Ellis

Simpson Thacher & Bartlett LLP

-3-                                November 19, 2023

## Appendix A

| Exhibit # | Title |
|---|---|
| DX1851 | Spreadsheet: 'Programmatic Review Q4 2021 |
| DX1913 | 3rd Party Data Providers |
| DX1835 | Konrad Gerszke's Investigational Hearing Transcript |
| DX0066 | Deposition Transcript of Konrad Gerszke |
| DX1705 | Spreadsheet: PulsePoint RFP Summary |
| DX1704 | Spreadsheet: Transaction Data (21-22) |
| DX1703 | Spreadsheet: Transaction Data |
| DX1908 | Product Overview |
| DX1922 | WebMD Strategy Update |
| DX1924 | WebMD 2020 Q3 Deck |
| DX1925 | CIM 2 |
| DX1927 | CIM 1 |
| DX1928 | HCP Targeting |
| DX1929 | Medscape Capabilities |
| DX1930 | Programmatic Landscape 2020 |
| DX1852 | Spreadsheet: Financial Data |