**DENTONS**  **Daniel A. Schnapp**

Daniel.schnapp@dentons.com

D  +1 212 398 7630

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
United States

dentons.com

November 20, 2023

**By ECF**

Hon. Edgardo Ramos
U.S. District Court for the
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Federal Trade Commission v. IQVIA Holdings Inc.*, **No. 1:23-cv-06188-ER (S.D.N.Y.)**

Dear Judge Ramos:

This Firm is counsel to Klick, Inc. ("Klick"), a non-party that was subpoenaed and has produced information and testimony to the FTC and to counsel for Defendants in the above-referenced matter. We write in accordance with the Court's Order, dated November 15, 2023 (ECF Document 224). Per the Order, we have met and conferred with counsel for the Federal Trade Commission (the "FTC") and Defendants today and have agreed to the below sealing procedure, pending the Court's approval, regarding the treatment of potential testimony and information produced by Klick (the "Confidential Information").

Initially, counsel for the FTC and counsel for Defendants notified Klick that they intend to introduce portions of certain Confidential Information produced by Klick as exhibits at the hearing. They also seek to elicit certain information from a former employee of Klick, David Leitner, during the hearing.

Specifically, the Confidential Information at issue is embedded in the documents listed below:

- Exhibit DX1664 - KLICK-000001 ("Klick Media Spend Spreadsheet")

- Exhibit DX0048 - 2023-10-16 Deposition transcript of Kristi Quagliariello (Klick) ("Quagliariello Deposition Transcript")

Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

[AM_ACTIVE 405373699_1]
US_ACTIVE\125434900\V-6

- Exhibit PX0503 - 2023-06-23 Deposition transcript of David Leitner (Klick) ("Leitner Deposition Transcript")

During the meet and confer today, the parties agreed to maintain this information and potential testimony under seal and designated as "Confidential – Attorney's Eyes Only" pursuant to the Amended Protective Order. The parties have further agreed, pending this Court's approval, to seal the courtroom and record during the portion of the hearing when the Confidential Information will be placed in the record, and that only the parties' in-house and outside counsel would remain in the courtroom such that no corporate representatives remain in the courtroom during the presentation and introduction of this potential evidence.

Klick respectfully submits that the Court should grant this application. Although there is a general presumption in favor of public access to judicial documents, "courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-45900 (GHW), 2021 U.S. Dist. LEXIS 62974, at *17 (S.D.N.Y. Mar. 31, 2021) (allowing redaction of confidential information, disclosure of which would harm defendants or advantage its competitors).

Here, the Confidential Information referenced above contains highly sensitive business information.

Klick provides digital marketing services for life sciences companies. The Klick Media Spend Spreadsheet indicates how much Klick has spent on media advertising, on behalf of its strategic partners, in the last three years and an estimate for how much it will spend in media advertising in 2023. It includes data on media spend broken down by channel, programmatic partner, healthcare professionals, and patients. Thus, the Klick Media Spend Spreadsheet reflects Klick's marketing and advertising strategy from 2020 to 2023.

Furthermore, the highlighted portions of the Quagliariello Deposition Transcript and the Leitner Deposition Transcript explain, in detail, who are Klick's recurring clients, the type of services Klick provides to these clients, what type of data Klick's clients share in connection with those services, how Klick uses that data to formulate marketing and advertising strategies, what tools it uses to formulate this strategy, budgetary considerations, and the functionalities imbued in these tools. The Quagliariello Deposition Transcript and the Leitner Deposition Transcript also explain the data contained in the Klick Media Spend Spreadsheet in detail and how this data impacts Klick's marketing and advertising strategy as a whole.

Klick respectfully submits that this information is sufficiently valuable and confidential that its disclosure would result in a serious competitive harm to Klick. If Klick's entire business model become public — including its clients, offered services, proprietary tools, and financial and marketing data — competitors would be able to use this information to copy or undermine Klick's entire business strategy. See *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices'"); *Go SMiLE Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents filed in connection with motion for preliminary injunction where documents contained company's proprietary marketing strategies, product development, costs, and budgeting information).

Accordingly, we hereby respectfully move this Court to:

(i) seal and grant *in camera* treatment to the Confidential Information and any subsequent testimony regarding these exhibits or elicited from witnesses at the hearing in which information that Klick considers proprietary or confidential is raised,

(ii) rule that the information remains subject to a "Confidential – Attorney's Eyes Only" designation pursuant to the Amended Protective Order, and

(iii) that only the parties' counsel shall remain in the courtroom such that no corporate representatives shall remain in the courtroom during the presentation and introduction of this potential evidence.

We thank the Court for its attention to this matter.

Respectfully submitted,

_____/s/ Daniel A. Schnapp_____
Daniel A. Schnapp