UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                  Plaintiff,<br><br>v.<br><br>IQVIA HOLDINGS INC.,<br><br>     and<br><br>PROPEL MEDIA, INC.,<br><br>                  Defendants. | Case No. 1:23-cv-06188-ER |

## AFFIDAVIT OF CHARLES HEMANN

I, Charles "Chuck" Hemann, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1. I have worked for Real Chemistry, Inc. ("Real Chemistry" or the "Company") since 2017.[1] In 2019, I was assigned to lead Real Chemistry's media buying team as Practice Leader, Integrated Media. Beginning in 2022, I have served as the President of Integrated Activation at Real Chemistry, working in the Company's healthcare-focused digital marketing and media business. This declaration is based upon my personal knowledge and belief and upon information available to me in my capacity as the President of Integrated Activation of Real Chemistry and provided to me by other Real Chemistry personnel in connection with the above-captioned litigation.

2. Neither I nor Real Chemistry are a party to the above-captioned litigation.

3. I submit this declaration in support of my and Real Chemistry's Motion to Quash Plaintiff Federal Trade Commission's ("FTC") Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action served on November 20, 2023.

4. I currently live in Chicago, Illinois. My place of residence is approximately 790 miles from New York City.

---

[1] Throughout the Company's history, it has operated under several different names. The current entity name—Real Chemistry, Inc.—came into effect in 2022.

5. For the last several years of my employment at Real Chemistry, I have worked both at the Company's Chicago offices, now located at 167 N Green Street, Suite 1101, Chicago, IL 60607 and remotely at the above-mentioned residence.

6. I do not make regular business trips to New York City or the surrounding area. Since 2021, I have made, in total, only eight (8) trips for business purposes within 100 miles of the New York City area. Each trip lasted no more than one or two days.

7. The FTC first reached out to Real Chemistry about the proposed merger at issue in this litigation in June 2023, seeking to interview an employee to discuss issues related to their then investigation of IQVIA Inc.'s proposed acquisition of Propel Media, Inc. Given the topics that the FTC was looking to discuss, I was identified as the appropriate party to speak with the FTC. I agreed to speak with them and sat for an interview on June 29, 2023 which lasted approximately one hour.

8. The FTC then required I meet with them again, this time to provide testimony in an investigational hearing, which I provided on July 11, 2023. That investigational hearing lasted approximately one to two hours. In advance of that hearing, I dedicated several hours of time for preparation, which included several calls with in-house and outside legal counsel.

9. On September 1 and August 29, Plaintiff and Defendants, respectively, served subpoenas seeking the production of documents and data on Real Chemistry (the "Document Subpoenas"). Both Document Subpoenas were extremely broad and burdensome, requesting information on many topics covering a significant period of time. Both Document Subpoenas also specified an unreasonably short time for compliance on their face. A true and correct copy of each Document Subpoena is attached hereto as Exhibit A.

10. In September and October 2023, to comply with the Document Subpoenas, I was required to dedicate several hours to locating and providing documents to outside counsel for production to Plaintiff and Defendants. In total, 441 pages of documents were produced in four separate tranches.

11. On September 26 and September 21, Plaintiff and Defendants, respectively, served on Real Chemistry subpoenas seeking deposition testimony from a corporate representative of Real Chemistry pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Deposition Subpoenas"). Given the topics noticed in those Deposition Subpoenas, I was identified as the Real Chemistry representative best able to speak to certain topics. A true and correct copy of each Deposition Subpoena is attached hereto as Exhibit B.

12. Pursuant to the Deposition Subpoenas, I sat for a videorecorded deposition on October 6, 2023 from 9:31 AM EDT until the conclusion of the deposition at 1:12 PM EDT. During the deposition, I was questioned by legal counsel for both Plaintiff and Defendants. I spent several hours preparing for the deposition as well, including participating in several calls with in-house and outside legal counsel.

13. On November 2, 2023, the FTC communicated to outside legal counsel that I was placed on the FTC's final list of witnesses to be called at trial in this matter.

14. In an email dated November 9, 2023, the FTC notified counsel for Real Chemistry that I would not be called as trial witness to give live testimony, stating that "we notified Defendants today of our intent to call Chuck Hemann by video deposition designation." A true and correct copy of the FTC's November 9 email is attached hereto as Exhibit C.

15. On a November 14 call, the FTC rescinded that statement, and informed counsel for Real Chemistry that they now intend to call me as a live trial witness to give testimony either in-person or remotely by video conference. I do not wish to testify as a live trial witness, even if remotely by videoconference or teleconference. Counsel discussed these objections to testifying as a live trial witness with the FTC on a number of occasions both before, after and on November 14.

16. Despite these objections, on November 20, the FTC called outside counsel notifying then that they intended to serve a subpoena purporting to compel my testimony in this matter by video conference, then later served that subpoena that same day (the "Trial Subpoena"). The Trial Subpoena specified that I would be required to give testimony on November 27. Between November 14 and November 20, the FTC provided no update regarding their intention to call me as a trial witness. A true and correct copy of the Trial Subpoena issued on November 20 is attached hereto as Exhibit D.

17. I understand that, despite the Trial Subpoena noticing my testimony for Monday, November 27, the FTC informed outside counsel that they may permit me to give testimony on either Monday, November 27 or Wednesday, November 29. If forced to comply with the Trial Subpoena on either date, I would be burdened by needing to alter plans extremely last minute, as I only received the Trial Subpoena on November 20, 2023. Of particular—but by no means the only—concern, if made to provide testimony on November 29, I might be required to reschedule a preexisting appointment with a medical specialist for preparation for an upcoming medical procedure. If forced to reschedule this preparatory appointment scheduled for the afternoon of November 29, I understand that the subsequent procedure would similarly need to be rescheduled. Due to the limited schedule of my medical specialist, rescheduling both appointments would be extremely difficult and burdensome and result in significant delay of my medical procedure. If made to reschedule, I would likely be forced to unnecessarily delay this necessary medical procedure until sometime in early 2024.

18. Several other healthcare focused digital marketing agencies, including, for example, Publicis Groupe, CMI Media Group, McCann Health, Ogilvy Health, Area 23, Klick Health, and Saatchi & Saatchi, are based in or have a significant presence in the New York or Philadelphia metropolitan areas, within the Court's territorial subpoena power.[2] These agencies are also significantly larger than Real Chemistry and are therefore able to offer an equally if not more comprehensive picture of the relevant entities involved in and particularities of the alleged market at issue in this action.

---

[2] References to these companies are meant as illustrative and not comprehensive examples of other agencies which operate in this space.

offer an equally if not more comprehensive picture of the relevant entities involved in and particularities of the alleged market at issue in this action.

Signed under the pains and penalties of perjury this 21 th day of November, 2023.

Chuck Hemann