

November 21, 2023

**VIA ECF**

**Ivory L. Bishop, Jr.**
Direct Phone   212-908-1387
Direct Fax 646-225-5127
ibishop@cozen.com

Hon. Edgardo Ramos
United States District Court for the Southern
District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Federal Trade Commission v. IQVIA Holdings Inc.,* No. 1:23-cv-06188-ER (S.D.N.Y.)

Dear Judge Ramos:

We write on behalf of PurpleLab, Inc. ("PurpleLab"), a non-party that was subpoenaed to produce documents and testimony to the Federal Trade Commission (the "FTC") and Defendants (together, the "Parties") in the above-referenced matter. In accordance with the Court's Order, dated November 15, 2023 (ECF Dkt. 224), we have met and conferred with counsel for the Parties and have agreed to the below, pending the Court's approval, regarding the treatment of potential testimony and information produced by PurpleLab (the "Confidential Information").

The Parties have informed PurpleLab that they intend to introduce certain Confidential Information as exhibits at the hearing. They also seek to elicit certain Confidential Information from Mark Brosso, Chief Executive Officer, and Founder of PurpleLab during the hearing.

Specifically, the Confidential Information at issue is as follows:

- PX0512
- PX0574
- PX4139
- PX4140
- PX4144
- DX1894
- DX1896
- DX1896-A
- Portions of Mark Brosso's testimony

The Parties agreed to maintain the information in the above-referenced exhibits and potential testimony under seal and designated as "Confidential – Attorney's Eyes Only" pursuant to the Amended Protective Order. The Parties have further agreed, pending this Court's approval, to close the courtroom and seal the record during the portion of the hearing when the Confidential Information will be placed in the record, and that only the Parties' in-house and outside counsel

Hon. Edgardo Ramos
November 21, 2023
Page 2

_____

(and Mr. Brosso's attorney) would remain in the courtroom such that no corporate representatives remain in the courtroom during the presentation and introduction of this commercially sensitive information.

While there is a general presumption in favor of public access to judicial documents and testimony, courts may deny access to records and sources of business information that might harm a litigant's competitive standing. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 (2d Cir. 2009) (holding that a court may seal commercially sensitive information or hear the information *in camera* to protect its commercial sensitivity); *In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F.3d 379, 386 (2d Cir.2003) (holding that to protect confidential information or sensitive evidence, for example, a judge may even ask one party to appear *ex parte* to submit the evidence); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices'"); *Go SMiLE Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents filed in connection with motion for preliminary injunction where documents contained company's proprietary marketing strategies, product development, costs, and budgeting information).

PurpleLab provides advanced, real-world data-driven digital marketing services to life sciences companies. The Confidential Information indicates competitively sensitive information regarding, *inter alia*, PurpleLab's business strategies, the companies with whom it competes and collaborates, the sources of the data it uses to perform services for its customers, the methods it employs for aggregating and utilizing such data, and confidential business information about PurpleLab such as revenue, revenue growth, profitability, and customer identities..

The above referenced information is sufficiently valuable and confidential that its disclosure would result in serious competitive harm to PurpleLab. Accordingly, PurpleLab hereby respectfully requests that this Court:

1. Seal and grant *in camera* treatment to the Confidential Information and any subsequent testimony regarding these exhibits or elicited from witnesses at the hearing in which information the Confidential Information is raised,

2. Order that the information remains subject to a "Confidential – Attorney's Eyes Only" designation pursuant to the Amended Protective Order, and

3. Order that only the Parties' (and Mr. Brosso's) counsel remain in the courtroom such that no corporate representatives shall remain in the courtroom during the presentation and introduction of the Confidential Information.

Additionally, the Parties have agreed not to seek to elicit any testimony from Mr. Brosso regarding:

1. the names and identities of Purple Lab's customers that are masked on any of the exhibits or information that would reveal the names and identities of the masked customers;

Hon. Edgardo Ramos
November 21, 2023
Page 3

_____

2. the source of any non-public data that PurpleLab has acquired, although testimony about the types of entities from which PurpleLab obtains data is permitted;

3. the amount of money PurpleLab spends to acquire data, either from a specific source or in the aggregate, although testimony generally about the cost of certain types of data in the industry is permitted; and

4. information regarding PurpleLab's market valuation, including but not limited to its valuation at the time of its most recent investment by outside parties.

PurpleLab respectfully requests that the Court also enter an Order memorializing this agreement before Mr. Brosso testifies or any of the Confidential Information is entered into evidence.

Dated: November 21, 2023

    Respectfully Submitted,

    COZEN O'CONNOR


By:    /s/ Ivory L. Bishop, Jr.
        Ivory L. Bishop, Jr.