Anna M. Rathbun
Direct Dial: 202-637-3381
Email: anna.rathbun@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

November 26, 2023

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:   *Federal Trade Commission v. IQVIA Holdings Inc. and Propel Media, Inc.*, No. 1:23-cv-06188-ER (S.D.N.Y.): Letter-Motion to Seal and for *In Camera* Treatment

Dear Judge Ramos:

We represent non-party, Komodo Health, Inc. ("Komodo"), in the above-captioned action. Pursuant to the September 26, 2023 Amended Protective Order at Dkt. No. 153 (the "Amended Protective Order") and the November 16, 2023 Pre-Hearing Order at Dkt. No. 230 (the "Pre-Hearing Order"), Komodo respectfully submits this letter-motion to seal the courtroom and record of trial testimony at the upcoming hearing (the "Hearing") on November 27, 2023; and (ii) for *in camera* treatment for the exhibits that the FTC and counsel for Defendants (the "Parties") have informed Komodo will be introduced at the Hearing.

On November 26, 2023, the Parties and counsel for Komodo held a meet and confer to discuss the testimony of CEO of Komodo, Dr. Arif Nathoo, and the Parties' list of exhibits for the Hearing. The list of exhibits includes documents produced by Komodo in response to subpoenas by the Parties: (i) Komodo_00000001, (ii) Komodo_00000006, (iii) Komodo_00000013, (iv) Komodo_00000048, (v) Komodo_00000099, (vi) Komodo_00000103, (vii) Komodo_00000202, and (viii) Komodo_00000244; as well as the transcripts from Komodo's investigative hearing and 30(b)(6) deposition (collectively the "Confidential Exhibits").[1] These Confidential Exhibits were previously designated as Confidential Information pursuant to the Amended Protective Order.

During the meet and confer, the Parties and Komodo agreed to seal the courtroom and record, subject to this Court's approval, of Dr. Nathoo's testimony at the Hearing and the

---

[1] If the Court would like to review the designated documents and testimony, Komodo will submit these documents under seal in a separate filing.

LATHAM&WATKINSLLP

Confidential Exhibits. The Parties and Komodo have also agreed that if the Court is willing to seal the courtroom during Dr. Nathoo's testimony, Komodo will allow in house counsel to be present, subject to the Parties' agreement regarding the treatment of certain exhibits at the Hearing.[2] The Parties and Komodo have agreed that no corporate representatives will remain in the courtroom during Dr. Nathoo's testimony.

I. Komodo's Testimony and Exhibits Contain Confidential Information

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Commercially sensitive documents may be protected from public disclosure, and documents revealing "business information that might harm a litigant's competitive standing" are the quintessential type of materials that courts protect because their disclosure can result in injury. *Id.* at 598; *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (holding that records that help "competitors seeking an advantage over rivals" may be properly sealed); *U.S. v. IBM*, 163 F.3d 737, 739 n.3 (2d Cir. 1998) (holding in an antitrust case that strategic planning documents were to be filed under seal).

The Parties have stated that, at the Hearing, they intend to raise topics and documents which contain commercially sensitive information from Komodo that have not been published to competitors, or to the public. This includes: (i) information related to Komodo's confidential future strategy, business relationships, products, and analyses, and (ii) financial data related to Komodo's business and its customers. Komodo_0000001, Komodo_000006, Komodo_0000013, Komodo_0000048, Komodo_0000099, Komodo_0000103 includes confidential and competitively sensitive information regarding Komodo's business relationships and future strategies. Komodo_0000202 and Komodo_0000244 contain confidential and competitively sensitive financial data. The designated portions of the investigative hearing and deposition transcripts discuss these same confidential topics.

II. Komodo is a Non-Party With Significant Privacy Interests

"[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents. *Amodeo*, 71 F.3d at 1050-51 (stating that ["the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (quoting *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))." "Disclosure of internal financial analyses could reveal proprietary analysis and provide competitors with an unearned advantage." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, WL 3264264, at *3 (finding that the non-parties' interests in protecting their proprietary business information outweighed the public's right of access because disclosure revealed private information while providing little value to the monitoring of the federal courts"); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (protecting non-party internal pricing strategies and competitive pricing data).

---

[2] The Parties have agreed that certain exhibits will be redacted, and certain exhibits will not be published to in-house counsel during the Hearing.

LATHAM & WATKINS LLP

Considering Komodo's status in this action as a non-party, Komodo's significant interest in keeping this information confidential, and the agreement between the Parties and Komodo, Komodo seeks to seal the courtroom for Dr. Nathoo's testimony and seeks *in camera* treatment for Komodo's Confidential Exhibits at the Hearing. The Hearing testimony and Confidential Exhibits contain proprietary information related to Komodo's business strategy, products, and pricing strategies, and public disclosure would unfairly disadvantage Komodo against its competitors, while providing little value to the advancement of the Hearing.

III.  Conclusion

For these reasons and pursuant to the Amended Protective Order and the Pre-Hearing Order, Komodo respectfully request that the above listed documents, transcripts with Confidentiality Designations (attached hereto as Exhibits A and B) be granted *in camera* treatment by the Court, and that the courtroom and record be sealed for the Hearing testimony of Dr. Nathoo.

Respectfully submitted,

*/s/ Anna M. Rathbun*
Anna M. Rathbun (*pro hac vice* pending)
of LATHAM & WATKINS LLP

cc:   All Counsel of Record (via ECF)