**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600  
Washington, DC 20036  
+1 202 682 7000 tel  
+1 202 857 0940 fax  

**Chantale Fiebig**  
+1 (202) 682-7200  
Chantale.Fiebig@weil.com

November 26, 2023

Hon. Edgardo Ramos  
Courtroom 619  
United States District Court, S.D.N.Y.  
40 Foley Square  
New York, NY 10007

Re: *Federal Trade Commission v. IQVIA Holdings Inc. et al.*, Case No. 1:23-cv-06188-ER

On behalf of IQVIA, I am responding to the letter-motion to seal filed by non-party Veeva Systems, Inc. on November 26 (ECF No. 262). Unlike every other witness that has appeared thus far at the evidentiary hearing, Veeva was unwilling to agree to an approach to sealed testimony. Instead, it apparently seeks a blanket sealing order, precluding not only the public but also IQVIA's in-house counsel and corporate representative from hearing any of the testimony of the Veeva witness. IQVIA has no choice but to object as it cannot be in a position where the government offers testimony against it that no one inside the company is permitted to hear in order to provide real time guidance to outside counsel on shaping the company's defense.

This proceeding has involved substantial amounts of confidential information, both from IQVIA and from third parties, and the parties – with the Court's approval – have adopted a procedure for addressing confidentiality issues as they arise at trial. The Pre-Hearing Order, as adopted by the Court, sets forth a multi-stage process for notification and agreement regarding the introduction of potentially confidential documents and testimony. *See* ECF No. 224 at 2-3.

Other than Veeva, IQVIA has been able to reach an agreement on sealing issues with every non-party that has testified thus far (and hopes to do so with respect to the remaining witnesses as well). We regret that Veeva was unwilling to make similar arrangements, choosing to file a contested motion instead.

Veeva has partially complied with the Pre-Hearing Order by proposing redactions to the documents identified by the parties for possible use with the witness. IQVIA has no objection to these proposals. Nor does IQVIA object to sealing the courtroom, if necessary, for testimony regarding the specific redacted information. But, that is not what Veeva is requesting.

Honorable Edgardo Ramos
November 26, 2023
Page 2

**Weil, Gotshal & Manges LLP**

Veeva's letter-motion is unequivocal: It wants "exactly what the Parties afforded to non-party PulsePoint earlier in the proceeding." ECF No. 262 at 2. As the Court will recall, other than some preliminaries, all of the PulsePoint testimony was taken under seal, with counsel for the witness providing redactions subsequently. That arrangement was based on special considerations unique to that witness and the stage of the proceeding. Moreover, the PulsePoint experiment proved unwieldy and would create insurmountable logistical challenges in the second and final week of the evidentiary hearing. For these reasons and others, IQVIA has not agreed – and will not agree – to a similar arrangement for any other witness.

The PulsePoint arrangement was an accommodation that, absent agreement by the parties, is not permitted by the Pre-Hearing Order – which provides that "parties and non-parties will endeavor to address confidentiality in a narrowly tailored way to avoid sealing the courtroom, including by showing the public redacted documents, showing witnesses documents but not the public (in order to avoid sealing the courtroom), and structuring testimony to either avoid eliciting confidential information or addressing all confidential information at the start or end of an examination." ECF No. 224 at 3.

Most of the Veeva testimony will not involve confidential information. For example, based on the deposition testimony, we expect the Veeva witness to testify about IQVIA's data products as well as IQVIA's decision to deny certain TPA requests relating to Veeva. That is information about IQVIA, not Veeva, and there is no basis for excluding IQVIA's in-house counsel from such testimony. More generally, Veeva has identified no anticipated testimony that would result in prejudice if heard by in-house counsel for IQVIA. As the Court is aware from previous submissions, in-house counsel are intimately involved in managing the litigation, including making real-time decisions regarding trial strategy. They need to hear the witness testimony in order to defend their client and assist outside counsel. Excluding in-house counsel from testimony about IQVIA would prejudice IQVIA by preventing the company from even knowing any allegations made against it by Veeva.

Moreover, Veeva is differently situated than any other third party in this proceeding. IQVIA and Veeva are involved in several lawsuits against each other. IQVIA's outside counsel in this proceeding are not representing the company in those other cases. Accordingly, in-house counsel – who are permitted to see confidential information under the protective orders in those other cases – are particularly well-situated to assess the veracity and consistency of the testimony offered in this case, some of which is expected to involve Veeva's litigation conduct in those other cases.

To be clear, IQVIA respects confidential information (including Veeva's). IQVIA does not object to Veeva's proposed documentary redactions. But, IQVIA cannot agree to Veeva's blanket proposal to seal the courtroom (including excluding IQVIA's in-house counsel) for all substantive testimony, which is what its letter-motion is requesting.

Honorable Edgardo Ramos
November 26, 2023
Page 3

**Weil, Gotshal & Manges LLP**

   Instead, IQVIA respectfully submits that only those portions of the testimony that actually refer to Confidential Information (as defined in the Protective Order) should be sealed; IQVIA will confine its questions on such subjects, if any, to either the beginning or end of its examination and expects the FTC to do the same. Otherwise, IQVIA's designated in-house counsel may remain in the courtroom. This process, which is expressly contemplated by the Pre-Hearing Order (*see* ECF No. 224 at 2-3), has worked for other witnesses in this situation and there is no basis to treat Veeva any differently.

         Respectfully submitted,

         */s/ Chantale Fiebig*

         Chantale Fiebig