**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(202) 223-7482

WRITER'S DIRECT FACSIMILE

(202) 204-7388

WRITER'S DIRECT E-MAIL ADDRESS

jsoven@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

November 27, 2023

**BY ECF**

Hon. Edgardo Ramos
United States District Court Judge
United States District Court Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

*Federal Trade Commission* v. *IQVIA Holdings Inc.*, No. 1:23-cv-06188-ER (S.D.N.Y.)

Dear Judge Ramos:

On behalf of non-party Veeva Systems, Inc. ("Veeva"), we write in reply to IQVIA's letter regarding Veeva's request for sealing.[1]

---

[1] *Federal Trade Commission* v. *IQVIA Holdings Inc.*, No. 1:23-cv-06188-ER, ECF No. 265 (S.D.N.Y. Nov. 26, 2023).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Contrary to the suggestions in IQVIA's letter, the dispute between Veeva and IQVIA regarding the sealing of Mr. Asaf Evenhaim's testimony is narrow. Veeva agrees with IQVIA that much of the anticipated testimony from Mr. Evenhaim may be public, including, among other things, any potential testimony from Mr. Evenhaim about the ways that IQVIA has blocked Veeva from competing and denied TPA agreements to Veeva to thwart competition. Veeva is not seeking a broad approach to sealing and Veeva is certainly not seeking to seal any testimony about IQVIA or its anticompetitive business practices. Veeva has carefully designated as highly confidential only discrete portions of *its own* documents concerning *its own* customer data and *its own* business strategy. For this limited subset of highly confidential data, Veeva further agrees that any testimony from Mr. Evenahim should be presented at the end of Mr. Evenahim's testimony so as to minimize any burden on the Court, IQVIA and the FTC.

The only narrow area of disagreement here concerns whether—during those limited portions at the end of Mr. Evenhaim's testimony that concern Veeva's most proprietary and competitively sensitive commercial data—IQVIA personnel should be able to attend live and gain access to IQVIA's competitive data, or instead be provided with narrowly tailored redacted transcripts and exhibits as soon as possible immediately following the testimony. IQVIA previously agreed with PulsePoint to follow a similar procedure and allow access only at the conclusion of the testimony, and that same arrangement should be followed here.

IQVIA's only attempted justification for not agreeing with Veeva is that the PulsePoint arrangement was based on "special considerations unique to that witness and the stage of the proceeding,"[2] but IQVIA never says what those considerations actually are. And for good reason. We suspect IQVIA is trying to deny the same accommodation to Veeva because Veeva, unlike PulsePoint, has brought claims against IQVIA for monopolization and other unfair business practices, which are currently being litigated in the United States District Court for the District of New Jersey.[3]

The fact is that Veeva and IQVIA compete for similar customers across several different business lines, and allowing IQVIA's in-house personnel to see Veeva's proprietary customer data and future business plans would risk compromising "business information that might harm [Veeva's] competitive standing." *Nixon* v. *WarnerCommc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also United States* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (holding that records that help "competitors seeking an advantage over rivals" may be properly sealed).

Veeva respectfully submits that there is no meaningful harm to IQVIA from allowing Mr. Evenhaim to testify live without IQVIA's in-house personnel present,

---

[2] *FTC* v. *IQVIA*, ECF No. 265 at 2.
[3] *IQVIA Inc.et al* v. *Veeva Systems, Inc.*, No. 2:17-cv-00177 (D.N.J.).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

then quickly prepare a set of redacted transcripts and exhibits that IQVIA's in-house personnel can review.

We stand ready to address these issues at Your Honor's convenience.

Respectfully submitted,

/s/ Joshua Soven

Joshua Soven

cc: All parties (by ECF)