

mwe.com

Elai Katz
Attorney at Law
ekatz@mwe.com
+1 212 547 5791

November 27, 2023

**VIA ECF**

Honorable Judge Edgardo Ramos
U.S. District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 1007
(212) 805-0294
Courtroom 619

Re:   *FTC v. IQVIA Holdings Inc. and Propel Media, Inc.*, Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

Pursuant to Section 3(ii) of Your Honor's Individual Practices for Civil Cases, Section 11 of the Amended Protective Order (ECF 153), and Section I(f) of the Court's November 16, 2023 Pre-Hearing Order (ECF 230), non-party AdTheorent, Inc. ("AdTheorent") respectfully submits this letter-motion seeking an Order granting *in camera* treatment of confidential information contained in documents and anticipated testimony.

By way of background, the Federal Trade Commission (the "FTC") intends to call James Lawson, AdTheorent's CEO, to testify at the hearing on November 28, 2023. In anticipation of Mr. Lawson's trial testimony, on November 26, 2023, the FTC and counsel for IQVIA Holdings Inc. ("IQVIA") (together, the "Parties) informed AdTheorent that they intend to use certain exhibits at trial that contain AdTheorent's utmost confidential and sensitive business information, the public disclosure of which would harm AdTheorent. On November 27, 2023, counsel for the FTC, Defendants, and AdTheorent met and conferred regarding appropriate steps to ensure the proper treatment of AdTheorent's confidential information contained in documents and anticipated testimony.

In particular, the Parties have notified AdTheorent that they intend to introduce into evidence at the hearing in this matter two documents that AdTheorent produced, among others, in response to third-party subpoenas from the Parties and which contain AdTheorent's confidential and sensitive business information. In addition, the Parties plan to introduce two transcripts, portions of which AdTheorent has designated as Confidential under the Amended Protective Order (ECF 153) and Highly Confidential due to AdTheorent's heightened concern of disclosure of highly sensitive business information. AdTheorent's



One Vanderbilt Avenue  New York NY 10017-3852  Tel +1 212 547 5400  Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

designation of materials and testimony in this matter as "Highly Confidential" indicates that the materials should be afforded all the protections to which materials designated as "Confidential" are entitled under the Amended Protective Order with the additional restriction that AdTheorent does not consent to disclose the materials to any IQVIA employees, including three designated in-house counsel—Maureen Nakly, John O'Tuel, and Harvey Ashman (collectively, "IQVIA IHC").

AdTheorent requests *in camera* treatment of these two documents in their entirety and portions of the two transcripts. AdTheorent also requests that any trial testimony related to the Confidential Documents and related topics be granted *in camera* treatment in accordance with the limitations set forth below.

### The Documents for Which Protection is Sought

AdTheorent seeks *in camera* treatment of the entirety of the following documents, which AdTheorent has designated as Highly Confidential:

| Begin Bates | End Bates | Document Description | Date |
|---|---|---|---|
| *Both Parties' Potential Exhibits* | | | |
| ADTHEORENT_00000001/DX0130 | ADTHEORENT_00000001/DX0130 | AdTheorent Revenue Data | 2022 - 2023 |
| ADTHEORENT_00000002/DX0131 | ADTHEORENT_00000006/DX0131 | AdTheorent Healthcare Competitive Analysis | Q1 2023 |

AdTheorent seeks *in camera* treatment of portions of the following materials, which AdTheorent has designated as Confidential or Highly Confidential in accordance with AdTheorent's prior Confidentiality Designations provided to the Parties in this matter (Exhibits A and B, respectively):

| Begin Bates | End Bates | Document Description | Date |
|---|---|---|---|
| *Federal Trade Commission's Potential Exhibits* | | | |
| PX0502-001 | PX0502-030 | James Lawson's Investigational Hearing Transcript | Apr. 10, 2023 |
| *Both Parties' Potential Exhibits* | | | |
| PX0570-001 | PX0570-046 | James Lawson's Deposition Transcript | Oct. 18, 2023 |

### AdTheorent's Documents and Transcripts Contain Highly Confidential and Sensitive Information such that Disclosure Would Result in Harm to AdTheorent and Its Clients

AdTheorent respectfully requests that the Court protect from public disclosure: (i) its internal corporate strategic assessments and certain other business documents containing confidential and proprietary business information; and (ii) the highly sensitive and confidential information that AdTheorent CEO, James Lawson, disclosed in his Investigational Hearing and Deposition in this matter. AdTheorent's confidentiality designations and request for *in camera* treatment of these materials are consistent with the Second Circuit's recognition that the right of public access to judicial documents is



not absolute, and that the "court must balance competing considerations" and seal documents where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

These documents contain confidential, proprietary information, including internal assessments and business strategy on competition, and highly sensitive and confidential client and data source information. The disclosure of these materials would put AdTheorent, a non-party in this matter, at a competitive disadvantage and warrants sealing. *See Kewazinga Corp.* v. *Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("The demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents."); *see also Lexington Furniture Industries, Inc.* v. *Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

### Testimony for Which Protection is Sought

During Mr. Lawson's testimony, AdTheorent respectfully requests that the court be sealed from the public for the following categories of sensitive, confidential information: non-public financial information, including projections; non-public and future strategy, business relationships, products, and analyses; and identification of specific names of AdTheorent customers, campaigns, or data providers. For the purposes of live testimony, AdTheorent is not opposed to IQVIA's IHC remaining in the court room during sealed testimony related to these topics except, however, AdTheorent requests that IQVIA's IHC not be present in the court room during any testimony regarding the following narrow categories, which contain AdTheorent's most highly sensitive business information: specific names of customers, campaigns, and data providers.

### Conclusion

Neither the FTC nor Defendants object to granting *in camera* treatment of the Confidential Documents, which contain AdTheorent's Confidential and Highly Confidential Information, with the understanding that IQVIA'S IHC can remain in the court room for the use of or testimony regarding these materials. However, to the extent there is testimony that requires Mr. Lawson to disclose specific names of AdTheorent customers, campaigns, or data providers, the Parties have agreed that IQVIA's IHC will not be present in the court room. Additionally, AdTheorent and the Parties have agreed that IQVIA's IHC will not be permitted to review or be granted access to the two documents (DX0130 and DX0131) and portions of the two transcripts which contain AdTheorent's Highly Confidential Information.

Therefore, for the aforementioned reasons, AdTheorent respectfully requests that this Court grant its motion to provide *in camera* treatment to two documents in their entirety and portions of two transcripts, in addition to sealing the court room from the public for testimony relating to the previously listed categories of AdTheorent's confidential business information. AdTheorent also respectfully requests that the Court grant its motion to exclude IQVIA's IHC from access to narrow categories of Mr.



Honorable Judge Edgardo Ramos
November 27, 2023
Page 4

Lawson's testimony, to the extent he is asked about those categories, and certain AdTheorent documents as outlined above.

                                              Respectfully submitted,

                                               /s/ Elai Katz
                                              Elai Katz

