

RUSSELL STEINTHAL
114 W 47TH STREET
NEW YORK, NY 10036
212.728.2207
RSTEINTHAL@AXINN.COM

November 28, 2023

**VIA ELECTRONIC CASE FILING**

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***Federal Trade Commission v. IQVIA Holdings, Inc.,*** **No. 1:23-cv-06188-ER (S.D.N.Y.)**
       Unopposed Motion to Seal Select Documents by Non-Party Google, LLC

Dear Judge Ramos:

We write as counsel on behalf of non-party Google, LLC ("Google") to respectfully request sealing and redacted treatment of certain Google documents and materials, previously designated as Confidential under the Court's Amended Protective Order, ECF No. 153, which the parties to the above-referenced action have notified Google are on their respective trial exhibit lists, in accordance with this Court's Individual Practice Rule 3(ii).  No party opposes Google's requested relief.

As background, we understand that IQVIA Holdings, Inc. ("IQVIA") intends to call Google employee Samuel Temes to testify at the hearing on November 29, 2023. In anticipation of Mr. Temes's testimony, on November 27, 2023, the Federal Trade Commission ("FTC") and IQVIA (together, the "Parties") informed Google of the documents the Parties intend to use at the hearing that contain Google's Confidential Information.  On November 28, 2023, counsel for the FTC, IQVIA, and Google met and conferred regarding appropriate steps to ensure the proper treatment of Google's Confidential Information and reached an agreement described in this letter.

Specifically, the Confidential Information at issue is embedded in the documents listed below:

- DX0101 (GOOG-IQVIA-00001695)
- DX0544 (GOOG-IQVIA-00000843)
- DX0543 (GOOG-IQVIA-00000805)
- DX0547 (GOOG-IQVIA-00001066)
- DX0546 (GOOG-IQVIA-00001031) at 1040, 1044, 1046-62
- DX0548 (GOOG-IQVIA-00001127)
- DX0549 (GOOG-IQVIA-00001214) at 220-22, 224-34, 239

- DX0550 (GOOG-IQVIA-00001242)
- DX2085 (GOOG-IQVIA-00001164)

Google respectfully submits that good cause exists to maintain those documents under seal and to close the courtroom during any discussion of the Confidential Information contained therein, with only in-house and outside counsel to the Parties (but not non-lawyer corporate representatives) and Google being permitted to remain in the gallery. Although there is a general presumption in favor of public access to judicial documents, "courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)); *see also Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 U.S. Dist. LEXIS 62974, at *17 (S.D.N.Y. Mar. 31, 2021) (allowing redaction of confidential information, disclosure of which would harm defendants or advantage its competitors).

Here, the Confidential Information referenced above contains highly sensitive business information. More specifically, the introduced exhibits consist of Google's monthly and annual revenues in various verticals and sub-verticals, data regarding the company's competitive wins and losses, various platforms' costs and fees, information on the competitive landscape, future planning and projections, and confidential information about particular clients and Google's commercial strategies for seeking their business.

Google respectfully submits that this information is sufficiently valuable and confidential that its disclosure would result in a serious competitive harm to Google. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.,* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices'"); *Go SMiLE Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents filed in connection with motion for preliminary injunction where documents contained company's proprietary marketing strategies, product development, costs, and budgeting information).

During the meet and confer on November 28, 2023, counsel to the FTC and IQVIA indicated that the parties do not oppose Google's application as described above.

To the extent either Party seeks to introduce additional documents previously designated by Google as containing Confidential Information that were not included in the Parties' November 27 disclosure, Google respectfully requests the opportunity to be heard prior to such documents being published to the gallery or filed on the public docket. The undersigned expects to be present in the courtroom during Mr. Temes' testimony to address any such questions that might arise.

Google thanks the Court for its consideration in this matter.

3

Respectfully submitted,

/s/ Russell Steinthal
Russell Steinthal (RS 1650)
114 West 47th Street, 22nd Floor
New York, NY 10036
Tel: 212.728.2207
Fax: 212.261.2201

*Counsel for Non-Party Google, LLC*

cc: All counsel of record (via ECF)