# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

| | |
|---|---|
| *Phone:* | *(212) 885-5345* |
| *Fax:* | *(917) 332-3736* |
| *Email:* | *Andrew.hambelton@blankrome.com* |

November 29, 2023

**VIA ECF**

Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *Federal Trade Commission v. IQVIA Holdings Inc., et al.*,
               Case No. 1:23-cv-06188-ER

Dear Judge Ramos:

      This firm represents HealthVerity, Inc. ("HealthVerity") and Andrew Kress, HealthVerity's CEO, nonparties that were subpoenaed and have produced information in the above-referenced matter. Mr. Kress is expected to be called as a witness in this matter on November 30, 2023, and we have been informed by counsel for Defendant IQVIA Holdings, Inc. ("IQVIA") that certain confidential information of HealthVerity may be introduced at the hearing or elicited during Mr. Kress' testimony. Accordingly, we write in accordance with the Court's Order dated November 15, 2023 (ECF No. 224). Per the Order, we have met and conferred with counsel for the Federal Trade Commission (the "FTC") and Defendants today and have agreed to the below sealing procedure, pending the Court's approval, regarding the treatment of HealthVerity's confidential information that may be introduced or elicited via testimony at the hearing (the "Confidential Information").

      The Confidential Information of HealthVerity at issue is embedded in the documents listed below and includes any potential testimony related to the information contained in the below documents:

- Exhibit PX4078- HealthVerity000001 ("HealthVerity000001").

- Exhibit PX0562 - Mr. Kress's October 18, 2023 deposition transcript: page 93, line 2 <u>through</u> page 96, line 20, as well as page 99, lines 9-13 ("Kress Deposition Transcript").

BLANKROME

Hon. Edgardo Ramos, U.S.D.J.
November 29, 2023
Page 2

During the meet and confer today, the parties agreed to maintain this information and potential testimony under seal and designated as "Confidential – Attorney's Eyes Only" pursuant to the Amended Protective Order. The parties have further agreed, pending this Court's approval, to seal the courtroom and record during the portion of the hearing when the Confidential Information will be placed in the record, and that only the parties' in-house and outside counsel would remain in the courtroom such that no corporate representatives remain in the courtroom during the presentation and introduction of this potential evidence.

HealthVerity and Mr. Kress respectfully submit that this information is sufficiently valuable and confidential such that the agreed to sealing procedure is warranted because HealthVerity000001 contains highly confidential information consisting of HealthVerity's annual revenue and projected revenue for the years 2020 through 2023, as well as a breakdown of these figures across the various business segments in which HealthVerity operates. The document also contains bullet points reflecting HealthVerity's assessment of these figures. The related deposition testimony at issue arises from questions posed to Mr. Kress, who testified in his personal capacity and as HealthVerity's corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6). Mr. Kress testified about the contents of HealthVerity000001, including, *inter alia*, how HealthVerity's revenue is broken down, HealthVerity's total revenue in 2021, and what portions of HealthVerity's revenue is attributable to particular activities.

HealthVerity's and Mr. Kress' request is consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Additionally, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).

Here, while the subject documents and testimony constitute "judicial documents," "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records which could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed). Public access to the document and testimony at issue would provide insight into HealthVerity's financial strength, competitive process, and

# BLANKROME

Hon. Edgardo Ramos, U.S.D.J.
November 29, 2023
Page 3

mental impressions concerning its potential business. As a non-party, HealthVerity is entitled to the protection of this narrowly-tailored confidential information, the disclosure of which would result in serious competitive harm to HealthVerity.

For the foregoing reasons, HealthVerity and Mr. Kress respectfully request that this letter-motion be granted in its entirety and an Order be issued: (1) sealing and granting *in camera* treatment of the Confidential Information and any testimony concerning the exhibits or elicited from witnesses concerning the same subject matter at the hearing; (2) ruling that the Confidential Information remains subject to a "Confidential – Attorneys' Eyes Only" designation pursuant to the Amended Protective Order; and (3) sealing the courtroom such that only inside and outside counsel for the parties, and no corporate representatives, shall remain in the courtroom during the presentation and introduction of this potential evidence.

Respectfully submitted,

*/s/ Andrew T. Hambelton*

Andrew T. Hambelton

cc:   All counsel Record