**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

December 7, 2023
VIA CM/ECF

**Chantale Fiebig**
+1 (202) 682-7200
Chantale.Fiebig@weil.com

Honorable Edgardo Ramos
Courtroom 619
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007
Tel (212) 805-0294

Re: *FTC v. IQVIA Holdings Inc. and Propel Media, Inc.*, Case No.: 1:23-cv-6188 (S.D.N.Y.); Letter Motion to File Proposed Findings of Fact and Conclusions of Law Under Seal

Dear Judge Ramos:

Pursuant to this Court's Rule of Individual Practice 3(ii), Defendant IQVIA Holdings Inc. ("IQVIA") respectfully submits this letter motion requesting that *Defendants' Proposed Findings of Fact and Conclusions of Law* ("Post-Trial Brief") be filed entirely under seal, with a public redacted version to follow no later than December 15, 2023. This course of action is consistent with the plan agreed upon by the parties, and which the court approved, on December 1, 2023. *See* Trial Transcript 1343:3–6 ("THE COURT: … I'm happy to wait a couple of weeks for the ultimate unsealing of whatever can be unsealed on the public record, but it should not be much, much more than that."). Redactions in the publicly filed version will correspond to material that has been designated as Confidential Information under this Court's Amended Protective Order, Dkt. No. 153.

Filing such materials under seal is consistent with precedent in the Second Circuit and the District Court concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

While the Post-Trial Brief is a judicial document, the presumption of public access is of less weight where the party seeks to seal information that has already been designated confidential. Furthermore, under Paragraph 10 of the Amended Protective Order, Dkt. No. 153, when a party files materials that have been designated as Confidential Information, "the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal."

For the reasons stated above, IQVIA respectfully moves this Court for an order permitting the Post-Trial Brief to be filed fully under seal, with a publicly filed redacted version to be filed no later than December 15.

          Sincerely,

          */s/ Chantale Fiebig*

          Chantale Fiebig