UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                *Plaintiff,*<br><br>   vs.<br><br>IQVIA HOLDINGS INC.,<br><br>and<br><br>PROPEL MEDIA, INC.,<br><br>                *Defendants.* | Civil Action No.  1:23-cv-06188-ER<br><br>Hon. Edgardo Ramos |

**MEMORANDUM OF LAW IN SUPPORT OF THE COALITION FOR HEALTHCARE COMMUNICATION'S MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

The Coalition for Healthcare Communication ("CHC") hereby respectfully requests leave to file a brief as amicus curiae in support of Defendants IQVIA Holdings Inc. and Propel Media, Inc.

CHC consists of healthcare advertising, publishing and communications companies, and advertising trade associations focused on providing medical-related content.  This membership constitutes a diverse range of interests and includes entities deeply familiar with all aspects of the digital advertising ecosystem.  CHC therefore has a sophisticated perspective on the advertising industry and the rise of digital programmatic advertising—i.e., the automated process, facilitated by various services and technologies, of buying and selling the ad inventory of digital publishers.  As here, CHC has previously appeared as amicus in cases of great importance and public interest to offer the insight of its members.  *See* Brief for the Coalition for Healthcare Communication et al. as Amici Curiae Supporting Respondent, *Sorrell v. IMS Health, Inc.*, 564 U.S. 552 (2011) (No.

10-779); Brief for the Coalition for Healthcare Communication as Amicus Curiae Supporting Petitioners, *IMS Health, Inc. v. Ayotte*, 557 U.S. 936 (2009) (mem.) (No. 08-1202).

The FTC's attempt to enjoin IQVIA's proposed acquisition of Propel Media implicates the digital advertising industry. An understanding of programmatic advertising, however, is crucial to the Court's evaluation of the facts informing the legal determination of the relevant market at issue here. CHC thus seeks to offer its real-world insight into the industry based on its members' experiences, which span the entire digital "ad tech stack" and include both buyers and sellers of digital ads. Because of its understanding of each individual component that enables programmatic advertising, CHC believes it is well positioned to provide the Court an understanding of the industry that can usefully assist its assessment of the proposed market definition advanced by the FTC in this action.

"District courts have broad discretion to permit or deny an appearance as amicus curiae." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (citation omitted). But an amicus should "normally be allowed" to participate when it "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *C&A Carbone, Inc. v. County of Rockland*, No. 08-cv-6459, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) (citation omitted), or when its brief "will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs,'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also L&M Bus Corp. v. Bd. of Educ. of City Sch. Dist. of N.Y.C.*, No. 18-cv-1902, 2018 WL 1782709, at *6 (E.D.N.Y. Apr. 12, 2018) (granting leave to participate as amicus because there was "some chance that [the movant] w[ould] be able to add an important perspective to this complicated case").

Industry expertise is a particularly helpful perspective because an amicus's "insights into the market" can "help[] ensure that there has been 'a complete and plenary presentation of difficult issues.'" *C&A Carbone, Inc.*, 2014 WL 1202699, at *4 (quoting *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)).

CHC respectfully submits that its proposed brief meets this standard. CHC's proposed amicus brief, attached as Exhibit A to the accompanying Declaration of Kwaku A. Akowuah, focuses on the critically important digital programmatic advertising market underlying this litigation and at the heart of the parties' arguments. CHC strives to help both medical professionals and consumers receive credible, accessible, and high-quality medical information, which improves patient care by enabling the effective use of prescription drugs and medical products. Digital programmatic advertising is highly relevant to this goal, so CHC has a significant interest in and valuable understanding of this advertising process, its component parts, and the market.

CHC certifies that no counsel for any party authored this brief in whole or in part and that no entity or person, other than the amicus curiae, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief. Defendant IQVIA is a current member of CHC.

Defendants have consented to the filing of CHC's amicus brief. On December 7, 2023, counsel for CHC contacted counsel for the FTC to obtain their position, but did not receive a response prior to filing this motion.

## CONCLUSION

For the foregoing reasons, CHC respectfully requests that this Court grant its motion for leave to file in this case the amicus brief attached as Exhibit A to the accompanying Declaration of Kwaku A. Akowuah.

Dated: December 7, 2023

        Respectfully submitted,

        **SIDLEY AUSTIN LLP**

By: */s/ Kwaku A. Akowuah*

    Michael D. Mann
    mdmann@sidley.com
    Benjamin R. Nagin
    bnagin@sidley.com
    787 Seventh Ave.
    New York, NY 10019
    Tel: (212) 839-5300

    Carrie C. Mahan*
    carrie.mahan@sidley.com
    Kwaku A. Akowuah
    kakowuah@sidley.com
    Alaric R. Smith**
    alaric.smith@sidley.com
    1501 K St. N.W.
    Washington, D.C. 20005
    Tel: (202) 736-8000

    *Counsel for Amicus Curiae the Coalition for Healthcare Communication*

\* *Application for admission pro hac vice forthcoming*
\*\* *Application for admission forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2023, I filed the foregoing via ECF, which will electronically notify all counsel of record:

/s/ *Kwaku A. Akowuah*