IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION. <br><br> Plaintiff, <br><br> v. <br><br> IQVIA HOLDINGS INC., <br><br> and <br><br> PROPEL MEDIA, INC. <br><br> Defendants. | CASE NO.: 1:23-cv-06188-ER |

**TECHFREEDOM'S MOTION FOR LEAVE TO FILE
AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS**

TECHFREEDOM respectfully moves for leave to file the attached brief in support of Defendants. In support of this motion, TechFreedom states as follows:

1. TechFreedom is a nonprofit, nonpartisan think tank based in Washington, D.C.

2. TechFreedom has an interest in ensuring that antitrust law enforcement promotes the public interest by protecting efficient and welfare enhancing conduct from liability under the antitrust and other competition laws.

3. TechFreedom's employees have extensive expertise with the laws enforced by the Federal Trade Commission.

4. TechFreedom frequently comments on significant competition issues in the United States. For example, it recently provided comments on the U.S. Department of Justice ("DOJ") and Federal Trade Commission ("FTC") Draft Revised Merger Guidelines and the DOJ and FTC Request for Information on

Merger Enforcement. *See* Comments of TechFreedom, In the Matter of Draft Merger Guidelines (Sep. 18, 2023); Comments of TechFreedom, In the Matter of Request for Information on Merger Enforcement (Apr. 21, 2022).

5. TechFreedom regularly submits amicus briefs in federal court cases, including in antitrust merger matters. *See, e.g.,* Amicus Curiae Brief of TechFreedom, *FTC v. Microsoft Corp.* (9th Cir. Sept. 13, 2023); Amicus Curiae Brief of TechFreedom, *Illumina, Inc. v. FTC*, No. 23-60167 (5th Cir. June 12, 2023).

6. TechFreedom's staff regularly publish on the application of economics and antitrust law to the operation of a "platform." *See, e.g.*, Bilal Sayyed, *Revival of The Essential Facility Doctrine in Not Essential; Joint Agency Guidelines Will Better Strengthen Monopolization Law*, CPI ANTITRUST CHRONICLE (April 2023).

7. TechFreedom has a significant interest in the proper resolution of this case.

8. This Court has "broad discretion" to allow third parties to file amicus curiae briefs. *Auto. Club of N.Y. v. Port Auth. of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22). "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 251 (S.D.N.Y.1999). "A court may grant leave to appear as an amicus if the information offered is 'timely and useful.'" *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007); see also *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011) (amicus participation is beneficial if the proposed amici have "relevant expertise and a stated concern for the issues at stake in [the] case").

9. TechFreedom's proposed brief easily satisfies this standard. TechFreedom's proposed brief identifies and summarizes the analytic framework applied by appellate courts and district courts in matters where the Commission requests a court preliminary enjoin a merger under Section 13(b) of the Federal Trade Commission Act. 15 U.S.C. §53(b).

10. This Court has previously granted leave for proposed amici to file briefs in other cases of significance. *See, e.g., 335-7 LLC v. City of New York*, 524 F. Supp. 3d 316, 325 (S.D.N.Y. 2021); *C&A Carbone, Inc. v. Cnty. of Rockland, NY*, 2014 WL 1202699, at *1 (S.D.N.Y. Mar. 24). And so have other judges of this District. *See, e.g., Ctr. for Food Safety v. Becerra*, 565 F. Supp. 3d 519, 528 (S.D.N.Y. 2021). TechFreedom respectfully requests that this Court likewise grant leave here.

11. TechFreedom certifies that no counsel for any party authored this brief in whole or in part and no entity or person made any monetary contribution intended to fund the preparation or submission of this brief.

12. Defendants consent to the filing of TechFreedom's amicus brief.

13. The FTC's counsel requested to review TechFreedom's proposed brief before taking a position; TechFreedom declined to share its proposed brief.

*******

For these reasons, TechFreedom requests that the Court grant leave to file the attached amicus curiae brief.

Dated: December 7, 2023

Washington, DC

Respectfully submitted,

/s/ *Bilal K. Sayyed*
Bilal K. Sayyed (pro hac vice pending)
TECHFREEDOM
1500 K. Street, N.W.
Washington, DC 20005
Telephone: (703) 477-2871
bsayyed@techfreedom.org
*Attorney for Amicus Curiae, TechFreedom*

## CERTIFICATE OF SERVICE

I filed the foregoing via ECF, which will electronically notify all counsel of record in this matter.

December 7, 2023

*/s/Bilal K. Sayyed*